UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY, and<br>ELI LILLY DO BRASIL LTDA,<br><br>               Plaintiffs,<br><br>               vs.<br><br>ARCH INSURANCE COMPANY, *et al.*,<br><br>               Defendants. | No. 1:13-cv-01770-LJM-TAB |

## ORDER ON DEFENDANT
## WESTCHESTER SURPLUS LINES INSURANCE COMPANY'S
## MOTION TO DISMISS

Defendant Westchester Surplus Lines Insurance Company ("WSLIC") moves to dismiss Plaintiffs Eli Lilly and Company's and Eli Lilly Do Brasil LTDA's (collectively, "Lilly's"), declaratory judgment claim against it pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Rules 12(b)(1) and 12(b)(6)"). Dkt. No. 135. For the reasons stated herein, the Court **GRANTS** WSLIC's motion.

## I. BACKGROUND AND ARGUMENTS

In its complaint, Lilly seeks a declaration that WSLIC, among other insurance companies, has a duty to defend and indemnify Lilly in lawsuits brought against Lilly in Brazil. Dkt. No. 16-1, Compl. ¶¶ 8, 13, 17, 19, 21-28. WSLIC asserts that its policies are excess policies and its liability to Lilly arises "'only when the primary insurer's coverage is exhausted.'" Dkt. No. 136, at 2-3 (quoting *Cont'l Ins. Co. v. N. Ind. Pub. Serv. Co.*, No. 2:05-cv-156, 2:05-cv-210, 2011 WL 1322530, at *5 (N.D. Ind. Apr. 5, 2011) (hereinafter, "*NIPSCO*"). WSLIC further asserts that its policies contain no duty

to defend. *Id.* at 2. Therefore, WSLIC argues that because there is no proof that the coverage underlying WSLIC's excess policies has been exhausted, Lilly's indemnity claim is not ripe, therefore the Court lacks subject matter jurisdiction and dismissal is proper under Seventh Circuit precedent. *Id.* at 3 & n.7 (citing *Med. Assur. Co. v. Hellman*, 610 F.3d 371, 375 (7th Cir. 2010); *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003); *Westfield Ins. Co. v. Sentry Homes, Inc.*, No. 1:10-cv-00331-JMS-DML, 2010 WL 3614287, at *3 (S.D. Ind. Sept. 8, 2010)).

Lilly argues that WSLIC's motion has been made moot by the entry of a Case Management Plan, to which WSLIC agreed, that stages discovery and the issues to be decided. Dkt. No. 144, at 2. It further contends that the Court has subject matter over Lilly's claims because there is an actual controversy between Lilly and WSLIC based on the number of claims that have been filed against Lilly, the stated value of those claims and an insurer's obligation to cooperate in settlement of the cases. *Id.* at 2-6 (citing, *inter alia*, *ACandS, Inc. v. Aetna Cas. & Sur. Co.*, 666 F.2s 819, 823 (3d Cir. 1981), aff'd in part and rev'd in part on other grounds by 764 F.2d 968 (3d Cir. 1985)); *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 680 (7th Cir. 1992); *Metalworking Lubricants Co. v. U.S. Fire Ins. Co.*, 460 F. Supp. 2d 897 (S.D. Ind. 2006)). Lilly also asserts that it has stated a claim against WSLIC under Rule 8 because Lilly's complaint sufficiently alerts excess insurers to their potential liability, which is all that is necessary to defeat a Rule 12(b)(6) motion. *Id.* (citing *NIPSCO*, 2011 WL 1322530, at *3-6).

## II. **STANDARD**

Essentially the standard for deciding a motion to dismiss brought under Rule 12(b)(1) for lack of jurisdiction is the same as that for a motion under Rule 12(b)(6).

2

*See Esekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). Therefore, the Court must accept as true all well-pleaded factual allegations in the Complaint, and draw reasonable inferences in the favor of Lilly. *Id.* Documents central to the Complaint and referred to in it may also be considered. *Williamson v. Curran*, 714 F.3d 432, (7th Cir. 2013) (citing *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (further citation omitted). Further, the Court "'may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Esekiel*, 66 F.3d at 897 (quoting *Capitol Leasing Co. v. Fed. Deposit Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993) (per curium) (further citations omitted)).

### III. **DISCUSSION**

The Declaratory Judgment Act does not provide a basis for federal subject matter jurisdiction; therefore, there must be an independent basis for jurisdiction, such as diversity. *See Geisha, LLC v. Tuccillo*, 525 F. Supp. 2d 1002, 1009 (N.D. Ill. 2007) (citing *GNB Battery Techs., Inc. v. Gould, Inc.*, 65 F.3d 615, 619 (7th Cir. 1995) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950))). That is the case here: the insurers allege that the amount in controversy is greater than $75,000.00, Dkt. No. 16, ¶ 8 (and Lilly has stated as much in its Response); and Lilly as well as the insurers allege that the parties are diverse. Dkt. Nos. 16, ¶ 7; 16-1, Compl. ¶¶ 2-4. Once an independent basis exists, however, "jurisdiction" under the Declaratory Judgment Act requires that there is an "actual controversy," which the Seventh Circuit has described as "'a separate and distinct jurisdictional question of constitutional dimension.'" *GNB Battery*, 65 F.3d at 620 (citations omitted). The Supreme Court has

stated that "'cases of actual controversy' under the [Declaratory Judgment] Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III [of the U.S. Constitution]." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 128, 126-27 (2007). The *MedImmune* Court quoted the following standard: "'Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.* at 127 (quoting *Md. Casualty Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). Ripeness is encompassed by the concept of immediacy and "is predicated on the 'central perception . . . that courts should not render decisions absent a genuine need to resolve a real dispute' . . . and '[c]ases are unripe when the parties point only to hypothetical, speculative, or illusory disputes as opposed to actual, concrete conflicts.'" *Wis. Cent., Ltd. v. Shannon*, 539 F.3d 751, 759 (7th Cir. 2008) (quoting 13A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3532.1, at 114 (2d ed. 1984) (further citation omitted)). The Court should consider "'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" *Id.* (quoting *Metro. Milwaukee Ass'n of Commerce v. Milwaukee County*, 325 F.3d 879, 882 (7th Cir. 2003) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967))). Even when these jurisdictional prerequisites are met, the Court may decline to exercise jurisdiction over the claims pursuant to its discretionary authority under the Declaratory Judgment Act. *See Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995).

The Court concludes that the issues related to Lilly's policy from WSLIC are not ripe and, therefore, should be dismissed without prejudice.  First, Lilly's argument that WSLIC waived its argument regarding ripeness when it agreed to the Case Management Plan is without merit.  Subject matter jurisdiction cannot be waived and the Court is obligated to ensure that it has jurisdiction before it proceeds.  *See Rodas v. Seidlin*, 656 F.3d 610, (7th Cir. 2011) (citing *Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, C. Region*, 558 U.S. 67, 81 (2009); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 510 (2006)); *see also Henderson ex re. Henderson v. Shinseki*, ___ U.S. ___, 131 S.Ct. 1197, 1202, 179 L.Ed.2d 159 (2011) (stating that "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction").

Second, in the Seventh Circuit the general rule is that a duty to indemnify is not ripe until liability has been established.  *See Med. Assur.*, 610 F.3d at 375 (citing *Lear*, 353 F.3d at 583 (collecting cases)); *see also Nationwide Ins.*, 52 F.3d at 693.  This rule is based on the fact that determination of an indemnity issue would necessarily require resolution of factual issues in the underlying action.  *See Nationwide Ins.*, 52 F.3d at 693.  In this case, there has been no determination on the merits of the underlying claims and no resolution of the type of losses Lilly will incur.  As such, there are open questions as to indemnity.  Further, there is no dispute that Lilly's policies with WSLIC are excess policies that will not be at issue unless and until the primary insurers' liability has been exhausted.  *See Allstate Ins. Co. v. Dana Corp.*, 759 N.E.2d 1049, (Ind. 2001) (stating that the insured "must exhaust the underlying coverage application to the losses supporting its excess coverage claim" before an excess insurer can be liable).  Although

Lilly asserts that the claims against it total approximately $250 million and the WSLIC policies have coverage of $100 million or more, Lilly is fighting the underlying claims and there has been no determination of liability in any amount much less a determination that Lilly's other insurance policies will not cover it.

Lilly also argues that its claim against WSLIC is ripe because the damages at issue are high and it is at a severe disadvantage because the lawsuits are pending in a foreign country where the legal system is different from that in the United States. Dkt. No. 144, at 5 (citing, *Sentry Homes*, 2010 WL 3614287, at *2-3 (referencing *Westfield Ins. co. v. Sheehan Constr. Co.*, 575 F. Supp. 2d 956, 960 (S.D. Ind. 2006), for the proposition that this rule is abrogated in "rare circumstances" and listing factors). The Court recognizes that there are exceptions to the general rule; however, Lilly has not persuaded the Court that this is a rare circumstance. Other than the total amount of the claims, which is high, there is no evidence that there is a high probability that Lilly will be held liable for the total amount, that it could not pay the amount itself, or that its other insurance will not cover the claims. In addition, there is no allegation here that WSLIC is contractually obligated to participate in settlement discussions or otherwise defend Lilly in the underlying litigation.[1] Under these circumstances, the Court can only

---

[1] There is a different standard for jurisdiction over a duty to defend, primarily because such an issue is one of contract interpretation that does not depend upon resolution of any facts or issues in the underlying action. *See Nationwide Ins.*, 52 F.3d at 695; *Sheehan Constr. Co.*, 575 F. Supp. 2d at 959. Upon the challenge by WSLIC that there is no duty to defend in the policies at issue, Lilly provided no evidence that such a duty exists and, as a proponent of jurisdiction, it bore the burden of proof on that issue. *See Smart v. Local 702 Int'l Bhd. of Elec. Workers, Local 702*, 562 F.3d 798, 802-03 (7th Cir. 2009). Therefore, the Court dismisses Lilly's claim to the extent it can be read to allege that WSLIC has a duty to defend it in the underlying suits.

conclude that there has been no "injury in fact" and the indemnity issue is not ripe, which deprives the Court of jurisdiction.

### III. **CONCLUSION**

For the reasons stated herein, the Court **GRANTS** Defendant Westchester Surplus Lines Insurance Company's Motion to Dismiss, Docket No. 135. The Court concluded that there is no evidence that Defendant Westchester Surplus Lines Insurance Company has a duty to defend; and the Court lacks subject matter jurisdiction over Plaintiffs', Eli Lilly and Company and Eli Lilly Do Brasil LTDA, claim that this Defendant has a duty to indemnity them; therefore, Plaintiffs' claims against this Defendant are dismissed. Because the latter ruling does not constitute a decision on the merits, the dismissal is without prejudice.

IT IS SO ORDERED this 18th day of March, 2014.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to all registered attorneys of record via CM/ECF.