UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ELI LILLY AND COMPANY, and<br>ELI LILLY DO BRASIL LTDA, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 1:13-cv-01770-LJM-TAB |
| vs. | ) | |
| | ) | |
| ARCH INSURANCE COMPANY, | ) | |
| ARCH SPECIALTY INSURANCE | ) | |
| COMPANY, | ) | |
| COMMERCIAL UNION INSURANCE | ) | |
| COMPANY N/K/A ONEBEACON | ) | |
| AMERICA INSURANCE COMPANY, | ) | |
| ENDURANCE AMERICAN SPECIALTY | ) | |
| INSURANCE COMPANY, | ) | |
| LIBERTY INSURANCE UNDERWRITERS | ) | |
| INC., | ) | |
| LIBERTY MUTUAL FIRE INSURANCE | ) | |
| COMPANY, | ) | |
| LIBERTY MUTUAL INSURANCE | ) | |
| COMPANY, | ) | |
| RSUI INDEMNITY COMPANY, | ) | |
| WESTCHESTER SURPLUS LINES | ) | |
| INSURANCE CO., and | ) | |
| XL INSURANCE AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTIONS TO DISMISS

Plaintiffs Eli Lilly and Company ("Eli Lilly") and Eli Lilly do Brasil Ltds. ("Lilly Brasil") (Plaintiffs, collectively, "Plaintiffs"), allege in the First Amended Complaint and Jury Demand ("First Amended Complaint") that they are entitled to insurance coverage and/or indemnity from the Defendants Arch Insurance Company, Arch Specialty Insurance Company (these two Defendants, collectively "Arch"), Commercial Union Insurance Company, Inc. l/k/a OneBeacon America Insurance Company, n/k/a Lamorak Insurance

Company ("Lamorak")[1], Endurance American Specialty Insurance Company ("Endurance"), Liberty Insurance Underwriters Inc. ("LIU"), Liberty Mutual Fire Insurance Company ("Liberty Mutual Fire"), Liberty Mutual Insurance Company ("Liberty Mutual"), RSUI Indemnity Company ("RSUI"), Westchester Surplus Lines Insurance Co. ("Westchester"), and XL Insurance America, Inc. ("XLIA") (all Defendants collectively, "Defendants"), for claims brought against Lilly Brasil by certain citizens of Brazil and the government of the Federal Republic of Brazil in the Federal Republic of Brazil (the "underlying claims").  First Am. Compl. ¶¶ 1, 9.  On March 20, 2015, LIU filed a motion to dismiss Count III of the First Amended Complaint.  Dkt. No. 230.  On the same day, Lamorak joined in the motion and included its own arguments, Dkt. No. 235; and Endurance, Westchester and RSUI joined in the motion without their own arguments (these four Defendants, collectively, "Joinder Defendants;" all moving Defendants, collectively, the "moving Defendants").  Dkt. Nos. 234, 241 & 242.  To the extent that the Joinder Defendants seek the Court's leave to join LIU's motion to dismiss, it is **GRANTED**. Further, for the reasons stated herein, the Court **GRANTS** the motions to dismiss Count III, but **without prejudice**.

---

[1] Lamorak is incorrectly named in the First Amended Complaint and Jury Demand as "Commercial Union Insurance Company, Inc. n/k/a OneBeacon America Insurance Company," Dkt. No. 213; the Court corrects it here to simplify the discussion of the motions to dismiss.

## I. <u>BACKGROUND & THE RELEVANT ALLEGATIONS</u>[2]

On October 7, 2013, Plaintiffs filed a Complaint for declaratory judgment in state court.  Dkt. No. 16-1, at 3.   Therein, Plaintiffs sued eighteen[3] of Eli Lilly's primary, umbrella and excess insurers seeking coverage for the underling claims. On November 6, 2013, Liberty Fire and Liberty Mutual removed the action to this Court.

On December 9, 2013, each Defendant answered the Complaint and asserted as an affirmative defense that Lilly Brasil was not their respective insured.  *See* Lamorak Ans., Dkt. No. 79, Aff. Def. 1; LIU Ans., Dkt. No. 80, Aff. Def. 2; Arch Ins. Underwriter, Inc. Ans., Dkt. No. 80, Aff. Def. 6; Arch Specialty Ins. Co. Ans., Dkt. No. 82, Aff. Def. 6; XLIA Ans., Dkt. No. 83, Aff. Def. 5; Endurance Ans., Dkt. No. 84, Aff. Def. 2; Liberty Mutual & Liberty Fire Ans. Dkt. No. 85, Aff. Def. 5; RSUI Ans., Dkt. No. 86, Aff. Def. 2

On February 11, 2014, a Case Management Plan was approved by this Court. Dkt. No. 139.  The Case Management Plan ordered the parties to identify the underlying claims and identify and collect the relevant policies.   Policies were produced by Defendants on or before April 7, 2014.  The Case Management Plan was stayed by certain Orders at Plaintiffs' request.  Dkt. Nos. 165, 169 & 188.

On November 20, 2014, Arch filed a motion to dismiss or in the alternative for judgment on the pleadings ("Arch's MTD").  Dkt. Nos. 194 & 195.  One of the issues

---

[2] The relevant facts and background are not disputed; therefore, the Court relies heavily on the briefs for this section.

[3] Prior to answering the complaint, Plaintiffs voluntarily dismissed the following defendants:  Allied World Assurance Co Holdings LTD. Dkt. No. 74; Alterra American Insurance Company, Dkt. No. 114; Scor Re, Dkt. No. 115; Zurich Insurance Company Limited, Dkt. No. 130; ACE European Group Limited, Dkt. No. 137; AIG Europe (UK) Limited, Dkt. No. 138; AIG Excess Liability Insurance Company Ltd, Dkt. No. 138; Lexington Insurance Company, Dkt. No. 138; New Hampshire Insurance Company, Dkt. No. 138.

3

raised by that motion was whether or not Lilly Brasil was an insured under any policy issued by Arch to Eli Lilly.  *See id.*  Plaintiffs were granted three (3) extensions of time within which to respond to this motion to dismiss to an including February 2, 2015.  *See* Dkt. Nos. 196, 199 & 210.

On January 23, 2015, instead of filing a response to Arch's MTD, Plaintiffs sought leave to file a first amended complaint, which was granted by the Court on January 27, 2015.  Dkt. Nos. 211, 212 & 213.  In Count III, Reformation was asserted for the first time in the First Amended Complaint against all Defendants.  *See* Dkt. No. 213, First Am. Compl. ¶¶ 43-51.  It appears that Count III was meant to be in the alternative because it states,

> If, and to the extent, the policies are not reflective of the parties' intent that Eli Lilly and its subsidiaries – including Lilly do Brasil – should be, and are, insured against worldwide losses, including the Underlying Actions, equity demands that the policies are reformed to reflect the true intent of the parties and to correct a mutual mistake in the drafting of the policies.

First Am. Compl., ¶ 51.  The remaining, relevant allegations in Count III are set forth here:

> 44.  Arch has filed a motion for judgment on the pleadings (Doc. 194) alleging that there is no coverage under its policies for Lilly do Brasil because Lilly do Brasil is not a named insured. The other Defendant Insurers have raised this argument as one of many general affirmative defenses, but none have joined in Arch's motion.
>
> 45.  However, Lilly has, for many years, and at all times relevant to this action, insured its world-wide operations and its subsidiaries through a single comprehensive program of excess insurance for its general, employer and auto liability. Affidavit of Lilly Risk Manager Mark Saltsgaver, ¶ 4, attached here as Ex. H.
>
> 46.  Lilly sells products in over 120 countries around the world; it has subsidiaries in 44 countries outside of the United States and Puerto Rico; and 47% of its long-lived assets are located outside of the United States and Puerto Rico.

4

Saltsgaver Aff., ¶ 5. Profits and losses among Lilly's subsidiaries such as Lilly do Brasil go directly to the bottom line for Eli Lilly and Company, as such subsidiaries are included in the consolidated financial statements for the company, the annual reports, and on financial reports filed with the Securities and Exchange Commission. Id. at ¶ 7. With so much of its business and assets occurring, or being held, through its foreign subsidiaries, Lilly would never, knowingly, allow so much of its business to be uninsured or underinsured, as a result of there being no excess/umbrella coverage, as Arch now argues. Id. at ¶ 5.

47.   The applications for, and correspondence about, the excess/umbrella Policies, make clear that Eli Lilly and Lilly do Brasil are both insured under the Policies against the Underlying Actions in Brazil, and/or that it was Lilly's and the Defendant Insurers' intent that Eli Lilly and Lilly do Brasil would both be covered.

48.   JLT Limited, the world-wide and lead broker who placed the Policies, has confirmed that the Policies are, and were intended to be, responsive to claims around the world against Lilly and/or Lilly's subsidiaries like Lilly do Brasil. See the affidavits of Ian S. Pettman and Mike Brown, attached here as Exhibits "I" and "J." Mssrs. Pettman and Brown.

49.   Likewise, the United States broker Allan R. Borgersen that was involved in placing this excess program confirms that the excess program was designed to provide worldwide coverage to Eli Lilly and all of its subsidiaries and/or affiliates such as Lilly do Brasil. Furthermore, it was his intent and expectation that the program would provide worldwide coverage to Eli Lilly and all of its subsidiaries and/or affiliates such as Lilly do Brasil.[4]

50.   The conduct by the parties during the time of contracting, the applications for, the correspondence about, and the premiums paid for, the Policies, all show an understanding common to Lilly and the Defendants Insurers that the Policies would insure Eli Lilly and its subsidiaries against loss world-wide.

---

[4] Plaintiffs did not submit an affidavit for Borgersen with the First Amended Complaint.

First. Am. Compl. ¶¶ 44-50.

There are no additional specifics in either of the referenced affidavits.  *See* Dkt. Nos. 213-9, Pettman Aff.; 213-10, Brown Aff.

## II.  <u>MOTION TO DISMISS STANDARD</u>

Under the Supreme Court's directive in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), to survive the moving Defendants' motion for failure to state a claim upon which relief may be granted, Plaintiffs must provide the grounds for their entitlement to relief with more than labels, conclusions or a formulaic recitation of the elements of a cause of action.  *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The Court assumes that all the allegations in the First Amended Complaint are true, but the "allegations must be enough to raise a right to relief above the speculative level."  *Id.* The touchstone is whether the First Amended Complaint gives the moving Defendants "fair notice of what the … claim is and the grounds upon which it rests."  *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Legal conclusions or conclusory allegations are insufficient to state a claim for relief.  *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011).  The Court may also consider documents attached to the First Amended Complaint and documents referenced in the Frist Amended Complaint, as well as take judicial notice of publicly available documents to decide the motion.  *See Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

Count III alleged mistake; therefore, the moving Defendants argue it is subject to the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure ("Rule 9(b)").  *See Schleicher v. Wendt*, 529 F. Supp. 2d 959, 961 (S.D. Ind. 2007).  Rule 9(b) states:  "In alleging fraud or mistake, a party must state with particularity the

circumstances constituting fraud or mistake.   Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."   To allege with particularity, Plaintiffs must allege "the who, what, when, where, and how:  the first paragraph of any newspaper story."   *United States v. Lockheed-Martin Corp.*, 328 F.3d 374, 376 (7th Cir. 2003) (citation omitted).  The parties debate whether or not Plaintiffs need to allege each of these elements with particularity with respect to a claim of mistake.

### III.  DISCUSSION

In Count III, Plaintiff seek reformation of the insurance agreements.  The Court has jurisdiction over this matter because of the parties' diversity of citizenship; therefore, the substantive law of Indiana applies.[5]   *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996).  Under Indiana law, the Court in equity may reform a contract "in only two well-defined situations: (1) where there is a mutual mistake; or (2) where there has been a mistake by one party, accompanied by fraud or inequitable conduct by the remaining party."  *Ball v. Versar, Inc.*, 454 F. Supp. 2d 783, 803 (S.D. Ind. 2006) (quoting *Mid-States Gen'l & Mech. Contracting Corp. v. Town of Goodland*, 811 N.E.2d 425, 431 (Ind. Ct. App. 2004) (citing *Plumlee v. Monroe Guaranty Ins. Co.*, 655 N.E.2d 350, 356 (Ind. Ct. App. 1995))).  Plaintiffs here seem to be alleging mutual mistake in which case they "must demonstrate that there was a meeting of the minds but that the agreement in its written form does not express what the parties actually intended."  *Id.* (citing *Estate of Spry v. Greg & Ken, Inc.*, 749 N.E.2d 1269, 1275 (Ind. Ct. App. 2001).  "A court may not

---

[5] None of the parties refer to any contractual provision or make any argument that choice of law rules would require the law of any other state to apply; therefore, the Court will accept the implicit waiver of any argument on the issue.

intervene unless it is proven that the parties were mistaken and that they agree on the terms to be substituted." *Id.* (citing *Plumlee*, 655 N.E.2d at 356 (further citation omitted)).

The moving Defendants argue, among other things, that Plaintiffs have failed to allege sufficiently that the Defendants believe there was a mistake in any particular provision of the relevant insurance contracts to state a claim that the Court should reform the agreements. Dkt. No. 230 at 11-20; Dkt. No. 235 at 5; Dkt. No. 283 at 4-9. Further, the moving Defendants assert that the doctrine of laches should bar Plaintiffs' claims. Dkt. No. 230 at 20-23; Dkt. No. 283 at 9-10. The moving Defendants aver that Count III should be dismissed with prejudice. Dkt. No. 230 at 24; Dkt. No. 283 at 4, 6, 10 & 11**.** In contrast, Plaintiffs contend that the Count III is adequately pled because, *inter alia*, the Defendants understand the claim from its context and adequately answer and because its insurance agents' testimony by affidavit evidence the Defendants' belief that a mistake has been made. Dkt. No. 272 at 7-20. Plaintiffs also argue that laches, a fact-based inquiry, has no place in the context of a motion to dismiss. *Id.* at 20-24.

The Court concludes that, even under the Rule 8 standard, Plaintiffs have failed to allege sufficiently a cause of action against Defendants, but certainly under any articulation of Rule 9(b), more information is needed; therefore, Count III should be dismissed. The Court starts with the evidence in Lamorak's motion, which is never mentioned by Plaintiffs in their response, that its insurance contracts are primary policies, not excess/umbrella policies, which makes the allegations in Plaintiffs' Count III ambiguous. The paragraphs of Count III alternatively reference "a single comprehensive program of excess insurance for its general, employer and auto liability," and "no excess/umbrella coverage," versus "the Policies," which is a defined term in the First

Amended Complaint, First Am. Compl. ¶ 26, to include both primary and excess/umbrella policies. *Compare* First Am. Compl. ¶¶ 45 ("excess insurance"), 46 ("no excess/umbrella coverage"), 49 ("this excess program") *with id.* ¶¶ 47 ("the Policies"), 48 ("the Policies"), 50 ("the Policies"). As such, it is inherently unclear which policies might be at issue. For this reason alone, the motions to dismiss must be granted.

Further, as LIU points out, Plaintiffs never mention the specific provisions within the contracts that need reformation. Although the Court and Defendants might presume it is a coverage provision, as Lamorak points out, not all the policies have the same language as to coverage; therefore, under *Trowmbly and Iqbal*, the allegations in Count III are mere speculation and, without more, this Court will not ask the moving Defendants to answer them.

Moreover, in their brief Plaintiffs reference their own brokers' testimony by affidavit that some Defendants acknowledged the global reach of the coverage sought by Plaintiffs and that several Defendants were notified about several, non-Eli Lilly, United States, claims under the policies in the past, which evidences the moving Defendants' intent that the policies cover Lilly Brasil. Dkt. No. 272 at 21-22 (citing, Brown Aff. ¶¶ 5, 9 (Dkt. Nos. 211-11 & 213-10); Pettman Aff. ¶¶ 8-10 (Dkt. Nos. 211-10 & 213-9)). But, again, there is a lack of sufficient detail in the First Amended Complaint or the supporting affidavits from which any Defendant or the Court can connect the alleged coverage of other non-Eli Lilly, United States, claims and any specific policy or coverage provision in any particular contract. The Court does not agree with the moving Defendants that Plaintiffs cannot state a claim; only that the allegations in the First Amended Complaint here are too ambiguous to alert each relevant insurer as to its potential liability in Count III.

As to the moving Defendants' laches argument, on the record before the Court, even in light of *McKay Corporation v. The Home Insurance Co.*, 130 F. Supp. 633 (N.D. Ind. 1955), and *Monroe Guaranty Insurance Co. v. Langreck*, 816 N.E.2d 485 (Ind. Ct. App. 2004), it declines to decide as a matter of law that laches applies.  Laches is an equitable doctrine that turns on the facts and circumstances presented in a particular case.  *See In re the Paternity of R.M.*, 939 N.E.2d 1114, 1120 (Ind. Ct. App. 2010) (discussing the standard for laches claims in general).  The affirmative defense has three elements:  "(1) inexcusable delay in asserting a known right; (2) an implied waiver arising from knowing acquiescence in existing conditions; and (3) a change in circumstances causing prejudice to the adverse party."  *Id.* (citing *SMDfund, Inc. v. Fort Wayne-Allen Cnty. Airport Auth.*, 831 N.E.2d 725, 729 (Ind. 2005)).  Here, the "facts" are ambiguous and disputed because it is unclear which policies are even at issue and Plaintiffs contend that at least some Defendants may have paid claims as to non-Eli Lilly, United States, affiliates in the past, which creates a factual issue as to whether or not the principles in *McKay* and *Langreck* should apply in this case as to those Defendants.

Finally, the moving Defendants contend in LIU's briefing that any dismissal should be with prejudice because some discovery has occurred and Plaintiffs still cannot state a claim.  Dkt. No. 283 at 6.  The Court reminds the parties that leave to amend should be freely given.  Fed. R. Civ. P. 15(a)(2); *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & N.W. Ind.*, 786 F.3d 510, 519-20 (7th Cir. 2015) (stating that "'[u]nless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss'" (quoting *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377

10

F.3d 682, 687 (7th Cir. 2004) (emphasis added by *Runnion* court)).  Further, as the Court has pointed out several times already, the ambiguity of the allegations as to Count III and the facts already alleged could provide the basis for a reformation claim as to some set of or all of the Defendants.  As such, the Court is inclined to let Plaintiffs file another amended complaint.

## IV.  CONCLUSION

For the reasons stated herein, the Court **GRANTS** the moving Defendants', Liberty Insurance Underwriters Inc., Commercial Union Insurance Company, Inc. l/k/a OneBeacon America Insurance Company, n/k/a Lamorak Insurance Company, Endurance American Specialty Insurance Company, RSUI Indemnity Company and Westchester Surplus Lines Insurance Co., Motions to Dismiss Count III of Plaintiffs', Eli Lilly and Company and Eli Lilly do Brasil Ltds., First Amended Complaint.  Dkt. Nos. 229, 234, 235, 241 & 242.  **Count III** is hereby **DISMISSED without prejudice and with leave to amend**.  Plaintiffs Eli Lilly and Company and Eli Lilly do Brasil Ltds. shall have 21 days from the date of this Order to file a Second Amended Complaint if they wish to do so.

IT IS SO ORDERED this 9th day of September, 2015.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

11

Distribution:

Dennis F. Cantrell
CANTRELL, STRENSKI & MEHRINGER,
LLP
dcantrell@csmlawfirm.com

Katherine Werner O'Malley
COZEN O'CONNOR
komalley@cozen.com

Wendy N. Enerson
COZEN O'CONNOR (Chicago)
wenerson@cozen.com

Bryan Vezey
COZEN O'CONNOR-Houston
bvezey@cozen.com

Joseph Ziemianski
COZEN O'CONNOR-Houston
jziemianski@cozen.com

David A. Temple
DREWRY SIMMONS VORNEHM, LLP
dtemple@drewrysimmons.com

Erik S. Mroz
DREWRY SIMMONS VORNEHM, LLP
emroz@dsvlaw.com

Ana M. Francisco
FOLEY & LARDNER LLP
afrancisco@foley.com

Michael Thompson
FOLEY & LARDNER LLP
mxthompson@foley.com

Thomas E. Wheeler, II
FROST BROWN TODD LLC
twheeler@fbtlaw.com

Peter J. Preston
HINKHOUSE WILLIAMS WALSH LLP
ppreston@hww-law.com

Thomas A. Brusstar
HINKHOUSE WILLIAMS WALSH LLP
tbrusstar@hww-law.com

Charles E. Spevacek
MEAGHER & GEER PLLP
cspevacek@meagher.com

Michael P. McNamee
MEAGHER & GEER PLLP
mmcnamee@meagher.com

Melisa G. Thompson
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
mthompson@nicolaidesllp.com

Monica T. Sullivan
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
msullivan@nicolaidesllp.com

Houston Hum
NORRIS CHOPLIN & SCHROEDER
hhum@ncs-law.com

Bruce L. Kamplain
NORRIS CHOPLIN & SCHROEDER LLP
bkamplain@ncs-law.com

Cynthia Elaine Lasher
NORRIS CHOPLIN & SCHROEDER LLP
clasher@ncs-law.com

Scott A. Harkness
NORRIS CHOPLIN & SCHROEDER LLP
sharkness@ncs-law.com

Colin Edington Connor
PLEWS SHADLEY RACHER & BRAUN
cconnor@psrb.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com

Gregory M. Gotwald
PLEWS SHADLEY RACHER & BRAUN
ggotwald@psrb.com

Ryan Taylor Leagre
PLEWS SHADLEY RACHER & BRAUN
rleagre@psrb.com

Jeffrey D. Claflin
PLEWS SHADLEY RACHER & BRAUN LLP
jclaflin@psrb.com

Jeffrey B. Fecht
RILEY BENNETT & EGLOFF LLP
jfecht@rbelaw.com

Christopher J Nadeau
TRAUB LIEBERMAN STRAUS &
SHREWSBERRY LLP
cnadeau@traublieberman.com

Mark F. Wolfe
TRAUB LIEBERMAN STRAUS &
SHREWSBERRY LLP
mwolfe@traublieberman.com

Michael S. Knippen
TRAUB LIEBERMAN STRAUS &
SHREWSBERRY LLP
mknippen@traublieberman.com

Eileen King Bower
TROUTMAN SANDERS LLP
eileen.bower@troutmansanders.com

Robert Edward Browne, Jr.
TROUTMAN SANDERS LLP
robert.browne@troutmansanders.com

Frederic Xavier Shadley
ULMER & BERNE LLP
fshadley@ulmer.com

Gina M. Saelinger
ULMER & BERNE LLP
gsaelinger@ulmer.com

Joseph P. Thomas
ULMER & BERNE LLP
jthomas@ulmer.com

Megan B. Gramke
ULMER & BERNE LLP
mgramke@ulmer.com