UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY, and *et al.* </br>  Plaintiffs, </br></br> vs. </br></br> ARCH INSURANCE COMPANY, and *et al.* </br>  Defendants. | ) ) ) ) ) ) ) ) ) ) |

No. 1:13-cv-01770-LJM-TAB

## ORDER

Pending before the Court is a Motion to Stay Discovery ("Motion to Stay") filed by Defendants Arch Insurance Company and Arch Specialty Insurance Company (collectively, "Arch"). Dkt. No. 318. Arch asserts that discovery directed to it should be stayed pending resolution of its Motion for Judgment on the Pleadings. It asserts that it should be protected from additional protracted and expensive discovery pending the outcome of its argument that Plaintiffs Eli Lilly and Company ("Lilly US") and Eli Lilly do Brasil, Ltda. ("Lilly Brazil") (collectively, "Lilly"), cannot state a claim under foreign law even taking everything in the Second Amended Complaint as true. Lilly opposes the Motion to Stay arguing that it is entitled to conduct discovery on Arch's new theory that foreign law applies to Lilly's claims and under such law, Lilly cannot succeed.[1] Dkt. No. 320.

---

[1] Also pending before the Court is Arch's Motion for Oral Argument on its Motion to Stay, Dkt. No. 326; and Lilly's Motion for Leave to File a Surreply, which Arch opposes. Dkt. Nos. 332 & 333. Lilly's Motion for Leave to File a Surreply is **GRANTED** because it provides information regarding the breadth of discovery being requested by Arch after briefs on Arch's Motion to Stay had been completed. Arch's Motion for Oral Argumen os

For the reasons stated herein, the Court **GRANTS in part and DENIES in part** Arch's Motion to Stay.

## I. DISCUSSION

Arch's motion challenges the proper scope of discovery while its Motion for Judgment on the Pleadings pends. The Court enjoys broad discretion in controlling discovery. *See* Fed. R. Civ. P. 26(c); *Semien v. Life Ins. Co. of N. Am.*, 436 F.3d 805, 813 (7th Cir. 2005). There is no requirement that discovery be stayed pending a motion to dismiss or motion for judgment on the pleadings; rather, whether or not a stay should be granted depends on the facts of the case. *See SK Hand Tool Corp. v. Dresser Indus.*, 852 F.2d 936, 945 (7th Cir. 1988); *In re Sulfuric Acit Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005); *Cohn v. Taco Bell Corp.*, 147 F.R.D. 154, 162 (N.D. Ill. 1993). One touchstone in the case law on the issue is whether or not a stay will "'secure the just, speedy and inexpensive determination'" of the action. *Builders Ass'n of Greater Chi. v. City of Chi.*, 170 F.R.D. 435, 437 (N.D. Ill. 1996) (quoting Fed. R. Civ. P. 1).

Arch contends that "[Lilly] has demonstrated its inability to allege cognizable causes of action," which is evidenced by amendment of the original complaint and dismissal of the First Amended Complaint. Dkt. No. 319 at 3. Arch's Motion for Judgment on the Pleadings would be dispositive of the entirety of Lilly's claims against it; therefore it should be protected from costly out-of-state discovery, particularly after participating in discovery for nearly two years already. *See id.* Further, Arch asserts that Lilly does not need discovery to respond to the Motion for Judgment on the Pleadings because the

---

**DENIED** because the parties have fully briefed the issues and the Court needs no further argument to clarify their positions.

Court may consider only the complaint, answer and any document attached thereto as exhibits. *Id.* at 3-4 (citing *Fromer v. Corizon, Inc.*, 54 F. Supp. 3d 1012, 1015 (S.D. Ind. 2014) (further citation omitted). Arch also argues that Lilly does not need time to take additional discovery as to its foreign law defense or the declarations of Paulo Luiz de Toledo Piza ("Toledo") and Ernesto Tzirulnik ("Tzirulnik") attached to Arch's Notice of Application of Foreign Law because they are not opinions; rather, they are translations of foreign law and experts are not required on issues of law. *Id.* at 4-5 (citing Fed. R. Civ. P. 44.1 & Advisory Committee Notes thereto; *Sunstar, Inc. v. Alberto-Culver Co.*, 586 F.3d 487, 495-96 (7th Cir. 2009)).

Lilly asserts that, at the very least, it is entitled to take some discovery related to Arch's arguments based on foreign law, which would include depositions of any experts identified by Arch. Dkt. No. 320 at 2-5. Lilly disputes Arch's characterization of the Toledo and Tzirulnik declarations and states that Arch's use of them evidences that they are in fact experts. *Id.* Further, Lilly argues that, after two years of litigation, it would be unfair to allow Arch to pursue its new foreign law arguments in its Motion for Judgment on the Pleadings while blocking Lilly's attempt to perform discovery on the newly-raised issue. *Id.* at 5-6. This is particularly true, Lilly contends, in light of the new discovery Arch served on Lilly directed to the very subject of Arch's foreign law defense. Dkt. No. 332-1.

In an ordinary case, the Court would not be inclined to allow any discovery to proceed when a motion for judgment on the pleadings is pending. However, as both parties point out, albeit from different perspectives, this is an unusual case. The Court fully appreciates Arch's position that if it is not subject to suit here because of application of foreign law, it should not be burdened with the costs of discovery. But, this argument

begs the question that Lilly raises in a footnote about the timeliness of Arch's notice of application of foreign law—why did Arch wait until two years into the litigation to raise the defense? Moreover, Arch's characterization of the Toledo and Tzirulnik declarations in the current motion is different from its characterization in the underlying Motion for Judgment on the Pleadings. It was clear to the Court from a quick read of the declarations and the Brief in support of the Motion for Judgment on the Pleadings when it ruled on Lilly's motion for extension of time that the declarations were in the nature of expert opinions that Arch was relying upon to argue that, under foreign law, Lilly could not state a claim and/or the Court could not exert personal jurisdiction over Arch. This Court is not an expert on foreign law and it is the judgment of this Court that the Federal Rules of Civil Procedure allow for and the Seventh Circuit will not criticize a judge's use of experts and other sources of foreign law when faced with the legal argument that foreign law should apply, therefore, one side wins. Finally, that Arch seeks to protect itself from discovery on any issue while serving discovery on Lilly directed to its foreign law arguments is hardly just or expeditious. However, it is not unreasonable for Arch to seek protection from additional discovery that may not be necessary if its Motion for Judgment on the Pleadings is successful.

Under the circumstances presented to the Court at this time, the discovery between Lilly and Arch shall be limited to the foreign law defense and arguments raised by Arch in its Motion for Judgment on the Pleadings. Therefore, Arch's Motion to Stay Discovery is **GRANTED in part and DENIED in part**.

IT IS SO ORDERED this 28th day of January, 2016.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution: Electronically Registered Counsel