UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ELI LILLY AND COMPANY, and | ) | |
| ELI LILLY DO BRASIL LTDA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 1:13-cv-01770-LJM-TAB |
| vs. | ) | |
| | ) | |
| ARCH INSURANCE COMPANY, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFFS' MOTION TO AMEND
PURPORTEDLY DEEMED ADMISSIONS**

Plaintiff Eli Lilly and Company asks the Court to reject Defendant Lamorak's attempt to deem Lilly's requests for admissions as admitted.  Lamorak argues Lilly's failure to respond to these requests constitutes an admission of the matters set forth in the requests.  However, as explained below, Lamorak's requests violated the procedural rules governing requests for admissions.  Under these circumstances, the Court will not use whatever shortcomings may exist in Lilly's handling of this discovery matter to jeopardize Lilly's opportunity to have this case decided on its merits.  Therefore, Lilly's motion is granted.

Under Rule 36(a)(3) of the Federal Rules of Civil Procedure, the effect of failing to respond to requests for admissions within 30 days of service is that the matter is admitted.  While Lilly failed to answer Lamorak's requests for admissions, the Court will not deem these requests as admitted because they exceeded the numerical limit imposed by the local rules.  Local Rule 36-1 in the Southern District of Indiana limits the number of requests for admissions to 25, absent court approval.  Lamorak admits it served Lilly with 32 requests for admissions.  [Filing No. 388, at ECF p. 5.]  Lamorak did not obtain the Court's approval to serve Lilly with more

than 25 requests for admissions.  Lamorak's requests for admissions therefore violated the local rules and Lilly had no obligation to respond to all 32.  Thus, Lilly's gambit in deciding not to respond at all did not result in admission of the matters.

Even if Lilly's failure to respond resulted in admission, Rule 36(b) allows the Court to permit withdrawal of admissions, as long as it will not prejudice the requesting party, in order to promote the presentation of the merits.  *See also Long v. Steepro,* 213 F.3d 983, 986 (7th Cir. 2000) (explaining that the Court strongly prefers to resolve cases on the merits).  Withdrawal of the admissions will not prejudice Lamorak because discovery remains open for several more months.  Permitting these matters to be deemed admitted would undermine the presentation of this case on the merits because these matters pertain to core legal issues which Lilly has repeatedly denied in its pleadings.  [Filing Nos. 213, 251, 291, 338.]  Lamorak was well aware that Lilly did not admit to the matters that it attempts to deem admitted.  Thus, Rule 36(b) is satisfied and the Court withdraws admissions in this manner as well.

Accordingly, Lilly's motion [Filing No. 380] is well taken and the Court grants withdrawal of Lamorak's requests for admissions.  The matters set forth in Lamorak's requests for admissions are not deemed admitted.

Date: 4/20/2016

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana


Distribution:

All ECF-registered counsel of record via email.