UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY, *et al.* ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 1:13-cv-01770-LJM-TAB |
| ) | |
| ARCH INSURANCE COMPANY, *et al.* ) | |
| Defendants. ) | |

## ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS

Plaintiffs Eli Lilly and Company ("Lilly") and Eli Lilly do Brasil LTDA ("Lilly do Brasil") (collectively, "Plaintiffs") have moved for sanctions against Defendants Arch Insurance Company and Arch Specialty Insurance Company (collectively, "Arch") pursuant to Rule 37 of the Federal Rules of Civil Procedure ("Rule 37"). Dkt. No. 375. Plaintiffs asserts that Arch's unilateral decision to cancel the Rule 30(b)(6) deposition of John Touchstone ("Touchstone"), which was scheduled to commence on February 10, 2016, violated this Court's Orders dated January 29, 2016, and February 2, 2016. Further, Plaintiffs contend that Arch's subsequent evasive tactics to reschedule a Rule 30(b)(6) deposition and the personal fact deposition of Touchstone amount to an abuse of the discovery process. Both of these failures, Plaintiffs assert warrant sanctions, including attorneys' fees and expenses incurred by Plaintiffs for the cancelled deposition and the filing of this motion as well as the establishment of two contested facts that were at issue in the depositions: (1) Lilly do Brasil is a named insured; and (2) Brazil is included in the Arch policies'

"coverage territory."[1]  Arch denies that its cancellation violated any of the Court's orders or that its conduct amounts to an abuse of the discovery process such that an award of sanctions is proper.

For the reasons stated herein, the Court **GRANTS in part and DENIES in part** Plaintiff's Motion for Sanctions.

## I. FACTUAL BACKGROUND

Plaintiffs in this case seek coverage under its general liability insurance policies for claims arising in Brazil against Lilly do Brasil and Lilly.  Specifically, Plaintiffs seek coverage for (1) defense and, if necessary, indemnification against suits brought by the Brazilian government and individuals who worked or lived at or near the facility that alleged injury from contamination at Lilly do Brasil's former facility in Brazil; and (2) the costs of investigating and remediating the contamination.  Arch denies any defense, indemnity, or remediation cost obligation.

On November 20, 2015, Arch filed a Motion for Judgment on the Pleadings in which it alleges, in part, that Plaintiffs cannot support their claim that the Arch policies should be reformed because the parties intended for them to cover Lilly's subsidiaries, including Lilly do Brasil.  Dkt. No. 362.  Arch also asserts a foreign law defense.  *Id.*

On December 9, 2015, Arch moved to stay discovery between it and Plaintiffs based on its arguments in the Motion for Judgment on the Pleadings.  Dkt. No. 318.  On January 28, 2016, the Court granted in part and denied in part Arch's motion to stay discovery ("Jan. 28 Order").  Dkt. No. 342.  Specifically, the Court stated, "[T]he discovery

---

[1] Plaintiffs also sought the Court's help to schedule the depositions; but both took place in March 2016.

between Lilly and Arch shall be limited to the foreign law defense and arguments raised by Arch in its Motion for Judgment on the Pleadings." Dkt. No. 342 at 4.

On February 2, 2016, Plaintiffs' counsel informed the Court that a dispute had arising regarding the scope of the discovery contemplated by the Jan. 28 Order, namely, whether or not a deposition of Arch's Rule 30(b)(6) witness should proceed; therefore, the Court scheduled a Telephonic Status Conference to resolve the dispute. Dkt. No. 345. During the teleconference, the Court heard arguments from the parties on the issue and concluded "that the deposition may take place as limited to the issues raised by Arch in its Motion for Judgment on the Pleadings and its application of foreign law argument and notice." Dkt. No. 346 ("Feb. 2 Order"). The Court offered to make itself available on the day of the deposition to help the parties narrow the deposition requests or to resolve any disputes that arose. *Id.*

At the time of the February 2, 2016, teleconference, Arch had identified John Touchstone ("Touchstone") as its Rule 30(b)(6) witness. However, given Touchstone's key role in writing/acquiring the Arch policies at issue, Plaintiffs had also noticed Touchstone's personal deposition for the same time in or to save resources; it served both subpoena's on Arch's counsel. Dkt. No. 377 at 4. The depositions were set to occur on February 10, 2016. *Id.* at 4-5.

However, on February 8, 2016, at approximately 10:10 p.m., Arch's counsel contacted Plaintiffs and cancelled the Rule 30(b)(6) deposition offering no explanation but stating, "We will reset the deposition as promptly as we can consistent with your schedule. I know this is very unfortunate and will work with you to get it reset as promptly as possible. I apologize." Dkt. No. 376-14.

At Arch's counsel's request, counsel for both parties conferred by telephone the next morning. Dkt. No. 376-16. Plaintiffs' counsel summarizes the conversation as follows:

> [Mr. Shadley] stated that he was in California and had been preparing Mr. Touchstone for his depositions, and that during his preparation he had come to the conclusion that there "was something wrong with Mr. Touchstone." He stated that Mr. Touchstone "might have a condition," that is "answers would not be reliable," and the he didn't "want everyone to waste their time flying out to California." Mr. Shadley said that Arch would be designating a different 30(b)(6) witness. He also said that Arch would work around my schedule in resetting the 30(b)(6) deposition so as to minimize the inconvenience of the last minute cancellation. I informed Mr. Shadley that Lilly would be seeking costs, which Mr. Shadley acknowledged as being reasonable under the circumstances.

Dkt. No. 376-1, ¶ 16.

> On or around February 23, Arch's counsel stated
>
> I had determined that Touchstone could not be relied upon to give 'complete and accurate' responses, and accordingly it made no sense to go forward. For this reason, I was concerned that his responses were not be reliable. We are obliged to provide a corporate witness who can give complete and accurate responses to appropriate questions. It is for that reason that I now am working hard to identify and produce another witness who is able to fill that role.

Dkt. No. 377 at 9 (quoting Exh. 377-27). Similarly, in its response to the instant motion, Arch explains its withdrawal of Mr. Touchstone as follows:

> Arch originally intended to produce Mr. Touchstone as its Rule 30(b)(6) witness. However, Mr. Touchstone has been retired from Arch for approximately three years, and this litigation involves insurance policies dating back to 2003. The litigation also involves tens of thousands of pages of documents, and [P]laintiff's Rule 30(b)(6) notice requested testimony on more than a dozen substantive topics. After spending time with Mr. Touchstone in preparation for his Rule 30(b)(6) deposition, Arch's counsel concluded that he could not accurately provide the testimony of the company and, at times, provided different answers to the same question. As a result, Arch determined the Mr. Touchstone was not capable of reliably testifying "about information known or reasonably available to the organization" as is required by Rule 30(b)(6). In order to comply with its

4

obligations under the Rule, Arch had no choice but to withdraw Mr. Touchstone as the designee.

Dkt. No. 382 at 4.

Discussions about rescheduling the Rule 30(b)(6) deposition and Touchstone's personal deposition transpired via email over the next week or two.

On March 4, 2016, Lilly filed the instant motion.

On the same day, Arch identified another Rule 30(b)(6) witness and suggested that the witness would be available for deposition on March 16, 2016. Dkt. No. 384-4. On March 7, 2016, Arch specifically identified the witness and suggested a location for the deposition. Dkt. No. 384-5. Plaintiffs' counsel responded that that the date and location for the deposition was fine. Dkt. No. 384-6. The Arch Rule 30(b)(6) deposition took place on March 16, 2016.

With respect to Touchstone's personal deposition, Arch opposed Plaintiffs' attempts to take that deposition because it believed a fact deposition was outside the scope of its Motion for Judgment on the Pleadings and the scope of any discovery ordered by the Court, but it claimed that it never stated that the deposition could not be scheduled. Dkt. No. 382 at 3. In fact, despite this belief, on February 23, 2016, Arch invited Plaintiffs to serve a subpoena for Touchstone's deposition and agreed to accept service for same. Dkt. No. 384-1. Plaintiffs served the subpoena and noticed the deposition for March 23, 2016, in San Francisco.

Thereafter, on March 1, 2016, Arch disputed the scope of the Touchstone deposition in light of the Jan. 28 Order and the Feb. 2 Order. Dkt. No. 382 at 4-5.

As previously stated, Plaintiffs filed the instant motion on March 4, 2016, and responded to this email later. As pointed out by Arch, Plaintiffs appeared to believe the

5

March 1, 2016, email was directed to the topics of the Rule 30(b)(6) deposition and was somehow a refusal to produce its Rule 30(b)(6) witness.  Dkt. No. 382 at 5-8 (discussing correspondence between counsel regarding the depositions).

Both the Rule 30(b)(6) deposition and Touchstone's deposition occurred on the noticed dates in March.  Plaintiffs assert that Arch's abandonment of a key defense at its Rule 30(b)(6) deposition on March 16, 2016; and Touchstone's testimony at his personal deposition on March 23, 2016, evidence that Arch willfully violated the Court's orders to proceed with the Rule 30(b)(6) deposition as originally scheduled with Touchstone.  Dkt. No. 392.

## II. DISCUSSION

Plaintiffs argue that sanctions are appropriate pursuant to Rules 37(b)(2)(A) and (C).  The range of sanctions available under Rule 37(b)(2)(A) is broad, but the ones at issue here fall under the first two stated categories:

> (A) *For Not Obeying a Discovery Order*.  If a party . . . fails to obey an order to provide or permit discovery . . ., the court where the action is pending may issue further just orders.  They may include the following:
>
>  (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
>  (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence . . . .

Fed. R. Civil P. 37(b)(2)(A).  Rule 27(b)(2)(C) also provides for the payment of expenses, including attorney's fees, for any failure to comply with a court order, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. Rs. Civil P. 37(b)(2)(A) & (C).

6

The Court has "significant flexibility in the application of the rules in question." *Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 740 (7th Cir. 1998). And, while there are no particular factors, generally courts consider the prejudice to the moving party caused by the conduct, the prejudice to the judicial system, the need to punish the disobedient party, and the need to deter similar conduct in the future. *See Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003) (citing *Williams v. Chi. Bd. of Educ.*, 155 f.3d 853, 857 (7th Cir. 1998)). Sanctions must be proportionate to the party's misconduct. *Collins v. Illinois*, 554 f.3d 693, 696-98 (7th Cir. 2009); *Langley v. Union Elec. Co.*, 107 F.3d 510, 515 (7th Cir. 1997).

Here, the Court did determine that Arch's Rule 30(b)(6) deposition should be held as scheduled and ordered it to proceed in the Feb. 2 Order. At the time, the Court was under the impression that the specific individual had been identified and that the parties' disagreement was primarily over the scope of the deposition in light of the Court's prior order on Arch's Motion to Stay. While the Court is surprised by Arch's decision to withdraw its originally-named representative and troubled by its apparently shifting reasons for making the switch, there is nothing under the Rules or the case law that prohibits a party from deciding that a witness designated pursuant to Rule 30(b)(6) is inadequate or incapable of providing answers for the corporation. The timing of the withdrawal may have subjected Plaintiffs to additional expense, however, and the recovery of such expenses seems only fair in light of the prior understanding of the Court and Plaintiffs that the date was set.

But, the real question is whether or not Plaintiffs were prejudiced by the switch and the delay. The Court does not see how Plaintiffs were harmed here because the

7

depositions of both a Rule 30(b)(6) witness and Touchstone occurred within a month of the originally-scheduled depositions.  If the testimony given therein makes Plaintiffs' case better, the Court is hard-pressed to consider any delay by Arch the cause of any prejudice. The Court concludes that directing that disputed matters be conclusively determined in Plaintiffs' favor is disproportionate to the ultimate harm caused by Arch's cancellation of the originally-scheduled Rule 30(b)(6) deposition.

For these reasons, the Court **GRANTS** Plaintiffs' Motion for Sanctions, Dkt. No. 375, to the extent that Plaintiffs shall recover the costs, including attorneys' fees, for cancelling the arrangements for the originally-scheduled deposition and the costs, including attorneys' fees for preparing the Motion for Sanctions; but the Motion for Sanctions is **DENIED** in all other respects.

IT IS SO ORDERED this 19th day of September, 2016.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distributed to all register attorneys of record via ECF.