UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY, *et al.* ) | |
| Plaintiffs, ) | |
| vs. ) | No. 1:13-cv-01770-LJM-TAB |
| ARCH INSURANCE COMPANY, *et al.* ) | |
| Defendants. ) | |

**ORDER ON CERTAIN DEFENDANTS' MOTION TO COMPEL**

Defendants Arch Insurance Company and Arch Specialty Insurance Company (collectively, "Arch") have moved for an Order that compels Plaintiffs Eli Lilly and Company ("Lilly") and Eli Lilly do Brasil LTDA ("Lilly do Brasil") (collectively, "Plaintiffs") to produce all documents responsive to Arch's third set of document requests; to produce all communications with and between Plaintiffs' insurance brokers, including documents in JLT London's and JLT Brazil's possession; and to produce complete copies of all insurance policies requested by Arch. Dkt. No. 468. Plaintiffs contend that Arch's request for hundreds of policies not at issue in this case is overly burdensome and that the benefit of production is far outweighed by the burden of locating all of them. Dkt. No. 511. Further, Plaintiffs asserts that Arch should seek Jardine Lloyd Thompson Group ("JLT") documents from that entity because Plaintiffs have no legal control over JLT, its employees or its documents. *Id.* Plaintiffs also argue that it has already produced more than 55,000 pages of documents from JLT and the 59 documents that Plaintiffs withheld are either irrelevant or subject to the attorney-client and work-product privileges via a

common interest privilege. *Id.* at 2.[1] Finally, Plaintiffs assert that Arch is not entitled to further discovery related to payment of insurance premiums and premium tax information ("premium information") because Lilly has provided information and witness testimony that Lilly Brasil did not pay any portion of the Arch premium, which is all the information that is required. Further information regarding this topic would be too expensive, disruptive and intrusive to produce. *Id.* at 3.

## I. BACKGROUND

On December 9, 2015, Arch filed a Motion to Stay Discovery. Dkt. No. 318.

On December 21, 2015, Arch served on their third request for production of documents, which consisted of an additional 57 requests for production, bringing the total to 572. Dkt. No 470-1. The relevant requests include: (1) those directed to Plaintiffs' accounting practices related to allocation of insurance premiums amongst various corporate entities and information regarding the payment of premium taxes in the United States, Brazil and other countries, Dkt. No. 470-1, RFP Nos. 260-64 & Nos. 255-58; (2) documents reflecting communications between Plaintiffs and their insurance brokers, including JLT London and JLT Brazil, Dkt. No. 470-1, RFP No. 277[2]; (3) a complete set of insurance policies, as requested in September 2015, RFP Nos. 233, 235, 247 and 288, and as shown in Docket No. 469 at 8-10, including policies for any Lilly subsidiary from 1977 through 2014.

---

[1] All page numbers in this Order refer to the ECF page number in the upper-right hand corner of the document in the electronic file.
[2] The Court notes that this Requests for Production was identified by the Court as reasonably seeking the information at issue in Arch's Motion. To the extent the Court is wrong and there are other requests at issue, Arch must shoulder the error because it has the burden of proof on the Motion.

2

On January 28, 2016, the Court granted in part and denied in part Arch's motion to stay discovery ("Jan. 28 Order").  Dkt. No. 342.  Specifically, the Court stated, "[T]he discovery between Lilly and Arch shall be limited to the foreign law defense and arguments raised by Arch in its Motion for Judgment on the Pleadings."  Dkt. No. 342 at 4.  Arch continued to fight the scope of the Jan. 28 Order; and the Court heard arguments and tried to clarify the issues on February 2, 2016 ("Feb. 2 Order").  Dkt. Nos. 346; 348.

On February 8, 2016, Plaintiffs served responses and objections to Arch's Second Set of Requests for Production, which included the requests related to insurance policies for each Lilly entity from 1977 through 2014.  Dkt. No. 511-3.  Lilly objected to the requests on the grounds that policies not at issue in this lawsuit are irrelevant and that the burden and expense of production outweighs its likely benefit, but promised to produce some responsive documents.  *Id.* at 13 & 15.  Lilly objected to RFP No. 247 because it was duplicative of RFP No. 233.  *Id.* at 25.

According to Arch, Lilly has produced the following policies, but many of them are incomplete.  Dkt. No. 469 at 8-10.

| Insurer | Policy Number (if known) | Bates Reference |
|---|---|---|
| State of Pennsylvania | 99-0263237 | ARCH00000943<br>ARCH00001487<br>ARCH00001557<br>ARCH00003120 |
| ACE American/ACE Group | | ARCH00003496 |
| ACE American/ACE Group | CSZ G27174346-001 | ARCH00007347 |
| Winterthur | #901/LK0105810 | LILLY_00110705 |
| Swiss Re | | LILLY_00160224 |
| North American Specialty | | LILLY_00160224 |
| Gerling | | LILLY_00160224 |
| GE Frankona | | LILLY_00160224 |

3

| Insurer | Policy Number (if known) | Bates Reference |
|---|---|---|
| XL | | LILLY_00160224 |
| Allied World Assurance | | LILLY_00160224 |
| Zurich | | LILLY_00160224 |
| Scor | | LILLY_00160224 |
| American Re | | LILLY_00160224 |
| XL | | LILLY_00160226 |
| Illinois Union | | LILLY_00160226 |
| XL | US00007658LI05A | LILLY_00160228 |
| Illinois Union | | LILLY_00160228 |
| Illinois Union | | LILLY_00160228 |
| ELCO/ELGO | | LILLY_00160228 |
| Illinois Union | | LILLY_00160228 |
| Zurich | | LILLY_00160228 |
| ELCO/ELGO | | LILLY_00160230 |
| Illinois Union | | LILLY_00160230 |
| Illinois Union | | LILLY_00160230 |
| ELCO/ELGO | | LILLY_00160230 |
| ACE InternationalOther Auto | | LILLY_00160381-LILLY_00160383 |
| AISL- Contractor's Pollution | | LILLY_00160381-LILLY_00160383 |
| Allied World (AWAC) | | LILLY_00160381-LILLY_00160383 |
| CNA | | LILLY_00160381-LILLY_00160383 |
| Chubb | | LILLY_00160381-LILLY_00160383 |
| FM Global | | LILLY_00160381-LILLY_00160383 |
| Glacier Reinsurance | | LILLY_00160381-LILLY_00160383 |

| Insurer | Policy Number (if known) | Bates Reference |
|---|---|---|
| HDI Global- | | LILLY_00160381-LILLY_00160383 |
| Llyods | | LILLY_00160381-LILLY_00160383 |
| Montpeilier Re | | LILLY_00160381-LILLY_00160383 |
| Munich Re | | LILLY_00160381-LILLY_00160383 |
| National Union Fire Co. | | LILLY_00160381-LILLY_00160383 |
| QBE International- | | LILLY_00160381-LILLY_00160383 |
| RLI | | LILLY_00160381-LILLY_00160383 |
| SCOR | | LILLY_00160381-LILLY_00160383 |
| Star Tech | | LILLY_00160381-LILLY_00160383 |
| Gemini | CEX09600116-00 | LILLY_00217321 |
| Lexington | #23543096 | LILLY_00217321 |
| American Specialty | ELD10003843800 | LILLY_00217321 |

Dkt. No. 469 at 8-10.  Arch seeks the complete policies referenced above.  In addition, Arch contends that Plaintiffs should be compelled to produce all claims-made foreign general liability policies that they have asserted were requested from their brokers.  *Id.* at 10 (citing Dkt. No. 470-13).  None of the "other" policies referenced by Plaintiffs in meet and confer emails were disclosed.  Moreover, Arch seeks all policies issued to Lilly Brasil by an admitted insurer in Brazil, which is relevant to the issues of coverage in this case.

On February 22, 2016, Plaintiffs asked Arch to identify which of the requests in its Third Set of Request for Production Arch believed related to its MJOP.  Dkt. No. 470-2 at 5.  Arch declined; instead it proposed that the parties stay Arch's discovery until after Plaintiffs filed their response to Arch's Motion for Judgment on the Pleadings, or, if Plaintiffs raised factual issues in their response to the Motion for Judgment on the

5

Pleadings, Plaintiffs' RFP responses would be due no less than 14 days prior to Arch's deadline to file a reply. *Id.* at 4. Plaintiffs declined. *Id.* at 2. Instead, Plaintiffs served their responses on April 1, 2016. Dkt. No. 470-3. With respect to the relevant requests, Plaintiffs stated that, notwithstanding the overbreadth of the requests (as pertaining to jurisdictions not at issue in the case) and the expense, it would "produce non-privileged responsive documents for the policies at issue in this case to the extent they have not already been produced, including but not limited to invoices, receipts, and check stubs evidencing payment of insurance premiums." *See*, *e.g.*, *id.* at 8.

On April 15, 2016, Arch inquired about the promised premium information. Dkt. No. 470-5 at 1. Plaintiffs responded that it was working to identify responsive documents. *Id.*

On June 2, 2016, the other issues that are the subject of this Motion to Compel, Arch took issue with Plaintiffs' production of communications with insurance brokers, JLT in particular. Dkt. No. 470-7 at 3. Arch stated that Plaintiffs made the information relevant by attaching JLT affidavits to their Complaint. *Id.*

On June 20, 2016, Plaintiffs responded by reminding Arch of the partial stay of discovery as well as their well-founded objections to the discovery requested. Dkt. No. 471-1 at 1. Further, Plaintiffs informed Arch of the documents that it intended to produce with respect to each of the disputed topics. As to the premium payments, Plaintiffs claimed that they would provide "documentation evincing that (1) Lilly do Brasil did not pay any of the premiums for the policies at issue; (2) no premiums were ever allocated to Lilly do Brasil; and (3) Lilly do Brasil did not pay any premium taxes." *Id.* at 3. Further, the response explained the difficulty in producing the relevant documents, but explained

6

how the premiums are paid and how they are allocated. *Id.* Plaintiffs further asserted that the burden to gather all of the requested information was high and the benefit to Arch minimal; therefore, under the new proportionality in the Rule 26, the information was more properly sought through an interrogatory. *Id.* at 3-4. But, Plaintiffs proposed to provide more recent premium-allocation documentation that is less burdensome to collect as well as provide an affidavit regarding the facts of the premium allocation system described in the letter as well as answer an interrogatory. *Id.* at 4.

As to the JLT documents, Plaintiffs asserted that they had provided such documents in their 4th, 5th and 8th productions. *Id.* They further offered to help locate the specific information in JLT affidavits that Arch could not find. *Id.* Plaintiffs also asserted a common interest privilege in certain documents and promised to provide a privilege log. *Id.*

On July 12, 2016, Arch served Plaintiffs with ten interrogatories and eight requests for admission. Dkt. No. 470-9.

On July 15, 2016, Plaintiffs provided Arch with an affidavit explaining how Lilly handles premium payments, allocations, etc. Dkt. No. 460-6.

On July 20, 2016, the Court lifted the stay on discovery between Plaintiffs and Arch and converted Arch's Motion for Judgment on the Pleadings to a Motion for Summary Judgment. Dkt. No. 465.

On August 15, 2016, Plaintiffs responded to the interrogatories and requests for admission propounded on July 12, 2016; Plaintiffs also produced a privilege log on this date. Dkt. Nos. 511-1 at ¶¶ 8 & 19; Dkt. No. 511-2.

On August 19, 2016, the date Plaintiffs responded to this Motion to Compel, they served documents related to premiums. Dkt. Nos. 511-4, 511-5, 511-6, 511-1 at ¶ 19. Also on August 19, 2016, Plaintiffs served additional insurance-related documents including some historical excess liability policies, and certain auto policies. Dkt. No. 510-1 at ¶ 17. Plaintiffs also confirmed that it provided 11 policies identified in Arch's list above; and produced additional information related to "some" of the remainder despite Plaintiffs' continuing objection as to relevance. Dkt. No. 510-1 at ¶ 18.

Plaintiffs offered further compromises regarding the scope of Arch's requests regarding policy information; Arch refused. Dkt. No. 511 at ¶ 16; Dkt. No. 510-9.

## II. DISCUSSION

The Court has broad discretion in discovery matters, including ruling on motions to compel. *See James v. Hyatt Regency Chi.*, 707 f.3d 775, 784 (7th Cir. 2013); *Packman v. Chi. Tribune Co.*, 267 F.3d 628, 646 (7th Cir. 2001). Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure ("Rule 26(b)(1)"), parties are entitled to discover

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden and expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). With respect to requests for production of documents, pursuant to Rule 34(a)(1), a party may request production of "items in the responding party's possession, custody or control . . . ." Fed. R. Civ. P. 34(a)(1).

Rule 37(a) permits the Court to order disclosure of information when the original answer or production is "evasive or incomplete." Fed. R. Civ. P. 37(a)(4). If the Court

believes that a party's failure to disclose information is substantially justified or is harmless, the Court may deny a motion to compel. Fed. R. Civ. P. 37(c)(1). Moreover, Rule 26(b)(2)(C) allows the Court to limit discovery if the information "sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or " the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. Rs. Civ. P. 26(b)(2)(C)(i) & (iii).

### A.  PREMIUM ALLOCATION AND PREMIUM TAXES

Arch asserts that despite being told by Plaintiffs that insurance premium allocation and premium tax payment information would be forthcoming since April 2016, Plaintiffs' claim now that such production is too burdensome and proffers of a comprise rings false. Further, Arch argues that the production that has been made falls short because it fails to address the premium allocation and premium taxes for the relevant years and, if there are no responsive documents, as Plaintiffs' compromise proffer suggests, Plaintiffs should amend their answers to the requests for production and so state. Dkt. No. 523 at 2. Lilly asserts that the Affidavit of Martin Clemens, which details Lilly's intercompany payment and allocation process, documents from the years 2011 through 2014 that evidence that Lilly do Brasil paid no premiums for the policies at issue, and Lilly's proffer of a Rule 30(b)(6) witness to testify on this subject should be sufficient to answer Arch's questions. Dkt. No. 511 at 22-24. Plaintiffs contend that Arch's requests are disproportionate to Arch's need for information about premium allocations and payments. *Id.*

The question here is an important one for the parties because the Second Amended Complaint asks the Court to reform the contracts of the parties such that Lilly

do Brasil is an insured. The entities that paid for, or were allocated, a portion of the premiums on the relevant policies is highly probative of this inquiry; this would include other Lilly-affiliates that Lilly claims should have been covered by the policies and/or "Entrepreneurial Affiliates." The Court understands Plaintiffs to be saying that they have provided all the information they are comfortable providing; but that is not the standard. Further, without explanation, Plaintiffs have provided the requested information for a truncated number of years, leaving eight relevant years of information to be answered for in a deposition. Without more information about why retrieval of document for the entire relevant time period is too complicated or too burdensome, the Court agrees with Arch that Plaintiffs should be compelled to produce additional information, or, to the extent no documents are available, Plaintiffs should answer the interrogatories and requests for production accordingly. However, to the extent that Arch seeks such information that pre-dates the term of the purported coverage or the purported underlying claims, the requests are too broad. Therefore, Arch's motion with respect to premium allocation and/or premium tax payment information is **GRANTED**, but limited to the policy years referenced by Arch in its Reply brief at page 2.

## B. JLT / OTHER BROKER DOCUMENTS

Arch contends that the Court should compel Plaintiffs to produce documents from its insurance brokers, JLT London and JLT Brazil in particular, because those entities were agents or otherwise within Lilly's control with respect to the underlying claims and the insurance policies at issue. Dkt. No. 469 at 6-8; Dkt. No. 523 at 6-8. Further, Arch argues that Plaintiffs have not established any valid privilege to any documents it has

produced from JLT entities and the common interest doctrine does not apply.  Dkt. No. 523 at 8-12.

Plaintiffs assert that they have produced approximately 55,500 pages of documents from JLT, minus 59 documents; 30 of which Lilly claims are irrelevant and 29 of which Lilly asserts a common interest privilege.  Dkt. No. 511 at 9.  Plaintiffs state that they were not required to provide any JLT documents, because they lack legal control over JLT.  *Id.* at 12-16.  Further, Plaintiffs aver that it properly withheld the 59 documents, particularly the common interest privilege documents, which Plaintiffs claim "is widely used in federal court."  *Id.* at 16-18.  Plaintiffs argue, too, that Arch may obtain the JLT documents through other means; therefore, Plaintiffs should not have to produce them.  *Id.* at 19-22.

The Court finds Plaintiffs' inconsistent positions on its relationship with the JLT entities troubling.  In written communications to Arch, Plaintiffs assert that as insurance brokers, the JLT entities are agents of Arch and other insurance companies they represent.  Dkt. No. 471-1 at 4.  Under Indiana law, that is generally true.  *See* Am. Nat'l Fire Ins. v. Rose Acre Farms Inc., 911 F. Supp 366, 371 (S.D. Ind. 1995) (stating "in Indiana 'when a broker makes application for insurance and the insurance policy is issued, the broker is the agent of the insurer . . . .'" *quoting*, Plumlee v. Monroe Guar. Ins. Co., 655 N.E.2d 350, 357 (Ind. Ct. App. 1995), further citations omitted).  Therefore, as Arch points out, if the JLT entities were parties to this litigation, as brokers of the relevant insurance they would be defendants aligned with Arch.  But, both in communication to Arch and in its brief in opposition to this Motion, Plaintiffs claim that the JLT entities have a common interest with them, have asserted a common interest privilege as to certain

documents and have hinted that Lilly's relationship with JLT is a close one. Dkt. No. 511 at 16-20; Dkt. No. 523-3 ("It is no secret that Lilly is a long-standing client of JLT's. It seems reasonable to me that a client's kind request for information and assistance might be treated much differently than a discovery demand from a hostile third-party."). The fact that the JLT entities readily produced documents to Plaintiffs and provided affidavits in support of Plaintiffs' Second Amended Complaint suggests that the JLT entities have ignored Indiana law and their duty to Arch. The Court will not allow the JLT entities or Plaintiffs to hide behind an alleged attorney/client or common interest privilege in these circumstances. It seems to this Court that as an "agent" of Arch, JLT should produce its documents to Arch with little or no fuss. In addition, having produced them to the common client, it bends the law too far to now let Plaintiffs withhold them from Arch.

Furthermore, the common interest privilege extends to documents that advance a shared legal interest and seek an attorney's advice to advance that interest. *See United States v. BDO Seidman, LLP*, 492 F.3d 806, 815-16 (7th Cir. 2007). Here, the JLT entities are not parties to this litigation; therefore, there is no common legal interest for which they must seek an attorney's advice to advance that interest and, agreements or not, it is this Court's view that the privilege does not apply to shield documents produced to Plaintiffs by the JLT entities.

The Court is not, however, completely convinced that Arch could not and should not have sought this discovery itself directly from the JLT entities. As such, although the Court will grant Arch's Motion to Compel production of these documents from Plaintiffs, it will not assess attorneys' fees related to and/or caused by this portion of the Motion. Arch's Motion with respect to the JLT entity documents is **GRANTED**.

## C. INSURANCE POLICIES

Arch asserts that Plaintiffs should produce all claims-made foreign general liability policies, including the ones in the list above, as well as others, if known to Plaintiffs to provide such coverage. Plaintiffs claim that Arch's requests for insurance policies that cover a 37-year period is overbroad both in time and in scope and the burden of production outweighs the likely benefit from the production. Dkt. No. 511 at 9. Plaintiffs urge that non-liability policies have no bearing at all and that some forms of liability policies raise "different scope and need issues;" therefore, "Lilly has produced the relevant policies that do matter." *Id.* at 10. Specifically, Plaintiffs "produced in excess of one hundred policies related primarily to its general liability and excess liability insurance program between the 1997 and 2014 time period," and "excess liability policies from the 1977 through 2003 time period, along with additional auto policies." *Id.* But, Arch claims that Plaintiffs implied that they have not provided all policies that "may have covered the alleged underlying events, including policies that have since been settled or paid out . . . ." Dkt. No. 523 at 13. Further, Arch argues that Plaintiffs should not be allowed to unilaterally decide what types of policies should be provided, particularly because they have indicated that pollution policies have been withheld, which directly relate to the underlying matters in this action. *Id.* In addition, Arch states, other policies are relevant to Plaintiffs' reformation claim to evidence how the named insureds were identified therein. *Id.* at 14.

Similarly to the premium allocation and premium tax payments information, the issue with respect to insurance policies, generally, is proportionality and who should make that determination. It is the Court's view that neither Plaintiffs nor Arch can make that

determination unilaterally.  The Court certainly hopes that Plaintiffs cannot argue that any policy that they contend provides for or that they have recovered under with respect to the underlying claims is irrelevant and undiscoverable.  Further, if the policy or a portion of a policy is listed in the chart above, which the Court copied directly from Arch's opening brief, that policy should be disclosed in full, if it has been otherwise withheld.  Moreover, it is clear that any policy written by or obtained by the broker(s) Plaintiffs used to obtain those it obtained from Arch, whether underwritten or written by Arch or other insurance companies, are discoverable because they may bear on the question of the understanding of the parties as to the named insureds.   In addition, claims-related policies that cover environmental contamination and/or pollution in any country or territory within at least the period extending five years prior to the underlying claims at issue in this case to the present are also relevant to evidence Lilly's global insurance practices.  To the extent that Arch seeks additional global coverage policies, Plaintiffs shall provide Arch a list of the types of claims-related policies it has maintained within the period extending five years prior to the underlying claims at issue in this case to the present.  The parties shall then meet and confer to narrow the list to those policies that are close in kind to those Plaintiffs obtained from Arch.  If the parties cannot agree, they shall jointly move for a teleconference with the Court to resolve the matter.  Arch's motion with respect to insurance policies, generally, is **GRANTED in part and DENIED in part**.

### D.  ATTORNEYS' FEES

Pursuant to Rule 37(a)(5), the Court must require Plaintiffs to pay Arch's reasonable expenses, unless Plaintiffs' nondisclosure or response was substantially justified or "other circumstances make an award of expenses unjust."  Fed. R. Civ. P.

37(a)(5). Plaintiffs assert that they were justified in withholding all of the documents it has withheld, particularly the JLT entities' documents. Dkt. No. 511 at 24-27. The Court disagrees that Plaintiffs were substantially justified as to all of the disputed documents as discussed above. However, it agrees with Plaintiffs that as to the JLT entities' documents, an award of expenses would be unjust because Arch could have and should have sought to discovery them itself. For these reasons, Arch may recover its expenses only for the portions of its Motion related to premium allocation and premium taxes documents and, in part, insurance policies, generally. Because the parties have shown themselves unable to reach agreement on nearly any issue, Arch shall submit its brief in support of reasonable expenses, including an itemized schedule of expenses, on or before October 11, 2016; Plaintiffs shall file their objections on or before October 18, 2016; Arch shall file any reply in support of its expenses on or before October 21, 2016.

### III. CONCLUSION

For the reasons stated herein, Defendants', Arch Insurance Company and Arch Specialty Insurance Company, Motion to Compel, Dkt. No. 468, is **GRANTED in part and DENIED in part**.

IT IS SO ORDERED this 27th day of September, 2016.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to all registered attorneys of record via ECF.