UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ELI LILLY AND COMPANY, *et al.* | ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 1:13-cv-01770-LJM-TAB |
| ARCH INSURANCE COMPANY, *et al.* | ) ) ) | |
| Defendants. | ) | |

## ORDER ON MOTION TO STRIKE AFFIDAVITS

Defendants Arch Insurance Company and Arch Specialty Insurance Company (collectively, "Arch"), have moved to strike the affidavits of Ian S. Pettman ("Pettman") and Mike Brown ("Brown") (collectively, the "JLT Affidavits"), which are attached to Plaintiffs', Eli Lilly and Company and Eli Lilly do Brasil LTDA (collectively, "Plaintiffs"), Second Amended Complaint. Dkt. No. 554. For the reasons stated herein, the Court **DENIES** the Motion to Strike.

## I. BACKGROUND

Generally, this is an insurance dispute that arises from claims against Lilly do Brasil for alleged environmental contamination and products liability injuries related to a plant formerly operated by Lilly do Brasil ("underlying actions"). Dkt. No. 289, Second Am. Compl. ¶¶ 10-55. On October 7, 2015, Plaintiffs filed a Second Amended Complaint and approximately 103 exhibits. Dkt. No. 289. Among other things, the Second Amended Complaint alleges that certain excess insurance policies should be reformed for mutual mistake. Second Am. Compl. ¶¶ 99-175. In support of this allegation, Plaintiffs submit the affidavits of Pettman and Brown, who are employed by JLT Limited ("JLT"), which

Plaintiffs label "the world-wide and lead broker" for the relevant excess policies. *Id.* ¶¶ 106-08, 148; Dkt. Nos. 289-16 & 289-17. The JLT Affidavits first appeared, however, as attachments to the Amended Complaint, which was filed on January 27, 2015. Dkt. Nos. 211-10 & 211-11.

In a prior order on Arch's Motion to Compel dated September 27, 2016, the Court discussed discovery between Plaintiffs and Arch regarding JLT documents. Dkt. No. 533. In that Order, the Court concluded that documents that Plaintiffs had previously withheld should be produced to Arch. Dkt. No. 533 at 11-12. The Court further stated that it was not "completely convinced that Arch could not and should not have sought this discovery directly from the JLT entities." *Id.* at 12. As a result, the Court declined Arch's request for attorneys' fees associated with that part of the Motion to Compel. *Id.*

On December 2, 2016, Arch filed the current motion to strike. Arch asserts that the Court should strike the JLT Affidavits pursuant to Rules 37(c)(1)(c) and 12(f) of the Federal Rules of Civil Procedure because the more recently-produced documents regarding JLT show that Plaintiffs took affirmative steps to interfere with Arch's ability to obtain discovery from JLT. Dkt. No. 556 at 1-2. For this, Arch requests that the JLT Affidavits be struck. Further, Arch argues that Plaintiffs, through certain agreements with JLT, have enough control over JLT and its employee's participation in this litigation, that Plaintiffs could have easily obtained Pettman's and Brown's appearance for a deposition. *Id.* at 7. Moreover, Arch contends that by allowing Plaintiffs to submit the JLT Affidavits, the individuals have submitted to this Court's jurisdiction and "cannot, at this date, decide they are not obligated to participate in these proceedings." *Id.* at 14-15. Arch believes that these are additional reasons to strike the JLT Affidavits, but at the very least the Court

2

should require Plaintiffs to pay for Arch's expenses to obtain Pettman's and Brown's cooperation through the Hague Convention.

Plaintiffs assert that Arch's motion fails both procedurally and legally. First, Lilly states that Rule 37(c)(1)(C) does not apply because since at least January 2015, Arch has had the information it needed to identify Pettman and Brown. Further, Arch cannot show any prejudice because, as the Court previously decided, Arch could have and should have sought discovery from JLT through traditional means before. Dkt. No. 568 at 6-8. Second, with respect to Rule 12(f), Plaintiffs argue that a motion to strike is untimely under any generous reading of the rule. *Id.* at 8-9. Third, Arch's motion should have been brought in connection with its Motion for Judgment on the Pleadings, which the Court converted to one for summary judgment, pursuant to Southern District of Indiana Local Rule 56(i). *Id.* at 9-10. Fourth, Plaintiffs claim that none of the factual allegations of what Arch perceives to be wrong-doing, such as the individual releases, the stand-still agreement, the assertion of a common-interest privilege, or the email exchange referencing ways for JLT to avoid answering discovery requests from Arch, support striking affidavits that Arch has known about for nearly two years. *Id.* at 11-34.

Under any rubric, the Court must assess whether Plaintiffs actions prejudiced Arch or evidence bad faith. *See Volling v. Antioch Rescue Squad*, 999 F. Supp. 2d 991, 1007 (N.D. Ill. 2013) (stating that matters to be struck from pleadings must be, among other things, "clearly prejudicial"); *JFB Hart Coatings, Inc. v. AM Gen'l LLC*, 764 F. Supp. 2d 974 (N.D. Ill. 2011) (stating that sanctions under the inherent authority of the court requires a display of "fault, bad faith, or willfulness" (quoting *Greviskes v. Univ. Research Assoc., Inc.*, 417 F.3d 752, 758-59 (7th Cir. 2005)); *Mintel Int'l Group, Ltd. v. Neergheen*,

636 F. Supp. 2d 677 (N.D. Ill. 2009) (stating that sanctions for failure to disclose under Rule 37(c)(1) requires a showing of harm to the opposing party); Although the Court finds certain aspects of Plaintiffs' relationship and correspondence with JLT troubling, Arch has failed to evidence any prejudice or bad faith that would require striking the JLT Affidavits. There is no getting around the fact that Arch has known about the JLT Affidavits since January 2015 when they were filed with the Amended Complaint. The Court did stay certain discovery between the parties during the ensuing two years; however, that stay would not have prevented Arch from seeking third party discovery from JLT. Further, in its Order on Arch's Motion to Compel the Court previously alluded to the notion that Arch should have and could have approached JLT for discovery directly. Dkt. No. 533 at 11-12. Arch's evidence in the current motion does not change that analysis.

## II. **CONCLUSION**

For the reasons stated herein, the Court **DENIES** Defendants', Arch Insurance Company and Arch Specialty Insurance Company, Motion to Strike the Affidavits of Ian S. Pettman and Mike Brown. Dkt. No. 554.

IT IS SO ORDERED this 8th day of February, 2017.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to all registered attorneys of record via ECF.