UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY, *et al.* <br> Plaintiffs, <br><br> vs. <br><br> ARCH INSURANCE COMPANY, *et al.* <br> Defendants. | No. 1:13-cv-01770-LJM-TAB |

## **CORRECTED ORDER ON CERTAIN DEFENDANTS'**
## **MOTION FOR INTERNATIONAL ASSISTANCE**

Defendants Arch Insurance Company and Arch Specialty Insurance Company (collectively, "Arch"), have moved for the Court to seek the assistance of the Brazilian Superintendence of Private Insurance ("SUSEP") on an issue involving excess insurance policies. Dkt. No. 498. Plaintiffs Eli Lilly and Company ("Lilly") and Eli Lilly do Brasil ("Lilly Brasil") (collectively, "Plaintiffs"), assert that Arch's request is both unnecessary and improper. For the reasons stated herein, the Court **DENIES** Arch's motion.

## **I. BACKGROUND**

Plaintiffs in this case seek defense and coverage under general liability insurance policies for claims arising in Brazil against Lilly do Brasil. Specifically, Plaintiffs seek (1) defense and, if necessary, indemnification against suits brought by the Brazilian government and individuals who worked at or lived near a facility formerly owned and operated by Lilly Brasil, which allege environmental contamination and personal injury, respectively (collectively, the "underlying suits"); and (2) the costs of investigating and remediating the contamination. Arch denies any defense, indemnity, or remediation cost

obligations.  Simply put, the parties dispute whether or not either Plaintiff could properly recover under the insurance contracts at issue.  The Arch policies at issue are excess insurance policies purchased by Lilly during the years 2003 to 2013.  Dkt. Nos. 459-6 to 459-21.  The Arch policies follow form to primary insurance policies issued by Liberty Mutual Fire Insurance Company ("Liberty Fire").  Dkt. Nos. 459-22 to 459-28.

On November 20, 2015, Arch filed a Motion for Judgment on the Pleadings challenging Plaintiffs' standing and alleging, among other things, that reformation of the insurance agreements would violate Brazilian law.  Dkt. No. 303.  On the same date, Arch filed a Notice of Application of Foreign Law asserting, generally, that Brazilian insurance law should apply to Lilly Brasil's claim(s) that it is covered under Arch's policies.  Dkt. No. 301.

On July 15, 2016, Lilly filed its response to Arch's Motion for Judgment on the Pleadings and a Cross Motion for Partial Summary Judgment.  Dkt. Nos. 456; 460.  In pertinent part, Lilly seeks summary judgment on its claim that the Arch policies cover both Lilly and Lilly Brasil for the underlying suits and on Arch's affirmative defense under Brazilian law.  Dkt. No. 460 at 1-3.

On July 20, 2016, the Court converted Arch's Motion for Judgment on the Pleadings to a motion for summary judgment and lifted a partial stay on discovery beteen Arch and Plaintiffs.  Dkt. No. 465.

On August 15, 2016, Arch filed the instant motion in which it requests that the Court present a question to SUSEP pursuant to Rule 44.1 of the Federal Rules of Civil Procedure.  Dkt. Nos. 498 & 500.  Specifically, Arch seeks to have this Court submit the following question directly to SUSEP:

2

> Does the law of Brazil allow a Brazil-domiciled company to be insured for local risks in Brazil by non-admitted insurance without complying with Brazilian insurance laws and without paying insurance premium taxes to the government of Brazil, if the insurance is paid for by an entity that is neither organized nor domiciled in Brazil?

Dkt. No. 500 at 5. Essentially, Arch argues that this Court is incapable of deciding whether or not Brazilian law applies in this case without SUSEP's answer to this question.

## II. ANALYSIS

Rule 44.1 provides, in pertinent part, "In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The court's determination must be treated as a ruling on a question of law." Fed. R. Civ. P. 44.1. It seems to the Court that the Brazilian statutes, regulations and/or rules of insurance that may become relevant are not so complicated or unsettled that the Court could not use the materials provided by the parties, or those that the Court may find on its own, to make the necessary rulings. *See Bodum USA, Inc. v. La Cafeteire, Inc.*, 621 F.3d 624, 268-29 (7th Cir. 2010) (discussing the application of French law and appropriate sources for same). Because that is the case, the Court is unwilling to undertake what may be an unprecedented action in requesting an advisory opinion from a foreign agency. *See Terre Firma Investments (GP) 2 Ltd. v. Citigroup, Inc.*, 716 F.3d 296, 301-02 (2d Cir. 2013) (Lohier, J., concurring) (recognizing that no procedure exists to certify difficult questions of foreign law to the courts of foreign countries); *Fed. Treasury Enterprise Sojuzpiodoimport v. Spirits Int'l B.V.*, 61 F. Supp. 3d 372, 386 (S.D.N.Y. 2014) (expressing frustration that no system for certifying unsettled questions of foreign law to foreign courts exists), rev'd on other grounds, 809 F.3d 737 (2d Cir. 2016).

### III. CONCLUSION

For the reasons stated herein, the Court **DENIES** Defendants', Arch Insurance Company and Arch Specialty Insurance Company, Motion for Request for International Assistance, Dkt. No. 498.

IT IS SO ORDERED this 16th day of February, 2017.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to all registered attorneys of record via ECF.