UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY, *et al.*      Plaintiffs, <br><br> vs. <br><br> ARCH INSURANCE COMPANY, *et al.*      Defendants. | No. 1:13-cv-01770-LJM-TAB |

## ORDER ON MOTION TO SEAL PORTIONS OF ORDER

This matter comes before the Court on Plaintiffs', Eli Lilly and Company and Eli Lilly do Brasil Ltda. (collectively, "Lilly's"), Motion to Seal Portions of the Court's Order July 10, 2017, Order (the "Motion"). Dkt. No. 694. Lilly requests that the Court redact certain portions of its prior order regarding Defendants', Arch Insurance Company and Arch Specialty Insurance Company's (collectively, "Arch's"), Motion to Compel the Depositions of Ian S. Pettman and Mike Brown or, in the Alternative, to Strike the Affidavits of Ian S. Pettman and Mike Brown, and Motion for Sanctions, Dkt. No. 683 (the "Prior Order"). Dkt. No. 694. Specifically, Lilly requests that the Court redact all references to Docket Numbers 556, Ex. 4; 556, Ex. 13; 568, Ex. A, ¶¶ 7-13; 584, Ex. 3; 632 at 10-13; 632, Ex. 8, 632 at 24-26; and 652 at 28-31, within the Prior Order because such references contain information that qualifies as "Confidential Information" under the Joint Agreed Protective Order issued in this case. Dkt. No. 694 at 2.

## I. **DISCUSSION**

Under Federal Rule of Civil Procedure 26(c)(1)(G), the Court may, "for good cause," issue an order to seal certain documents that contain "a trade secret or other confidential research, development, or commercial information not to be revealed or be revealed only in a specified way" from public disclosure. However, sealing documents within judicial proceedings "is the exception, not the rule." *Formax, Inc. v. Alkar-Rapidpak-MP Equip., Inc.*, No. 11-C-0298, 2014 WL 792086, at *1 (E.D. Wis. Feb. 25, 2014). It is well-settled that "'most documents filed in court are presumptively open to the public,'" and that the public's right to access judicial records "is protected by the First Amendment of the United States Constitution." *Reynolds v. Astrue*, No. 2:09-cv-3020JMS-WGH, 2012 WL 48115576, at *1 (S.D. Ind. Oct. 10, 2012) (quoting *Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009)) (citing *Globe Newspaper Co. v. Super. Ct. for Norfolk Cnty.*, 457 U.S. 596, 603-06 (1982); *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597 (1978)). This right to access ensures "the public's right to monitor the functioning of the courts, thereby insuring quality, honesty, and respect for the legal system." *Reynolds*, 2012 WL 4815576 at *1 (citing *Matter of Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984)). While "[m]any a litigant would prefer that the subject of the case … be kept from the curious," litigants "must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials" when they call upon the courts. *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 567-68 (7th Cir. 2000). Thus, materials "that influence or underpin [a court's] judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide

long-term confidentiality." *Baxter Int'l, Inc. v. Abbott Lab.*, 297 F.3d 544, 545 (7th Cir. 2002) (citations omitted).

Here, Lilly relies only upon the parties' Joint Agreed Protective Order, Dkt. No. 227, and the Court's prior orders granting motions to maintain certain documents under seal to support its Motion. Dkt. No. 694 at 1-3. However, without more, the Court cannot redact the requested portions of its Prior Order. *See Baxter*, 297 F.3d at 545-46 (denying the parties' joint motion to maintain documents under seal, which was based mostly on their agreement to keep such documents confidential, because "[t]he motion did not analyze the applicable legal criteria or contend that any document … legitimately may be kept from public inspection despite its important to the resolution of the litigation"); *see also*, *Reynolds*, 2012 WL 4815576 at *2 (denying a plaintiff's motion to seal the court's order because the plaintiff had "not directed the court to any rule, statute, or order requiring the Court to seal it[s] decision"). A party seeking to prevent disclosure of certain information "must explain how disclosure would cause harm and why the harm predicted warrants secrecy." *Formax*, 2014 WL 792086 at *2 (citing *Baxter*, 297 F.3d at 547). Because Lilly failed to demonstrate how disclosure of the information described in the Motion to Seal would cause harm and to provide any legal support for its requested redactions, the Court denies the Motion to Seal.

3

## II. CONCLUSION

For the reasons stated herein, the Court **DENIES** Lilly's Motion to Seal Portions of the Court's July 10, 2017, Order.  Dkt. No. 694.

IT IS SO ORDERED this 20th day of July, 2017.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to all registered attorneys of record via ECF.