UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ELI LILLY AND COMPANY, *et al.* | ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 1:13-cv-01770-LJM-TAB |
| ARCH INSURANCE COMPANY, *et al.* | ) ) ) | |
| Defendants. | ) | |

## ORDER ON ATTORNEY'S FEES AWARD

This matter pends on the Court's prior order (the "Prior Order") awarding attorney's fees and costs to Defendants, Arch Insurance Company and Arch Special Insurance Company (collectively, "Arch"), in relation to their Motion to Compel the Depositions of Ian S. Pettman and Mike Brown or, in the Alternative, to Strike the Affidavits of Ian S. Pettman and Mike Brown, and Motion for Sanctions (the "Motion"). Dkt. No. 683. In the Prior Order, the Court struck the affidavits of Ian S. Pettman and Mike Brown (the "JLT Witnesses"), and all references thereto, as they appear in conjunction with Plaintiffs', Eli Lilly and Company and Lilly do Brasil, Ltda. (collectively, "Lilly's"), Second Amended Complaint and Cross Motion for Partial Summary Judgment, as well as any responses to such documents. *Id.* at 23. The Court further ordered that "Lilly shall be required to pay Arch's costs in connection with [the] Motion," pursuant to Federal Rule of Civil Procedure 37(a)(5)(C) ("Rule 37(a)(5)(C)"). *Id.* at 21-23.

In light of the Court's Prior Order, Arch's counsel now seeks attorney's fees and expenses in the amount of $393,557.79. Dkt. No. 702, Ex. 1 ("Shadley Decl."), ¶ 8. As evidence of the fees asserted, Arch provided declarations from Fredric X. Shadley

("Shadley"), Arch's U.S. counsel from the law firm of Ulmer & Berne LLP ("Ulmer"), and Paul M. Kirkpatrick, Arch's UK counsel from the law firm of Shoosmiths LLP ("Shoosmiths"), as well as itemized lists describing the legal services rendered and the costs incurred by Ulmer and Shoosmiths in connection to this action. *See generally*, Shadley Decl.; Dkt. No. 702, Ex. 2. Shadley stated that Ulmer performed legal services related to this action at billable hourly rates ranging from $215 to $528 per hour. Shadley Decl., ¶ 7. He also indicated that Shoosmiths charged between £135 and £350 per hour for their legal services. *Id.* Furthermore, Shadley noted that "[t]o the extent possible and reasonable under the circumstances, Arch's counsel delegated necessary work to associates and attorneys and trainees with lower billable rates in an effort to keep fees to a minimum." *Id.* Shadley claims that all of Arch's costs and fees incurred in their efforts to obtain the depositions of the JLT Witnesses fit into four categories: (1) "[a]ttorney fees and costs incurred in relation to the proceedings under the Hague Convention, including the filings and arguments before the High Court of Justice in the United Kingdom," totaling $212,486.08; (2) "[t]he UK Court's order requiring Arch to pay the JLT Witnesses' attorney fees incurred during the course of the UK Court proceedings, as required by UK law," amounting to $76,541.73; (3) "Arch's meet and confer efforts with counsel for [Lilly] and the JLT Witnesses during and after the proceedings before the UK Court in an effort to resolve the discovery dispute and the issues raised in the Motion … without the need for this Court's intervention," accounting for $21,257.20; and (4) "Arch's briefing of the Motion …, including oral argument and post-hearing status reports and conferences," totaling $83,290.78. *Id.* at ¶¶ 4, 6.

In response to Arch's offered proof of fees, Lilly argues that Arch's request of $393,557.70 is excessive and unreasonable based on the Court's Prior Order. Dkt. No. 721 at 1. Specifically, Lilly contends that Arch cannot recover its fees and costs for all of its prior attempts to obtain discovery from the JLT Witnesses, including its efforts in the UK Court, because the Court limited its attorney's fees award to include only Arch's costs and fees associated with the Motion. *Id.* at 3-5. Lilly further asserts that, because the Court did not award sanctions under Federal Rule of Civil Procedure 56 ("Rule 56") and rejected Arch's allegations of ethical violations, Arch's attorney's fees award should only include the costs and fees associated with Arch's Rule 37 motion to compel and should not include any costs attributed to Arch's motion to strike under Rule 56 or its assertions of ethical violations. *Id.* at 5-11. In light of these restrictions, Lilly claims that Arch should be entitled to recover no more than $21,952.54 in attorney's fees and costs. *Id.* at 10-11.

## I. **DISCUSSION**

When a court grants a motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless (1) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;" (2) "the opposing party's nondisclosure, response, or objection was substantially justified;" or (3) "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). If a court grants in part and denies in part a motion to compel, that court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Because district courts

are typically "in the best position to determine the reasonableness of an award for work done on litigation in that court," a district court's determination of an award of attorney's fees is given great deference. *Dobbs v. DePuy Orthopedics, Inc.*, 842 F.3d 1045, 1048 (7th Cir. 2016) (reviewing a district court's award of attorney's fees under an abuse of discretion standard of review).

To determine what constitutes reasonable attorney's fees under federal law, the Court starts with the lodestar amount, calculated by multiplying the number of hours the attorney reasonably expended on the litigation times a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014). As "the 'centerpiece' of attorney's fees determinations," the lodestar calculation is applied to contingency fees and fixed fee arrangements. *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011) (citing *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989)). While the lodestar calculation "yields a presumptively reasonable fee, the court may nevertheless adjust the fee based on factors not included in the computation," such as the degree of success obtained and the reasonableness of the attorney's hourly rate. *Montanez*, 755 F.3d at 553 (internal citations omitted). Attorney's fees that are "'excessive, redundant, or otherwise unnecessary'" are unreasonable and should not be calculated into the lodestar amount. *Johnson v. GDF, Inc.*, 668 F.3d 927, 931 (7th Cir. 2012) (quoting *Hensley*, 461 U.S. at 434). "A reasonable hourly rate is based on the local market rate for the attorney's services," which is best evidenced by the rate the attorney actually bills for similar work, or alternatively, by rates charged by similarly experienced attorneys in the community or on similar cases. *Montanez*, 755 F.3d at 553 (internal citations omitted). "The party seeking the fee award bears the burden of proving

the reasonableness of the hours worked and the hourly rates claimed." *Spegon*, 175 F.3d at 550 (citing *Hensley*, 461 U.S. 433).

Despite Arch's initial request in the Motion to recover all of its fees associated with the Motion "and its prior attempts to obtain the discovery addressed," Dkt. No. 632 at 31, the Court concluded in the Prior Order that Arch is entitled to recover only the attorney's fees and cost it incurred in connection with the Motion. Dkt. No. 683 at 23. Based on this determination, the Court only intended to award Arch its attorney's fees and costs that directly resulted from its efforts to develop, draft, administer, and argue the Motion. The Court did not intend to award Arch all of the costs and fees it incurred through its prior attempts to obtain depositions of the JLT Witnesses. The Court also did not intend to award Arch the fees it accrue through its efforts to negotiate with Lilly or JLT directly to obtain the JLT Witnesses' depositions. Therefore, Arch is not entitled to recover any of its fees associated with its Hague Convention proceedings, its reimbursement of JLT's fees in the UK Court, or its meet and confer efforts.

Furthermore, while Lilly argues that the Court intended only to award fees in connection with certain portions of the Motion, the Court did not indicate that the fees awarded would be limited in such a manner. Although the Court did not grant Arch's primary form of relief by compelling the JLT Witnesses' depositions, the Court did grant Arch's alternative request to strike the JLT Witnesses' affidavits. Dkt. No. 683 at 23. Furthermore, while the Court rejected Arch's allegations of possible ethical violations, the Court still determined that Arch should be able to recover its attorney's fees for the Motion based on Lilly's prior actions in connection with Arch's Hague Convention proceedings that made the Motion necessary. *Id*. at 18-22. Therefore, because the Motion was

5

necessitated by Lilly's actions and was granted in part and denied in part, Arch is entitled to recover all of its attorney's fees and costs associated with the development, drafting, administration, and argumentation of the Motion as a whole under Rule 37(a)(5)(C). *See Estate of Wright v. Forgey*, No. 2:13-CV-33-WCL-JEM, 2016 WL 2956699, at *2 (N.D. Ind. May 23, 2016) (concluding that a plaintiff is entitled to recover attorney's fees under Rule 37(a)(5)(C) where the court denied the plaintiff's request to compel discovery but granted the plaintiff's request for alternative relief to set a briefing schedule because the impasse caused by the defendants' efforts to avoid discovery "would likely still be ongoing if Plaintiff had not filed its motion to compel").

In light of the Court's restrictions set forth in the Prior Order, the Court will not award Arch any fees that are not related to the development, drafting, administration, and argumentation of the Motion. Therefore, because the Motion was only necessary after the UK Court ordered that Arch would not be permitted to perform U.S.-style depositions of the JLT Witnesses on March 16, 2017, *see* Dkt. No. 652, Ex. A-1, the Court limits its review of Arch's purported attorney's fees to include only fees and costs incurred after March 16, 2017. Based on the itemized invoices attached to the Shadley Decl., Arch incurred fees and costs amounting to $105,117.89 after March 16, 2017. Shadely Decl. at 69-254.

The Court further deducts all of Arch's claimed attorney's fees that are not directly related to the development, drafting, administration, and argumentation of the Motion after March 16, 2017. Because they relate to services other than those directly associated with the Motion, the following charges are excluded from Arch's award of attorney's fees:

| Date | Description | Hours and Fees |
|---|---|---|
| 3/19/17 | Review of 2008-2010 emails and documents in preparation for Saltsgaver deposition | FXS, 10.4 hours, $5,241.60 |
| 3/20/17 | Drafted and revised meet and confer letter to plaintiffs' counsel based on JLT discovery and demand for payment of fees | JAK, 2.8 hours, $966.00 |
| 3/20/17 | Review and provide substantive comment to draft correspondence to plaintiffs' counsel regarding meet and confer regarding JLT affidavits and potential motion to strike and motion for costs | GMS, 0.4 hours, $158.00 |
| 3/21/17 | Analyzed issues relating to demand for fees and further discovery based on JLT proceedings in the UK | JAK, 1.4 hours, $483.00 |
| 3/28/17 | Finalized meet and confer letter regarding JLT costs | MBG, 0.4 hours, $138.00 |
| 3/29/17 | Communication with client regarding JLT's costs and attorney's fees | MBG, 0.1 hours, $34.50 |
| 3/29/17 | Review correspondence to plaintiffs' counsel regarding meet and confer letter regarding JLT discovery and witnesses | GMS, 0.1 hours, $39.50 |
| 3/30/17 | Developed strategy regarding service of United Kingdom order on counsel and court in the United States proceedings | MBG, 0.1 hours, $34.50 |
| 4/4/17 | Communication with United Kingdom counsel regarding payment details for JLT's costs | MBG, 0.1 hours, $34.50 |
| 4/4/17 | Reviewed communication from opposing counsel regarding JLT depositions, documents, and costs | MBG, 0.3 hours, $103.50 |
| 4/4/17 | Review correspondence from Plaintiffs' counsel regarding meet and confer regarding JLT motion to strike | GMS, 0.2 hours, $79.00 |
| 4/6/2017 | Review transcript of attorney argument at London hearing regarding JLT discovery | GMS, 0.3 hours, $118.50) |
| 4/10/2017 | Communication with United Kingdom counsel regarding judgment | MBG, 0.1 hours, $34.50 |
| 4/12/17 | Review transcript of English Court's opinion regarding JLT discovery | GMS, 0.4 hours, $158.00 |
| 4/18/17 | Drafted communication to opposing counsel regarding JLT documents | MBG, 0.3 hours, $103.50 |
| 4/25/17 | Developed strategy, relating to motion to strike/motion for sanctions; analyzed correspondence from plaintiffs' counsel regarding MJ documents and strategy for motion relating to | JAK, 2.3 hours, $793.50 |

7

| **Date** | **Description** | **Hours and Fees** |
|---|---|---|
| | same; analyzed issues relating to agency arguments and issues relating to ethics issues in briefing[1] | |
| 5/8/17 | Review and analyze plaintiffs' counsel's correspondence to J. Thomas regarding meet and confer and proposals regarding JLT depositions | GMS, 0.2 hours, $79.00 |
| 5/8/17 | Reviewed letter from plaintiffs' attorney regarding JLT depositions and documents; reviewed letter from plaintiffs' attorney to JLT regarding the same | FXS, 0.3 hours, $151.20 |
| 5/9/17 | Drafted response to plaintiffs' counsel regarding joint efforts to obtain JLT depositions | MBG, 0.8 hours, $276.00 |
| 5/10/17 | Communication to opposing counsel regarding JLT depositions | MBG, 0.1 hours, $34.50 |
| 5/18/17 | Communications with opposing counsel regarding JLT depositions | MBG, 0.4 hours, $138.00 |
| 5/18/17 | Developed strategy regarding negotiations with JLT | MBG, 0.6 hours, $207.00 |
| 5/18/17 | Review communications from plaintiffs' counsel regarding JLT deposition issue | GMS, 0.1 hours, $39.50 |
| 5/18/17 | Confer with plaintiffs' new counsel, A. Detherage, regarding JLT depositions and issues involved in reaching a viable resolution; confer with J. Klarfield regarding facts as they occurred in London and strategy to take in response to plaintiffs' offering | FXS, 0.6 hours, $302.40 |
| 5/22/17 | Developed strategy regarding Barnes Thornburg lawyer's request to approach JLT regarding depositions | MBG, 0.3 hours, $103.50 |
| 5/22/17 | Reviewed and analyzed JLT's proposed stipulation regarding depositions | MBG, 0.5 hours, $172.50 |
| 5/22/17 | Reviewed email from A. Detherage (plaintiffs' attorney) regarding JLT depositions and call to same | FXS, 0.1 hours, $50.40 |
| 5/23/17 | Communication with plaintiffs' counsel regarding negotiations with JLT about depositions | MBG, 0.4 hours, $138.00 |
| 5/23/17 | Prepare red-lined version of JLT's deposition stipulation | MBG, 0.8 hours, $276.00 |
| 5/23/17 | Review proposed stipulation from JLT's counsel regarding JLT witness depositions | GMS, 0.2 hours, $79.00 |

---

[1] The Court finds that this charge is unrelated only to the extent it references work performed to "[analyze] correspondence from plaintiffs' counsel regarding MJ documents and strategy for motion relating to same." Shadley Decl. at 165. Therefore, the Court only deducts one-third of the fees associated with this charge to reflect the work performed on this task that is unrelated to the Motion.

| Date | Description | Hours and Fees |
|------|-------------|----------------|
| 5/23/17 | Review communications among counsel regarding negotiations involving JLT's proposed stipulation | GMS, 0.1 hours, $39.50 |
| 5/23/17 | Review redline of JLT's proposed stipulation regarding JLT witness testimony | GMS, 0.2 hours, $79.00 |
| 5/23/17 | Worked on response and edits to JLT's proposed stipulated agreement as to depositions | FXS, 0.3 hours, $151.20 |
| 5/24/17 | Met and conferred with plaintiffs' counsel regarding JLT deposition proposal | MBG, 0.2 hours, $69.00 |
| 5/24/17 | Review continued negotiations among counsel regarding JLT witness depositions | GMS, 0.1 hours, $39.50 |
| 5/24/17 | Reviewed draft email from plaintiffs' attorney for joint proposal to JLT's counsel | FXS, 0.2 hours, $100.80 |
| 5/25/17 | Reviewed and analyzed plaintiffs' counsel's proposed email to JLT regarding depositions | MBG, 0.5 hours, $172.50 |
| 5/25/17 | Drafted communication to opposing counsel regarding JLT negotiations | MBG, 0.5 hours, $172.50 |
| 5/25/17 | Developed strategy with respect to JLT negotiations | MBG, 0.8 hours, $276.00 |
| 5/26/17 | Prepared for conference with JLT and plaintiffs' counsel regarding depositions of Pettman and Brown | MBG, 0.2 hours, $69.00 |
| 5/26/17 | Attended conference with JLT and plaintiffs' counsel regarding depositions of Pettman and Brown | MBG, 0.9 hours, $310.50 |
| 5/26/17 | Analyzed issues relating to JLT discovery, including conference call with counsel for JLT and plaintiffs regarding proposed depositions, and analysis of issues relating to document requests | JAK, 1.3 hours, $448.50 |
| 5/26/17 | Review communications among counsel regarding production of additional JLT documents | GMS, 0.1 hours, $39.50 |
| 5/26/17 | Review communications among counsel regarding continued negotiations involving JLT witnesses | GMS, 0.1 hours, $39.50 |
| 5/28/17 | Developed strategy relating to JLT discovery, including analysis of law for witnesses' voluntary withdrawal of affidavits | JAK, 0.6 hours, $207.00 |
| 5/30/17 | Reviewed communication from JLT's counsel; developed strategy regarding response | MBG, 0.4 hours, $138.00 |
| 5/30/17 | Developed strategy relating to JLT proposal on depositions and analyzed issues relating to voluntary withdrawal of affidavits and issues relating to chronology of Manufacturing Agreement and control of Cosmopolis site | JAK, 2.1 hours, $724.50 |

| Date | Description | Hours and Fees |
|---|---|---|
| 5/30/17 | Review communications from JLT's counsel regarding continued negotiations regarding possible JLT depositions | GMS, 0.1 hours, $39.50 |
| 5/30/17 | Evaluate JLT's current proposal to resolve deposition dispute and call to plaintiffs' attorney regarding same | FXS, 0.5 hours, $252.00 |
| 5/31/17 | Analyzed proposal from JLT regarding depositions | MBG, 0.2 hours, $69.00 |
| 5/31/17 | Analyze issues surrounding JLT depositions and offer of JLT for some compromise, and how to respond | FXS, 0.6 hours, $302.40 |
| 6/1/17 | Drafted communication to client regarding most recent JLT proposal on Pettman and Brown | MBG, 1.4 hours, $483.00 |
| 6/1/17 | Drafted correspondence to opposing counsel and JLT's counsel rejecting deposition proposal | MBG, 1.6 hours, $552.00 |
| 6/1/17 | Analyzed Rule 408 in connection with JLT deposition negotiations | MBG, 0.2 hours, $69.00 |
| 6/1/17 | Case law research regarding FRE 408 in order to determine if Arch has grounds to keep negotiations with JLT regarding depositions confidential | ESP, 1.4 hours, $301.00 |
| 6/1/17 | Review communication with JLT's counsel regarding continued negotiations regarding JLT depositions | GMS, 0.1 hours, $39.50 |
| 6/2/17 | Case law research regarding FRE 408 in order to determine if Arch has grounds to keep negotiations with JLT regarding depositions confidential | ESP, 2.4 hours, $516.00 |
| 6/2/17 | Drafted memorandum summarizing results of case law research regarding FRE 408 in order to determine if Arch has grounds to keep negotiations with JLT regarding depositions confidential | ESP, 1.9 hours, $408.50 |
| 6/5/17 | Reviewed and analyzed research on applicability of Rule 408 to JLT negotiations | MBG, 0.2 hours, $69.00 |
| 6/5/17 | Reviewed correspondence from JLT's counsel regarding depositions | MBG, 0.3 hours, $103.50 |
| 6/5/17 | Analyzed issues relating to JLT negotiations over discovery and preparation for upcoming motion hearing | JAK, 1.2 hours, $414.00 |
| 6/5/17 | Drafted memorandum summarizing results of case law research regarding FRE 408 in order to determine if Arch has grounds to keep negotiations with JLT regarding depositions confidential | ESP, 1.3 hours, $279.50 |
| 6/5/17 | Reviewed emails from JLT and plaintiffs' attorney regarding proposals for JLT depositions | FXS, 0.1 hours, $50.40 |

| Date | Description | Hours and Fees |
|---|---|---|
| 6/6/17 | Communication with opposing counsel regarding JLT deposition negotiations | MBG, 0.3 hours, $103.50 |
| 6/6/17 | Review communications from JLT's counsel regarding continued negotiations regarding JLT witness depositions | GMS, 0.1 hours, $39.50 |
| 6/6/17 | Reviewed emails from JLT and plaintiffs' attorneys regarding offers and responses on depositions of JLT affiants | FXS, 0.3 hours, $151.20 |
| 6/6/17 | Confer with Andy (plaintiffs' attorney) regarding negotiations with JLT; conference with the court regarding JLT witness deposition negotiations and negotiations on plaintiffs' motion to suppress; calls to plaintiffs' attorneys after same[2] | FXS, 0.8 hours, $403.20 |
| 6/8/17 | Reviewed JLT's response offer on voluntary JLT depositions | FXS, 0.2 hours, $100.80 |
| 6/8/17 | Reviewed email from JLT's counsel regarding offer to provide JLT witness depositions, and compare to past offers | FXS, 0.2 hours, $100.80 |
| 6/13/17 | Communication to opposing counsel regarding JLT negotiations | MBG, 0.4 hours, $138.00 |
| 6/14/17 | Supplemented communication to opposing counsel regarding JLT negotiations about depositions | MBG, 0.6 hours, $207.00 |
| 6/16/17 | Review plaintiffs' counsel's communications regarding further negotiations involving JLT depositions | GMS, 0.1 hours, $39.50 |
| 6/19/17 | Supplemented response to JLT's counsel regarding negotiation efforts | MBG, 0.4 hours, $138.00 |
| 6/19/17 | Reviewed communication from plaintiffs' counsel regarding JLT depositions | MBG, 0.2 hours, $69.00 |
| 6/19/17 | Review communications from JLT's and plaintiffs' counsel regarding further negotiations involving JLT depositions | GMS, 0.1 hours, $39.50 |
| 6/19/17 | Reviewed email from JLT attorney with additional compromise offer on depositions; analyze open issues and confer with co-counsel regarding our response to the same | FXS, 0.4 hours, $201.60 |

---

[2] The Court finds that this charge is unrelated only to the extent it references services to "[c]onfer with Andy (plaintiffs' attorney) regarding negotiations with JLT" and to make "calls to plaintiffs' attorneys after same." Shadley Decl. at 232. Therefore, the Court only deducts two-thirds of the fees associated with this charge to reflect the work performed on these tasks that are unrelated to the Motion.

| Date | Description | Hours and Fees |
|------|-------------|----------------|
| 6/20/17 | Supplemented communication to opposing counsel regarding JLT depositions | MBG, 0.2 hours, $69.00 |
| 6/20/17 | Supplemented communication to JLT's counsel regarding JLT depositions | MBG, 0.2 hours, $69.00 |

*Id.* at 71-241. Therefore, Arch's attorney fee award shall be reduced by the amounts attributed to these unrelated services in the amount of $21,329.00.

Furthermore, as stated above, fees that are considered excessive, redundant, unnecessary, or otherwise unreasonable should also be excluded from an attorney's fees award. *See Johnson*, 668 F.3d at 931. As such, the following charges are excluded from Arch's attorney's fees award as redundant of other charges assessed to Arch or as otherwise unnecessary:

| Date | Description | Hours and Fees |
|------|-------------|----------------|
| 4/17/17 | Drafted facts section to renewed motion to strike discussing Lilly US's control over JLT and its employees Ian Pettman and Mike Brown | IT, 2.4 hours, $516.00 |
| 4/19/17 | Reviewed and analyzed applicability of 18 USC 201 to civil actions | GH, 2.5 hours, $537.50 |
| 5/9/17 | Review F. Shadley communications to client regarding conference with Judge regarding motion to strike JLT affidavits | GMS, 0.1 hours, $39.50 |
| 5/10/17 | Review M. Gramke communications to plaintiffs' counsel regarding position on motion to strike and for sanctions regarding JLT depositions and further meet/confer regarding same | GMS, 0.1 hours, $39.50 |
| 5/22/17 | Developed strategy relating to upcoming oral argument on discovery motions; drafted revisions to proposed stipulation relating to JLT witnesses and their depositions[3] | JAK, 2.8 hours, $966.00 |

---

[3] Although this charge describes two different services that were provided to Arch, the Court excludes the fees related to both of these services because the first description is duplicative of a prior charge assessed to Arch and because the second description references services that are unrelated to the Motion.

12

| Date | Description | Hours and Fees |
|---|---|---|
| 6/22/17 | Review Arch response to plaintiffs' supplemental status report | GMS, 0.2 hours, $79.00 |

Shadley Decl. at 71-254. Therefore, Arch's attorney's fee award shall be reduced by the costs associated with these services in the amount of $2,177.50.

In summary, starting with the attorney's fees assess to Arch after March 16, 2016, as the lodestar amount, the Court concludes that $21,329.00 should be excluded because such fees were incurred for services that were not related to the development, drafting, administration, and argumentation of the Motion; and that $2,177.50 should be excluded because those fees were incurred for duplicative or unnecessary services. Therefore, the total amount of attorney's fees to be awarded to Arch is $81,611.39.

## II. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Arch's request for attorney's fees and costs. Arch is awarded attorney's fees and costs in the amount of $81,611.39 to be paid by Lilly within 30 days of the date of this Order.

IT IS SO ORDERED this 17th day of August, 2017.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to all registered attorneys of record via ECF.