UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ELI LILLY AND COMPANY, )
*et al.* )
          Plaintiffs, )
)
        vs. ) No. 1:13-cv-01770-LJM-TAB
)
ARCH INSURANCE COMPANY, )
*et al.* )
          Defendants. )

## ORDER ON MOTION TO COMPEL

This matter comes before the Court on Defendants', Arch Insurance Company and Arch Specialty Insurance Company (collectively, "Arch"), Motion to Compel the production of certain documents utilized by Mark Saltsgaver ("Saltsgaver") in preparation for his depositions. Dkt. No. 710. For the reasons stated herein, the Court **GRANTS in part and DENIES in part** Arch's Motion to Compel.

## I. BACKGROUND

Generally, this case involves an insurance dispute that arises from claims against Eli Lilly do Brasil, Ltda. ("Lilly Brasil") for alleged environmental contamination and products liability injuries related to a plant operated by in Brazil. Dkt. No. 289, ¶¶ 10-55. In their Second Amended Complaint, Plaintiffs, Eli Lilly and Company ("Lilly U.S.") and Lilly Brasil (collectively, "Lilly"), assert that the liabilities of Lilly Brasil, a wholly-owned subsidiary of Lilly U.S., are covered by certain primary and excess insurance policies purchased by Lilly U.S. *Id.* at ¶¶ 56-98. Lilly also asserts that if Lilly Brasil is not expressly covered, certain excess insurance policies should be reformed to allow for such coverage based on the doctrine of mutual mistake. *Id.* at ¶¶ 99-175.

As part of its discovery efforts, Arch submitted written requests to Lilly on January 9, 2015. Dkt. No. 711 at 2; Dkt. No. 337, Ex. 1, Ex. 2. In its requests, Arch sought to obtain from Lilly (1) all documents pertaining to contamination or alleged contamination at, near, or from the Brazilian plant operated by Lilly Brasil; (2) all documents pertaining to insurance coverage for contamination or the underlying environmental claims, including all communications between Lilly Brasil and any person, such as any insurer or insurance broker; and (3) all documents pertaining to insurance coverage for contamination or the underlying environmental claims, including all communications between Lilly U.S. and any person, such as any insurer or insurance broker. *Id.*

On March 23 and 24, 2017, Arch took depositions of Saltsgaver, Lilly U.S.' Senior Advisor of Risk Management, in his individual capacity and as a Federal Rule of Civil Procedure 30(b)(6) ("Rule 30(b)(6)") representative for Lilly. Dkt. No. 711 at 2; Dkt. No. 724, Ex. 4, ¶ 4. While being deposed, Saltsgaver testified that he reviewed certain documents in preparation for the depositions to refresh his recollection of the significant events involved in this action. Dkt. No. 711, Ex. 1 ("Saltsgaver Tr."), 23:2-13, 24:1-15, 68:1-71:2, 73:8-21. Specifically, Saltsgaver stated that he reviewed notes he took during prior meetings involving the coverage dispute at issue, summaries he created in preparation for the depositions, and other documents that Lilly's counsel compiled for him to prepare him for the depositions (the "Compiled Documents"). *Id.*

During his depositions, Saltsgaver stated that he took notes at nearly every meeting he had involving the coverage dispute. *Id.* at 19:10-16. He indicated that he originally took handwritten notes, but switched to taking only electronic notes around 2010. *Id.* at 19:23-20:13. Saltsgaver further testified that he reviewed his electronic notes

2

to help refresh his recollection on the topics to be discussed at the depositions but did not review any handwritten notes before the depositions. *Id.* at 23:3-13, 24:1-15, 25:1-12.

In addition to reviewing his electronic notes, Saltsgaver reviewed the Compiled Documents to refresh his recollection and to help ensure that his testimony was accurate. *Id.* at 68:1-69:17. All of the Compiled Documents had been previously produced to Arch in discovery. Dkt. No. 724, Ex. B, ¶ 7. Saltsgaver also prepared a summary of the prevalent issues involved in this action to help him recall facts and to testify accurately. Saltsgaver Tr., 69:18-70:5. Saltsgaver indicated that he created several versions of his summary, but only used the final and most up-to-date version during the depositions. *Id.* at 70:6-72:4.

Although Arch's counsel requested at the depositions that Lilly provide Arch with all of Saltsgaver's meeting notes, summaries, and the Compiled Documents, Lilly's counsel only provided Arch's counsel with the final version of Saltsgaver's summary and other documents that Saltsgaver brought with him to the depositions. Dkt. No. 711 at 6. Lilly's counsel refused to produce any other documents to Arch. *Id.* On March 30, 2017, Arch's counsel sent a follow-up email to Lilly's counsel to request that Lilly produce Saltgaver's notes as they were mentioned in the depositions. *Id.*; Dkt. No. 711, Ex. 3. Lilly's counsel responded to Arch's email on April 4, 2017, indicating that Saltsgaver did not rely upon the requested notes and that the notes did not influence Saltsgaver's testimony. *Id.*

On April 6, 2017, Arch's counsel sent a letter to Lilly's counsel, again requesting the production of all of Saltsgaver's notes, summaries, and Compiled Documents. Dkt. No. 711 at 7, Ex. 4. On May 5, 2017, in response to Arch's letter, Lilly's counsel agreed

3

to provide only "non-privileged notes" while refusing to produce Saltsgaver's summaries and the identities of the Compiled Documents. *Id.* Arch's counsel responded to this letter on May 11, 2017, and argued that all of the documents Saltsgaver used to refresh his recollection in preparation for his depositions were discoverable. Dkt. No. 711 at 7, Ex. 6. Arch's counsel further indicated that if Lilly was in fact refusing to produce all of the documents Arch sought, Arch intended to file a motion to compel. *See* Dkt. No. 711, Ex. 6; Dkt. No. 737 at 3. On July 7, 2017, Lilly's counsel sent Arch's counsel another letter, rejecting Arch's reasoning that the documents at issue were discoverable. Dkt. No. 711 at 7, Ex. 7. During a follow-up telephonic conference on July 20, 2017, Lilly's counsel indicated that it would provide a written response to Arch's requests and a production of Saltsgaver's non-privileged documents on either July 21 or July 24, 2017. Dkt. No. 724 at 11-12; Dkt. No. 737 at 3-4.

On the afternoon of July 24, 2017, Arch filed the instant Motion to Compel in order to obtain all of Saltsgaver's meeting notes, summaries, and the Compiled Documents. Dkt. No. 710. Arch argues that it is entitled to discovery of such documents because they were used by Saltsgaver to refresh his recollection for his depositions. *See generally*, Dkt. No. 711. In the Motion to Compel, Arch relies heavily on the test set forth in *Sporck v. Peil*, 759 F.2d 312 (3rd Cir. 1985), to assert that all of Saltsgaver's meeting notes, summaries, and the Compiled Documents are discoverable. Dkt. No. 711 at 9-11.

Within minutes after Arch filed its Motion to Compel, Lilly's counsel sent another letter to Arch's counsel, stating that Lilly would produce Saltsgaver's non-privileged electronic and handwritten notes, as well as a privilege log, by August 9, 2017. Dkt. No. 724 at 12; Dkt. No. 737 at 4. The letter sent by Lilly's counsel further provided that Lilly

4

refused to produce any prior drafts of the summary used by Saltsgaver during his deposition and refused to identify any documents Lilly's counsel compiled to prepare Saltsgaver for his depositions. Dkt. No. 737 at 4, Ex. 10.

On August 7, 2017, Lilly produced Saltsgaver's non-privileged notes, along with a privilege log, and filed its Response in Opposition to Arch's Motion to Compel. Dkt. No. 724. In its response, Lilly claims that Arch's Motion to Compel was premature in light of Local Rule 37-1. *Id.* at 10-13. Lilly further contends that the documents Arch seeks to discover are protected by the work product doctrine and that Arch failed to provide a sufficient foundation to show that Saltsgaver's review of such documents impacted his deposition testimony in order to overcome the protections of the doctrine. *Id.* at 13-27. Lilly also asserts that the interests of justice are not served by allowing Arch to discover these documents. *Id.* at 27-34.

## II. **LOCAL RULE 37-1**

Although Lilly argues that Arch's Motion to Compel was filed prematurely pursuant to Local Rule 37-1, the Court disagrees. Local Rule 37-1 requires that "[p]rior to involving the court in any discovery dispute, including disputes involving depositions, counsel must confer in a good faith attempt to resolve the dispute." L.R. 37-1(a). Only when a discovery dispute cannot be resolved by the parties may counsel file a motion to compel regarding the dispute. L.R. 37-1(b).

Lilly contends that its meet and confer efforts with Arch and its production of non-privileged notes seemingly settled the parties' discovery dispute. Dkt. No. 724 at 10-13. However, Lilly still refused to provide Arch with all of Saltsgaver's notes, including those considered to be privileged; the prior versions of Saltsgaver's summary; and identify the

5

Compiled Documents. Dkt. No. 724, Ex. J at 5. Moreover, Lilly's letter promising production of Saltsgaver's non-privileged notes was not sent until August 9, 2017; therefore, Arch's Motion to Compel was reasonably filed on July 24, 2017, in light of the parties' prolonged meet and confer efforts that had already taken approximately four months. Because the parties' meet and confer efforts did not resolve all of the discovery disputes at issue, Arch's Motion to Compel was not premature, pursuant to Local Rule 37-1.

### III. **WORK PRODUCT DOCTRINE**

The work product doctrine was designed "to protect the work of an attorney from encroachment by opposing counsel." *BASF Aktiengesellschaft v. Reilly Indust., Inc.*, 224 F.R.D. 438, 441 (S.D. Ind. 2004) (internal quotations omitted). Under the work product doctrine, a party may protect "documents and tangible things that are prepared in anticipation of litigation or for trial by or for [that] party or its representative (including [that] party's attorney, consultant, surety, indemnitor, insurer, or agent)" from discovery by another party. Fed. R. Civ. P. 26(b)(3)(A). To assert a claim under the work product doctrine, a party must demonstrate that the document to be protected was created or obtained primarily "because of the prospect of litigation," and was not merely developed in the ordinary course of business. *Binks Mfg. Co. v. Nat. Presto Indust., Inc.*, 709 F.2d 1109, 1118-20 (7th Cir. 1983) (internal citations and quotations omitted) (finding that "the remote prospect of litigation" was not sufficient to apply the work product doctrine since the specified document was not prepared "because of" the prospect of litigation or because an articulable claim that was likely to lead to litigation existed).

With regard to Saltsgaver's electronic and handwritten meeting notes and the summaries Saltsgaver created, the Court finds that such documents are generally protected by the work product doctrine. Saltsgaver testified that he typically takes notes during his meetings regarding the coverage dispute and lawsuit at issue in this action. Saltsgaver Tr., 19:6-20:13, 22:2-23:25. He further stated that he created his summaries in order to prepare for his upcoming depositions. *Id.* at 69:18-71:2, 73:8-18. Therefore, the meeting notes and summaries that Arch seeks to discover were created in anticipation of litigation by Lilly's representative and are subject to the work product doctrine.

The compilation of the Compiled Documents is also protected by the work product doctrine. "[T]he selection and compilation of documents by counsel … in preparation for pretrial discovery falls within the highly-protected category of opinion work product" because selecting such documents may reveal counsel's understanding of, and strategies for, that case. *Sporck*, 759 F.2d at 316-17 (quoting *James Julian, Inc. v. Raytheon*, 93 F.R.D. 138, 144 (D. Del. 1982); *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947)). *See also, Kartman v. State Farm Mut. Auto. Ins. Co.*, 247 F.R.D. 561, 565 (S.D. Ind. 2007) ("[T]his Court recognizes that, under certain circumstances, producing documents assembled by counsel could provide a window into counsel's mental processes."). Therefore, because Lilly's counsel assembled the Compiled Documents to prepare its witness for depositions, the identity of the Compiled Documents are protected by the work product doctrine.

## IV. FRE 612 AND THE *SPORCK* TEST

Under Federal Rule of Evidence 612, an adverse party may be entitled to obtain and inspect a writing used by a witness to refresh his or her recollection before testifying

7

at a deposition. The court in *Sporck* held that three conditions must be met before an adverse party can obtain documents used by a witness prior to testifying at a deposition: (1) "the witness must use the writing to refresh his memory"; (2) "the witness must use the writing for the purpose of testifying"; and (3) "the court must determine that production is necessary in the interests of justice." 759 F.2d at 317 (citing FRE 612).[1] The first of these requirements "is consistent with the purposes of [FRE 612], for if the witness is not using the document to refresh his memory, that document has no relevance to any attempt to test the credibility and memory of the witness." *Sporck*, 759 F.2d at 317 (citing *United States v. Wright*, 489 F.2d 1181, 1188-89 (D.C. Cir. 1973)). Additionally, the second requirement "was designed 'to safeguard against using the rule as a pretext for wholesale exploration of an opposing party's files and to insure that access is limited only to those writings which may fairly be said in part to have an impact upon the testimony of the witness.'" *Sporck*, 759 F.2d at 317-18 (quoting FRE 612 advisory committee note). If the document cannot be shown to actually influence the witness's testimony, it serves "little utility for impeachment and cross-examination" of the witness. *Sporck*, 759 F.2d at 318. Moreover, the third requirement allows the trial court to "exercise discretion to guard against fishing expeditions among a multitude of papers which a witness may have used

---

[1] Although the Seventh Circuit has not yet endorsed or rejected the analysis set forth in *Sporck*, several district courts within the Seventh Circuit have applied the test to similar discovery disputes. *See e.g.*, *Kartman*, 247 F.R.D. at 561; *In re FedEx Ground Package Sys., Inc. Emp't. Practices Litig.*, No. 3:05-MD527 RM, 2007 WL 733753 (N.D. Ind. Mar. 5, 2007) ("*In re FedEx Litig.*"); *In re Pradaxa (Dabigatran Etexilate) Prods. Liability Litig.*, No. 3:12-md-02385-DRH-SCW, 2013 WL 1776433 (S.D. Ill. Apr. 25, 2013); *Stone Container Corp. v. Arkwright Mut. Ins. Co.*, No. 93 C 6626, 1995 WL 88902 (N.D. Ill Feb. 28, 1995). Furthermore, the parties do not appear to dispute that the test set forth in *Sporck* is applicable in this instance. Therefore, the Court adopts the test and reasoning set forth in *Sporck* here.

8

in preparing for trial." *Id.* (internal quotations omitted).  The *Sporck* court further indicated that this test can allow an adverse party to obtain documents that refreshed a deponent's recollection, even where such documents are protected by the work product doctrine. *See id.* at 316-17 (determining that a compilation of documents provided by counsel are subject to the work product doctrine, but that such a determination "does not end the issue" and that the protected documents may still be obtained through FRE 612).

Saltsgaver specifically testified that he reviewed the Compiled Documents, his summaries, and his electronic notes in order to refresh his recollection prior to his depositions.  Saltsgaver Tr., 24:1-15, 68:9-14, 70:17-71:2, 73:15-21.[2]  As such, these documents meet the first requirement of Rule 612 and *Sporck*.  However, Saltsgaver did not similarly use his handwritten notes to refresh his memory for the depositions.  In fact, Saltsgaver explicitly stated that he did not recall ever examining his handwritten notes to review the coverage issues involved in his action.  *Id.* at 25:1-12.  Therefore, unlike Saltsgaver's summaries, electronic notes, and the Compiled Documents, Saltsgaver's handwritten notes do not meet the first condition required by FRE 612 and *Sporck* and are not discoverable.

With respect to the second requirement, Saltsgaver's testimony demonstrates that the Compiled Documents, his summaries, and his electronic notes were used "for the

---

[2] Saltsgaver submitted a declaration in connection with Lilly's Response in Opposition to clarify his use of the documents at issue in this Motion to Compel to prepare him for his depositions.  *See* Dkt. No. 724, Ex. 4.  To the extent that this declaration contradicts Saltsgaver's prior deposition testimony, the Court does not consider Saltsgaver's declaration.  *See Combs v. Butts*, No. 2:16-cv-00282-WTL-MJD, 2017 WL 3130956 at *4 (quoting *Cook v. O'Neill*, 803 F.3d 296, 298 (7th Cir. 2015)) ("The Court may refuse to consider affidavits … when they 'contradict the affiant's previous testimony unless the earlier testimony was ambiguous, confusing, or the result of a memory lapse.")

purpose of testifying." *Sporck*, 759 F.2d at 317. Saltsgaver testified that the Compiled Documents, summaries, and electronic notes were "all of high importance" and helped him testify truthfully during his depositions. Saltsgaver Tr., 68:9-69:17, 70:17-71:2, 73:15-21, 82:1-9. By helping to ensure that Saltsgaver's testimony was accurate, these documents sufficiently influenced the testimony he provided. *See Sporck*, 759 F.2d at 317-18; *see also*, *In re FedEx Ground Litig.*, 2007 WL 733753 at *10 (concluding that where a deponent reviewed a deposition preparation guide to refresh a his recollection, "the Court can only assume … that [the deponent] used the document for the purposes of testifying and that it had an impact upon his testimony").

Finally, the interests of justice requires Lilly to produce most of the documents at issue. Saltsgaver testified that the Compiled Documents, his electronic notes, and his final summary all contained information that was highly important for his testimony. Saltsgaver Tr., 68:9-69:17, 82:1-9. Therefore, the Court concludes that the interests of justice are best served by requiring the production of these documents to Arch.

However, the same cannot be said for the prior drafts of Saltsgaver's summary. According to Saltsgaver's testimony, the previous versions of the summary were only distinguishable from the final version merely because the prior versions did not include the most up-to-date information. Saltsgaver Tr., 70:6-16, 71:20-72:4. Because the final summary includes the most up-to-date information, the interests of justice to do not require production of Saltsgaver's earlier draft summaries.

Therefore, in light of the requirements set forth in *Sporck*, Arch is entitled to obtain (1) the identity of the Compiled Documents, (2) Saltsgaver's final summary, and (3) the electronic notes Saltsgaver reviewed to refresh his recollection before his depositions.

## V. **ATTORNEY'S FEES**

Arch seeks to recover its attorney's fees and costs associated with filing its Motion to Compel. Dkt. No. 711 at 11-12. In response, Lilly contends that Arch is not entitled to an attorney's fees award because the motion was premature and because it was without merit. Dkt. No. 724 at 34-35. Lilly further alleges that if the Court were to award attorney's fees in this instance, such an award should be granted to Lilly, rather than Arch, in light of Lilly's prior commitment to produce any non-privileged documents and Arch's unjustified attempts to obtain privileged information. *Id.* at 35-36.

Under Federal Rule of Civil Procedure 37(a)(5)(A), if a court grants a motion to compel, or if the movant obtains the desired discovery after filing the motion, that court must award reasonable attorney's fees and costs to the movant unless (1) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;" (2) "the opposing party's nondisclosure, response, or objection was substantially justified;" or (3) "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). In contrast, when a court denies a motion to compel, that court must award a party opposing the motion to compel its reasonable attorney's fees and costs incurred by opposing the motion, unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). If a court grants in part and denies in part a motion to compel, that court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

In this instance, where the Court is granting in part and denying in part Arch's Motion to Compel, the Court concludes that neither Arch nor Lilly is entitled to recover

their reasonable attorney's fees and costs. Because Saltsgaver's meeting notes, summaries, and compiled documents were all protected by the work product doctrine, Lilly was substantially justified in objecting to Arch's Motion to Compel. However, Arch was similarly justified in seeking disclosure of such documents because Saltsgaver testified that many of those documents helped to refresh his recollection and helped to ensure that his testimony was accurate. Therefore, in light of the parties' reasonable justifications for bringing and opposing the Motion to Compel, the Court DENIES both Arch's and Lilly's request for attorney's fees.

## VI. **CONCLUSION**

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Defendants', Arch Insurance Company and Arch Specialty Insurance Company, Motion to Compel. Dkt. No. 710. Plaintiffs Eli Lilly and Company and Lilly do Brasil, Ltda., shall identify all documents it provided to Saltsgaver in order to refresh Saltsgaver's recollection and otherwise prepare him for the depositions in his individual capacity and in his capacity as a Rule 30(b)(6) representative. To the extent they have not already been provided, Plaintiffs Eli Lilly and Company and Lilly do Brasil, Ltda., must also produce all of the electronic notes that Saltsgaver reviewed to refresh his recollection for his depositions. Furthermore, the Court **DENIES** the parties' cross requests for attorney's fees in relation to this Motion to Compel.

IT IS SO ORDERED this 1st day of September, 2017.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to all registered attorneys of record via ECF.