UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY;<br>ELI LILLY DO BRASIL, LTDA.,<br><br>        Plaintiffs,<br><br>        v.<br><br>ARCH INSURANCE COMPANY, et al.,<br><br>        Defendants. | Case No. 1:13-CV-1770 RLM-TAB |

OPINION and ORDER

Defendant Commercial Union Insurance Company (now know as, and referred to here as, Lamorak Insurance Company) moves for final judgment pursuant to Federal Rule of Civil Procedure 54(b) on the June 18, 2018, opinion and order granting its motion for summary judgment. [Doc. No. 1136]. For the following reasons, the motion is denied.

Rule 54(b) "is not intended to provide an option to the district court to certify issues for interlocutory appeal," but rather "allows appeal without delay of claims that are truly separate and distinct from those that remain pending." Lottie v. W. Am. Ins. Co., of Ohio Cas. Grp. of Ins. Companies, 408 F.3d 935, 939 (7th Cir. 2005). The Rule provides that a district court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Absent such a determination, "the partial resolution of the case must await a true final judgment—one that resolves *all* claims of *all* parties."

Domanus v. Locke Lord LLP, 847 F.3d 469, 477 (7th Cir. 2017) (emphasis in orginal).

The court of appeals requires that "Rule 54(b) be employed only when the subjects of the partial judgment do not overlap with those ongoing in the district court." Factory Mut. Ins. Co. v. Bobst Grp. USA, Inc., 392 F.3d 922, 924 (7th Cir. 2004). This rule "spare(s) the court of appeals from having to keep relearning the facts of a case on successive appeals." Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 518 F.3d 459, 464 (7th Cir. 2008) (quoting Indiana Harbor Belt R. Co. v. Am. Cyanamid Co., 860 F.2d 1441, 1444 (7th Cir. 1988)).

There is a just reason for delay in this case: granting Lamorak's motion could lead to piecemeal appeals because there is significant factual overlap between the claims against Lamorak and the other defendants in this case. Lilly sued a number of its insurers, including Lamorak, seeking coverage for claims arising out of lawsuits relating to a facility Lilly Brasil operated in South America. The underlying Brazilian litigation and a manufacturing agreement between Eli Lilly and Lilly Brasil are central to the claims against Lamorak and the claims that remain pending against the other defendants.

Lamorak argues it has already endured many years of expensive litigation in this matter, believes it will take many more years for the other parties to fully litigate their claims, and contends it would be grossly unjust to force it to remain in the case—and incur further expense—until all claims against all parties are adjudicated. Lamorak might be right that an extended delay in resolution of Lilly's claims against the other defendants could justify entry of final judgment

as to Lamorak. But, as Lilly notes in its response, the other defendants have moved for summary judgment on all remaining claims against them. [*See* Doc. Nos. 1144, 1149]. The court expresses no opinion about the merits of those summary judgment motions, which aren't fully briefed, but the case's current posture weighs against granting Lamorak's 54(b) motion.

Accordingly, the court DENIES Lamorak's motion for final judgment pursuant to Federal Rule of Civil Procedure 54(b)**,** [Doc. No. 1136], with leave to refile following the court's ruling on the other defendants' summary judgment motions.

SO ORDERED.

ENTERED:   December 19, 2018  

/s/ Robert L. Miller, Jr.  
Judge, United States District Court

Distribution:
All electronically registered counsel of record via CM/ECF