UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY, ELI LILLY DO BRASIL LTDA,         Plaintiffs, <br><br>v. <br><br> ARCH INSURANCE COMPANY, et al, <br><br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) No. 1:13-cv-01770-TWP-TAB |

**REPORT AND RECOMMENDATION
ON PLAINTIFFS' RULE 56(d) MOTION**

**I.   Introduction**

In June of 2018, the Court issued an order resolving several dispositive motions. [Filing No. 1118.] Following that order, the parties anticipated additional dispositive motions, and requested a stay of discovery so they could later tailor discovery to the arguments within those motions. Arch[1] and the Upper Excess Carriers[2] filed motions for summary judgment. In response, Lilly[3] filed the instant motion asking the Court to lift the discovery stay and permit Lilly to complete discovery on issues it argues are critical to its ability to respond to the summary judgment motions. However, Lilly fails to show Arch's and the Upper Excess Carriers' arguments necessitate additional discovery. Both Arch's and the Upper Excess Carriers' motions rely on the purely legal argument that the Court's earlier rulings regarding

---

[1] The Court collectively refers to Defendants Arch Specialty Insurance Company and Arch Insurance Company as "Arch."
[2] The Court collectively refers to Defendants RSUI Indemnity Company, Liberty Insurance Underwriters Inc., XL Insurance America, Inc., Endurance American Specialty Insurance Company, and Westchester Surplus Lines Insurance Company as "the Upper Excess Carriers."
[3] The Court collectively refers to Plaintiffs Eli Lilly & Company and Eli Lilly do Brasil Ltda as "Lilly." This order will occasionally refer to Plaintiffs separately as Eli Lilly and Lilly Brasil.

standing, laches, and the duty to defend apply to—and dispose of—Lilly's remaining claims. Lilly's requested additional discovery seeks evidence of Arch's and the Upper Excess Carriers' intent to cover Lilly Brasil and acknowledgment of coverage, but Lilly does not explain how any of the discovery would be necessary to determining whether the Court's rulings in the June 18 order negate Lilly's other claims. Rather, it seems Lilly seeks the discovery in an effort to undermine the June 18 order and to gain additional evidence to support the merits of its reformation claims, including one the Court has already ruled is barred by the doctrine of laches. The voluminous discovery Lilly seeks goes well beyond what is necessary to oppose the summary judgment motions from Arch and the Upper Excess Carriers. Therefore, Lilly's motion [Filing No. 1230] for discovery under Rule 56(d) should be denied.

## II.   Background

Lilly Brasil is a wholly owned subsidiary of Eli Lilly, and Lilly Brasil is facing several lawsuits in Brazilian courts, dating back to at least 2003. In this action, Lilly seeks to enforce, or reform and enforce, insurance contracts it has with Arch and the Upper Excess Carriers to require Arch and the Upper Excess Carriers to defend and indemnify Lilly Brasil in the Brazilian suits. Lilly contends that the policies cover Lilly Brasil, and if they do not expressly cover Lilly Brasil, then the policies should be reformed under the doctrines of mutual and unilateral mistake to extend coverage. Lilly also asserts bad faith and civil conversion claims relating to Arch's and the Upper Excess Carriers' denial of coverage and acceptance of premiums, when according to Lilly, Arch and the Upper Excess Carriers' intended to cover Lilly Brasil but have denied coverage.

Arch filed a motion for judgment on the pleadings, which was converted into a motion for summary judgment, and Lilly responded with a cross-motion for partial summary judgment.

[Filing Nos. 302, 457.] On June 18, 2018, the Court granted in part and denied in part both motions. [Filing No. 1118, at ECF pp. 26–27.] In the order, the Court agreed with Arch that the equitable doctrine of laches barred Lilly's reformation claims, which in turn left Lilly Brasil without standing to sue under the insurance contracts at issue. [*Id.* at ECF p. 15.] The Court explained that "laches operates to bar consideration of the merits of a claim or right of one who has neglected for an unreasonable time, under circumstances permitting due diligence, to do what in law should have been done." [*Id.* at ECF pp. 13–14 (quoting *Armstrong v. State*, 747 N.E.2d 1119, 1120 (Ind. 2001)).] The Court then laid out the elements of laches—"'(1) inexcusable delay in asserting a known right; (2) an implied waiver arising from knowing acquiescence in existing conditions; and (3) a change in circumstances causing prejudice to the adverse party'"—and found each to be satisfied. [*Id.* at ECF p. 14–15 (quoting *SMDfund, Inc. v. Fort Wayne-Allen Cty. Airport Auth.*, 831 N.E.2d 725, 729 (Ind. 2005)).] With respect to the first two elements, the Court found that Lilly knew in 2003 that the contract did not contain provisions extending coverage to Lilly Brasil and inexcusably waited until 2013 to assert its reformation claims, thereby showing Lilly had acquiesced to the contract without the provisions. As for the third element, the Court found that Arch was prejudiced because "Arch continued issuing policies to Lilly for another decade and now must defend Lilly's claims stretching over eleven policy years." [*Id.* at ECF p. 15.]

      The Court's June 18 order also addressed Defendant Lamorak Insurance Company's motion for summary judgment and Lilly's cross motion for partial summary judgment. The Court ruled that Lamorak did not have a duty to defend either Eli Lilly or Lilly Brasil, granted Lamorak summary judgment, and denied Lilly's motion. [*Id.* at ECF pp. 19, 21.] The Court reasoned that Lamorak had no duty to defend Eli Lilly because Eli Lilly had not been named as a

defendant in any of the actions in Brazil and there were no claims pleaded against Eli Lilly in Brazil. [*Id.* at ECF pp. 21, 23.]

Following this ruling, the parties recognized that additional motions for summary judgment would follow. Lilly asked the Court to set a deadline for additional dispositive motions and a follow-up date for a meet-and-confer so the parties could discuss the status of the case in light of the motions. [Filing No. 1157, at ECF pp. 5–7.] In the meantime, Lilly asked the Court to stay all discovery with the possibility of it being reopened following the next round of dispositive motions and the parties' meet-and-confer. [*Id.*] Defendants had no objections, and the Court granted the request. [*Id.* at ECF pp. 7–9.]

As expected, Arch and the Upper Excess Carriers filed motions for summary judgment. [Filing Nos. 1228, 1229.] Arch points to the Court's rulings that Lilly Brasil was not insured under the policies, that the laches doctrine bars Lilly's attempts to reform the policies to include Lilly Brasil, and that Eli Lilly faces no direct liability for Lilly Brasil. [Filing No. 1128-1, at ECF pp. 1–2.] Based on these rulings, Arch argues that Lilly's declaratory judgment, breach of contract, civil conversion, and bad faith claims all necessarily fail. [*Id.*] The Upper Excess Carriers' motion is similar. The motion includes a version of the same basic arguments that Arch makes in its summary judgment motion. Notably, however, the Upper Excess Carriers did not join Arch's earlier motion, so they also seek to extend the Court's rulings in the June 18 order to Lilly's claims against them. The Upper Excess Carriers argue that their policies provide excess coverage that follows the underlying coverage in in Arch's policies, so the Court's reformation, laches, and standing rulings apply equally to Lilly's claims against them. [Filing No. 1229-1, at ECF pp. 5–6.] Crucially, both Arch and the Upper Excess Carriers expressly limit their motions to the legal arguments concerning the implications of the Court's June 18

4

order. [Filing No. 1229-1, at ECF p. 1 n.1 ("The Upper Excess Carriers have restricted their arguments to those based on the Court's June 18, 2018, Order, which they believe fully resolves all claims against them."); Filing No. 1232, at ECF p. 4 ("Arch's motion set forth purely legal bases for disposing of all those claims, and the motion is based solely on the Court's prior reformation and standing decision.").]

Invoking Rule 56(d), Lilly asks the Court to permit discovery it claims to need to respond to Arch's and the Upper Excess Carriers' motions for summary judgment. Though Lilly has pared down the discovery from what had been pending before the Court entered the stay, Lilly still seeks extensive discovery. Lilly seeks to take seven depositions—geographically ranging from California to London—and production of at least two categories of documents, all of which would require the resolution of five different discovery disputes. [Filing No. 1230-2, at ECF pp. 4–5.]

### III. Discussion

Rule 56(d) "authorizes a district court to refuse to grant a motion for summary judgment or to continue its ruling on such a motion pending further discovery if the nonmovant submits an affidavit demonstrating why it cannot yet present facts sufficient to justify its opposition to the motion." *Woods v. City of Chi.*, 234 F.3d 979, 990 (7th Cir. 2000) (citing Rule 56(f), which is now Rule 56(d)). Rule 56(d) is "a safeguard against a premature grant of summary judgment," and the Court "construe[s] the rule liberally and [does] not find violations on rigid technical grounds." *King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994). However, parties invoking this safeguard nonetheless "must . . . show that additional facts would be necessary to avoid summary judgment and that they had been diligent in pursuing discovery." *Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068, 1082 (7th Cir. 2016). The burden of making this showing rests

on the party seeking Rule 56(d) relief. *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 628 (7th Cir. 2014).

Lilly provided the necessary affidavit,[4] and given the discovery stay, there can be no dispute about diligence. Nonetheless, Lilly's motion is unpersuasive. The flaw in Lilly's motion is best summarized by looking to its reply brief. To paraphrase, Lilly argues that just because Arch and the Upper Excess Carriers chose to rely exclusively on the Court's June 18 order, and did not designate any record evidence to provide independent support for particular elements of their defenses, Lilly should not be foreclosed from discovery into factual support that may establish that those particular elements are or are not met. [*See* Filing No. 1233, at ECF p. 4.] Put more succinctly, Lilly contends that Rule 56(d) entitles it to discovery into factual issues even though Arch and the Upper Excess Carriers expressly limit their summary judgment motions to purely legal arguments. This argument flips the Rule 56(d) standard on its head, and Lilly fails to show the requested discovery is necessary to respond to Arch's and the Upper Excess Carriers' legal arguments.

Lilly argues that discovery into intent is necessary to oppose the Upper Excess Carriers' argument that laches bars Lilly from asserting its reformation claims. Lilly seeks discovery that could help it establish that it believed that the policies covered Lilly Brasil, which could negate the delay and acquiescence elements of the laches doctrine. *See SMDfund, Inc. v. Fort Wayne-Allen Cty. Airport Auth.*, 831 N.E.2d 725, 729 (Ind. 2005) (listing elements of laches). Lilly also seeks discovery into whether the Upper Excess Carriers understood the policies to cover Lilly

---

[4] Arch includes a lengthy footnote asking for the affidavit to be stricken because it goes beyond a sworn statement of facts to include additional argument and because the affiant is not competent to testify to many of the facts contained therein. [Filing No. 1232, at ECF p. 2 n.1.] The Court overlooks whatever shortcomings this affidavit may have and declines to strike it.

Brasil, which could negate the prejudice element. However, the elements of laches are irrelevant to the Upper Excess Carriers' motion. The Court ruled that Lilly cannot assert reformation claims against Arch. [Filing No. 1118, at ECF p. 15.] The Upper Excess Carriers' motion does nothing more than walk through the Court's reasoning and argue that the same reasoning applies to them. [Filing No. 1229-1, at ECF pp. 12–15.] Whether the Upper Excess Carriers could establish laches in a different manner has no bearing on their motion, so additional discovery into that issue is not necessary for Lilly to be able to respond to the motion.

Lilly also argues that the discovery it seeks is relevant to the merits of its reformation claims, but the merits of its reformation claims are even further removed from the Upper Excess Carriers' motion than the elements of laches. The Upper Excess Carriers' motion does not in any way raise the issue of the merits of Lilly's reformation claims. Again, it only seeks to apply the Court's reasoning in the June 18 order to Lilly's claims against them. Lilly is under no burden to prove the merits of its reformation claims to survive the Upper Excess Carriers' motion for summary judgment. *See* Fed. R. Civ. P. 56(a); *Protective Life Ins. Co. v. Hansen*, 632 F.3d 388, 391–92 (7th Cir. 2011). Therefore, Lilly has not shown the discovery is necessary.[5] Further, Lilly admits that it seeks evidence that could support its reformation claims and undermine both the Upper Excess Carriers' assertion of laches as well as Arch's. [*See*, *e.g.* Filing No. 1230-2, at ECF p. 17 (discussing Arch's intent with respect to laches and reformation).] Indeed, most of Lilly's discussion of the evidence it seeks concerns Arch's intent and attempts to show that same intent carries through to the Upper Excess Carriers. [*Id.* at ECF

---

[5] Lilly's assertion that it is entitled to take the discovery on the merits in order to complete the evidentiary record in the event of an appeal is unsupported and unpersuasive. The June 18 order did not address the merits, the pending summary judgment motions do not address the merits, and there is no reason to think that the Seventh Circuit would consider merits arguments not properly before it.

pp. 13–27.] In this respect, Lilly's motion veers away from a Rule 56(d) motion toward a motion to reconsider the Court's June 18 order. Efforts to undermine that order through this Rule 56(d) motion or through Lilly's opposition to the latest summary judgment motions are misplaced.

Lilly next argues that it needs Rule 56(d) discovery to be able to defend against Arch's and the Upper Excess Carriers' summary judgment motions regarding Lilly's bad faith and civil conversion claims.[6] Lilly alleges Arch and the Upper Excess Carriers acted in bad faith when they denied coverage for Lilly Brasil, and that they committed civil conversion when they accepted premiums from Lilly that they knew Lilly thought included coverage for Lilly Brasil. Just as with the Upper Excess Carriers' above-discussed arguments concerning reformation, both Arch and the Upper Excess Carriers argue that the Court's June 18 order closes the door on these claims.[7] [Filing No. 1228-1, at ECF p. 7–9; Filing No. 1229-1, at ECF pp. 14–18.]

With respect to bad faith, Lilly argues that *Monroe Guaranty Ins. Co. v. Magwerks*, 829 N.E.2d 968 (Ind. 2005), keeps the door open. [Filing No. 1230-2, at ECF pp. 31–33.] According to Lilly, *Magwerks* stands for the proposition that an insurance company cannot claim a coverage dispute was in good faith if the insurance company had earlier acknowledged coverage. [Filing No. 1233, at ECF p. 17 (discussing *Magwerks*, 829 N.E.2d at 976–77).] Lilly argues that to present a factual dispute regarding acknowledgment, Lilly needs to depose three underwriters

---

[6] Lilly argues that the Court should not consider Arch's and the Upper Excess Carriers' summary judgment arguments on these claims because the issues are stayed until Phase II of this case. The Court declines to address this argument in the contest of a Rule 56(d) motion. This argument is more properly considered with Lilly's opposition to the pending summary judgment motions.

[7] Arch and the Upper Excess Carriers do not strictly limit their arguments to the June 18 order. For example, the Upper Excess Carriers argue Lilly's conversion claim is barred by the economic loss doctrine [Filing No. 1229-1, at ECF p. 19], and Arch argues the claim is barred by the statute of limitations. [Filing No. 1228-1, at ECF p. 7.] However, Lilly does not seek any discovery to oppose these additional legal defenses.

(Ron Pardo, Diane Anzore, and Warren Prewett) and take two Rule 30(b)(6) depositions from individual carriers within the Upper Excess Carriers. [*Id.* at ECF p. 18 n.9.] Lilly contends it is entitled to the depositions because it has not yet deposed them, the testimony may show "further evidence of bad faith conduct," and the deponents will help Lilly understand documents Lilly claims support its acknowledgment theory. [Filing No. 1230-2, at ECF p. 33; Filing No. 1233, at ECF p. 18.] However, Lilly admits it has "underwriting documents that, on their face, suggest [the Upper Excess Carriers'] underwriters understood their policies covered Lilly's worldwide operations." [Filing No. 1233, at ECF p. 18.] While additional discovery could potentially generate more evidence in opposing the Upper Excess Carriers' summary judgment motion, Lilly does not meet its burden in showing that the discovery is necessary; Lilly already possesses evidence of this ilk.[8] *See Franklin v. Express Text, LLC*, 727 Fed. App'x 853, 855–56 (7th Cir. 2018) (overturning the district court's denial of Rule 56(d) discovery where the denial left the plaintiff without any opportunity to discover any evidence to contradict the only affidavit on which the district court relied in granting summary judgment).

Regarding Lilly's civil conversion claim, Lilly makes no effort to narrow down what parts of the requested discovery directly apply. Rather, Lilly asserts, "The same discovery that is relevant to reformation, laches, and Arch's and the Upper Excess Carriers' bad faith conduct also is relevant to Lilly's civil conversion claim." [Filing No. 1230-2, at ECF p. 33–34.] This broad request shows that Lilly wants to oppose the summary judgment motions by finding and relying on evidence that may support its reformation claims. However, precisely as with the above

---

[8] Here again Lilly's argument veers into a request for discovery for evidence necessary to prove the merits of its claims. Lilly need not prove the merits of its claims to oppose summary judgment. *See* Fed. R. Civ. P. 56(a); *Protective Life Ins. Co. v. Hansen*, 632 F.3d 388, 391–92 (7th Cir. 2011).

9

discussion regarding discovery into reformation claims against the Upper Excess Carriers, this discovery goes well beyond Arch's and the Upper Excess Carriers' arguments in support of their summary judgment motions. And again, Lilly fails to show how potential additional support for its reformation claims would contradict Arch's and the Upper Excess Carriers' legal arguments that the Court's June 18 ruling bars Lilly's civil conversion claims.

**IV.  Conclusion**

Lilly fails to meet its Rule 56(d) burden of showing the requested discovery is necessary to respond to Arch's and the Upper Excess Carriers' summary judgment motions. The summary judgment motions are predicated on the legal theory that the Court's June 18 order disposes of Lilly's other claims, and Lilly fails to show that additional discovery is necessary for it to oppose Arch's and the Upper Excess Carriers' legal arguments. Therefore, Lilly's Rule 56(d) motion [Filing No. 1230] should be denied.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Absent a showing of good cause, failure to file objections within 14 days after service shall constitute a waiver of subsequent review.

Date: 7/2/2019

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution: All ECF-registered counsel of record by email.