**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| ELI LILLY AND COMPANY, and ELI LILLY DO BRASIL LTDA, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:13-cv-01770-TWP-TAB |
| ARCH INSURANCE COMPANY, ARCH SPECIALTY INSURANCE COMPANY, COMMERCIAL UNION INSURANCE COMPANY, ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, LIBERTY INSURANCE UNDERWRITERS INC., RSUI INDEMNITY COMPANY, WESTCHESTER SURPLUS LINES INSURANCE CO., and XL INSURANCE AMERICA, INC., | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING PLAINTIFFS' MOTION FOR RELIEF**

This matter is before the Court on a Motion for Relief Pursuant to Rule 56(d) and Objections to Report and Recommendation on the Rule 56(d) Motion (Filing No. 1230; Filing No. 1248) filed by Plaintiffs Eli Lilly and Company ("Lilly") and Eli Lilly do Brasil, Ltda. ("Lilly Brasil") (collectively, "Plaintiffs"). The Plaintiffs brought this action asserting claims for insurance coverage for underlying lawsuits regarding liability for environmental and other claims against Lilly Brasil. The Plaintiffs assert other related claims, and seek declaratory relief and damages against some of Lilly's insurers: Arch Insurance Company and Arch Specialty Insurance Company (collectively, "Arch"), Endurance American Specialty Insurance Company ("Endurance"), Liberty Insurance Underwriters Inc. ("LIU"), RSUI Indemnity Company

("RSUI"), Westchester Surplus Lines Insurance Co. ("Westchester"), and XL Insurance America Inc. ("XL").[1]

On June 13, 2019, Arch and the Upper Excess Carriers filed separate motions for summary judgment on the Plaintiffs' claims. On June 14, 2019, the Plaintiffs filed their Motion for Relief Pursuant to Rule 56(d), requesting additional discovery concerning the Defendants' summary judgment motions. The Rule 56(d) Motion was referred to the Magistrate Judge for a report and recommendation. Magistrate Judge Baker issued his Report and Recommendation, to which the Plaintiffs filed Objections. For reasons stated below, the Court finds no error of law or fact in the Report and Recommendation and therefore **overrules** the Plaintiffs' Objections (Filing No. 1248), **adopts** the Magistrate Judge's Report and Recommendation (Filing No. 1243), and **denies** the Plaintiffs' Motion for Relief Pursuant to Rule 56(d) (Filing No. 1230).

## I.  LEGAL STANDARD

A district court may assign dispositive motions to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any proposed findings of fact. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009); *see also* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). "The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it." *Schur*, 577 F.3d at 760; *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). After a magistrate judge makes a report and recommendation, either party may object within fourteen days. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

---

[1] Defendants Endurance, LIU, RSUI, Westchester, and XL will be collectively referred to as "Upper Excess Carriers."

Further, a judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*  A district court also may assign non-dispositive matters to a magistrate judge under Rule 72(a).

## II.  DISCUSSION

The history and facts of this matter are sufficiently set forth in the Magistrate Judge's Report and Recommendation, which the Court adopts, so only a brief synopsis of the background is stated in this Order.  In addition, the legal analysis and conclusions of the Magistrate Judge are set forth in that ruling ([Filing No. 1243](#)), and need not be repeated.

On June 18, 2018, the Court issued an Order providing some relief to Arch and co-defendant Commercial Union Insurance Company (now known as Lamorak Insurance Company ("Lamorak")) after Arch and Lamorak filed summary judgment motions ([Filing No. 1118](#)).  The Court's Order granted summary judgment to Arch on the Plaintiffs' reformation claims because the claims are barred by the *laches* doctrine, and it granted summary judgment to Lamorak on all claims asserted against it.  The Court also determined that Lilly Brasil does not have standing to bring claims against Arch.  *Id.* at 26–27.

Following the Court's June 18, 2018 summary judgment Order, the Upper Excess Carriers and Arch filed new motions for summary judgment, arguing that they are entitled to judgment on the Plaintiffs' remaining claims based on the prior summary judgment Order.  They base their motions on the Court's rulings on reformation, *laches*, and standing.  The Plaintiffs responded with their Rule 56(d) Motion, asserting that they need additional discovery in order to fully respond to the pending summary judgment motions.  The Magistrate Judge's Report and Recommendation concludes that additional discovery is not necessary for the Plaintiffs to be able to respond to the summary judgment motions, and thus, it recommends denial of the Rule 56(d) Motion.

Much of the Plaintiffs' Objection to the Report and Recommendation reiterates the arguments presented in the original Rule 56(d) Motion. The Plaintiffs argue that they should be permitted to seek any and all relevant and discoverable evidence concerning the case before responding to the summary judgment motions, and they assert that the Report and Recommendation is erroneous in cutting short their discovery opportunity.  However, Rule 56(d) does not open the door to any and all discovery; it provides a mechanism to seek discovery necessary for the pending summary judgment motions.  *See Citizens for Appropriate Rural Rds. v. Foxx*, 815 F.3d 1068, 1082 (7th Cir. 2016).  The Court finds no error in the Magistrate Judge's recommendation in this regard.

The Plaintiffs complain that the Report and Recommendation states "Lilly" asked the Court to stay discovery, and they argue this is erroneous because the parties agreed to the stay.  However, the Report and Recommendation is not in error as it correctly explains Lilly asked the Court to stay discovery and the Defendants did not object to the stay, which is recorded in the Court's conference notes at [Filing No. 1157](#).

The Plaintiffs also argue the Report and Recommendation is erroneous in concluding the summary judgment motions are limited to "purely legal" issues because the motions involve questions of fact.  The Court disagrees with the Plaintiffs' position and agrees with the Magistrate Judge that the pending summary judgment motions concern legal questions about the impact of the prior summary judgment Order on the remaining claims.

The Court's review of the Magistrate Judge's consideration, analysis, and conclusions regarding the need for additional discovery to respond to the pending summary judgment motions leads the Court to conclude that the Magistrate Judge's determination was correct and without error.

### III.  CONCLUSION

For the reasons stated above, the Court **OVERRULES** the Plaintiffs' Objections (Filing No. 1248), **ADOPTS** the Magistrate Judge's Report and Recommendation (Filing No. 1243), and **DENIES** the Plaintiffs' Motion for Relief Pursuant to Rule 56(d) (Filing No. 1230).  The Plaintiffs are **ordered** to file their response, if any, to the pending summary judgment motions (Filing No. 1228 and Filing No. 1229) within **thirty (30) days** of the date of this Order.  The Defendants may file a reply within **fourteen (14) days** after the Plaintiffs' response is served.

SO ORDERED.

Date: 5/28/2020

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Thomas B. Bays
NORRIS CHOPLIN & SCHROEDER LLP
tbays@ncs-law.com

Eileen K. Bower
CLYDE & CO US LLP
Eileen.Bower@clydeco.us

Jeffrey D. Claflin
PLEWS SHADLEY RACHER & BRAUN
jclaflin@psrb.com

Jared K. Clapper
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
jclapper@nicolaidesllp.com

Colin Edington Connor
PLEWS SHADLEY RACHER & BRAUN
cconnor@psrb.com

Andrew J. Detherage
BARNES & THORNBURG LLP
andy.detherage@btlaw.com

Kyle Andrew Lansberry
LEWIS WAGNER LLP
klansberry@lewiswagner.com

Cynthia Elaine Lasher
NORRIS CHOPLIN & SCHROEDER LLP
clasher@ncs-law.com

Ryan Taylor Leagre
PLEWS SHADLEY RACHER & BRAUN
rleagre@psrb.com

Michael P. McNamee
MEAGHER & GEER PLLP
mmcnamee@meagher.com

Erik S. Mroz
DREWRY SIMMONS VORNEHM, LLP
emroz@dsvlaw.com

Katherine Werner O'Malley
COZEN O'CONNOR
komalley@cozen.com

Kyle M. Dickinson
TRAUB LIEBERMAN STRAUS & SHREWBERRY LLP
kdickinson@traublieberman.com

Danielle C. Dobry
MEAGHER & GEER PLLP
ddobry@meagher.com

Wendy N. Enerson
COZEN O'CONNOR
wenerson@cozen.com

John Paul Fischer, Jr.
BARNES & THORNBURG LLP
john.fischer@btlaw.com

Ana M. Francisco
FOLEY & LARDNER LLP
afrancisco@foley.com

Michael Robert Giordano
LEWIS WAGNER LLP
mgiordano@lewiswagner.com

Emily A. Golding
CLYDE & CO US LLP
emily.golding@clydeco.us

Gregory M. Gotwald
PLEWS SHADLEY RACHER & BRAUN
ggotwald@psrb.com

Megan B. Gramke
ULMER & BERNE LLP
mgramke@ulmer.com

Scott A. Harkness
NORRIS CHOPLIN & SCHROEDER LLP
sharkness@ncs-law.com

Georgia Hatzis
ULMER & BERNE LLP
ghatzis@ulmer.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com

Meghan Eileen Ruesch
LEWIS WAGNER LLP
mruesch@lewiswagner.com

Gina M. Saelinger
ULMER & BERNE LLP
gsaelinger@ulmer.com

Frederic Xavier Shadley
ULMER & BERNE LLP
fshadley@ulmer.com

Charles E. Spevacek
MEAGHER & GEER PLLP
cspevacek@meagher.com

Samuel R. Stalker
COZEN O'CONNOR
sstalker@cozen.com

Monica T. Sullivan
NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP
msullivan@nicolaidesllp.com

Meaghan A. Sweeney
NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP
msweeney@nicolaidesllp.com

Jason M. Taylor
TRAUB LIEBERMAN STRAUS & SHREWSBERRY
jtaylor@traublieberman.com

David A. Temple
DREWRY SIMMONS VORNEHM, LLP
dtemple@DSVlaw.com

Joseph P. Thomas
ULMER & BERNE LLP
jthomas@ulmer.com

Jennifer Snyder Heis
ULMER & BERNE LLP
jheis@ulmer.com

Christian P. Jones
BARNES & THORNBURG, LLP
christian.jones@btlaw.com

Bruce L. Kamplain
NORRIS CHOPLIN & SCHROEDER LLP
bkamplain@ncs-law.com

Joshua A. Klarfeld
ULMER & BERNE LLP
jklarfeld@ulmer.com

Michael S. Knippen
TRAUB LIEBERMAN STRAUS &
SHREWSBERRY LLP
mknippen@traublieberman.com

John Carl Trimble
LEWIS WAGNER LLP
jtrimble@lewiswagner.com

Bryan Vezey
COZEN O'CONNOR
bvezey@cozen.com

Mark F. Wolfe
TRAUB LIEBERMAN STRAUS &
SHREWSBERRY LLP
mwolfe@traublieberman.com

Bradley J. Wombles
NORRIS CHOPLIN & SCHROEDER
bwombles@ncs-law.com

Joseph Ziemianski
COZEN O'CONNOR
jziemianski@cozen.com