UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ELI LILLY AND COMPANY,<br>ELI LILLY DO BRASIL LTDA, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | No. 1:13-cv-01770-TWP-TAB |
| ARCH INSURANCE COMPANY,<br>ARCH SPECIALTY INSURANCE COMPANY,<br>COMMERCIAL UNION INSURANCE<br>COMPANY N/K/A ONEBEACON AMERICA<br>INSURANCE COMPANY,<br>ENDURANCE AMERICAN SPECIALTY<br>INSURANCE COMPANY,<br>LIBERTY INSURANCE UNDERWRITERS<br>INC.,<br>RSUI INDEMNITY COMPANY,<br>WESTCHESTER SURPLUS LINES<br>INSURANCE CO.,<br>XL INSURANCE AMERICA, INC., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | )<br>) | |
| COMMERCIAL UNION INSURANCE<br>COMPANY N/K/A ONEBEACON AMERICA<br>INSURANCE COMPANY, | )<br>)<br>)<br>) | |
| Counter Claimant, | )<br>) | |
| v. | )<br>) | |
| ELI LILLY AND COMPANY,<br>ELI LILLY DO BRASIL LTDA, | )<br>)<br>) | |
| Counter Defendants. | ) | |

1

## ORDER ON DEFENDANTS' MOTION TO STRIKE

Defendants, collectively referred to as the "Upper Excess Carriers," have filed a motion to strike. [Filing No. 1309.] That motion seeks to strike the Eli Lilly Plaintiffs' evidentiary appendix as well as the portions of Lilly's summary judgment opposition that reference a second declaration by Jack Costigan. The motion to strike is denied.

As Lilly's response to the motion to strike points out, such collateral motions are disfavored. [Filing No. 1323, at ECF p. 1-2.] Nevertheless, there are times when it is appropriate to strike a filing. Lilly has certainly given the Upper Excess Carriers reason to request such relief. Lilly sought leave to file a 90-page summary judgment response, but the Court limited the filing to 65 pages. [Filing No. 1275, at ECP p. 4.] Undaunted, Lilly filed a 65-page response brief as well as a 61-page "Evidentiary Appendix." These filings suggest Lilly is attempting to circumvent the Court's order limiting the filing to 65 pages. Not so, claims Lilly, noting Local Rule 56-1(e) permits a party to include an appendix of admissible evidence with its summary judgment brief. [Filing No. 1309, at ECF p. 3.] True, but it is fair to say that a party that is denied leave to file a 90-page brief, but generously given 65 pages for its response (well beyond this Court's 35-page limit), should not try and push its luck by tacking on a 61-page appendix.

So whether to strike this appendix is, indeed, a close question. The Court declines to do so for several reasons. First, the local rules provide for an appendix. Second, the brief Lilly submitted is within the page limitations the Court ordered. Third, motions to strike are disfavored, and the Court prefers to address the merits of disputes rather than being sidetracked by motions such as this one. Moreover, were the Court to strike the appendix, Lilly no doubt would then seek leave to file some evidentiary support for its summary judgment response.

Given the dust-ups that have occurred in this case already, Lilly's likely motion for leave would seemingly draw an objection, which then would require the Court to address another collateral matter. All the while an examination of the merits of this dispute would be on hold.

The Upper Excess Carriers' request to strike portions of Lilly's summary judgment opposition that reference Costigan's second declaration is more straightforward. The Upper Excess Carriers claim that the declaration is improper, and prejudicial, because Costigan executed the affidavit after the discovery deadline. However, there is nothing improper about submitting an affidavit in connection with a summary judgment response, or submitting expert evidence to oppose summary judgment. As Lilly correctly points out, "The Upper Excess Insurers can either respond to the expert declaration by submitting their own evidence or asking to depose [Costigan], or they can ask the Court to disregard its significance. But they cannot collaterally eliminate it from the record." [Filing No. 1323, at ECF p. 5.]

For these reasons, The Upper Excess Carriers' motion to strike [Filing No. 1309] is denied.

Date:  9/2/2020

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all counsel of record