UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ELI LILLY AND COMPANY,<br>ELI LILLY DO BRASIL LTDA, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | No. 1:13-cv-01770-TWP-TAB |
| ARCH INSURANCE COMPANY,<br>ARCH SPECIALTY INSURANCE COMPANY,<br>COMMERCIAL UNION INSURANCE<br>COMPANY N/K/A ONEBEACON AMERICA<br>INSURANCE COMPANY,<br>ENDURANCE AMERICAN SPECIALTY<br>INSURANCE COMPANY,<br>LIBERTY INSURANCE UNDERWRITERS<br>INC.,<br>RSUI INDEMNITY COMPANY,<br>WESTCHESTER SURPLUS LINES<br>INSURANCE CO.,<br>XL INSURANCE AMERICA, INC., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

**ORDER**

The Court held a status conference November 18, 2022, and heard argument as to the appropriate next steps to move this litigation closer to resolution in light of the Court's September 30, 2022, ruling on cross summary judgment motions. [Filing Nos. 1402, 1405.] As it turns out, the parties have drastically different views on how this case should proceed.

To understand the parties' positions—and perhaps their divergent views on how to proceed—a bit of background is required. However, the Court keeps this background short, since it has been set forth many times in this years-long litigation. In brief, this is an action for declaratory relief and damages in which Plaintiffs seek a determination of their rights from various insurance policies allegedly sold by Defendants, which Plaintiffs contend provide them with defense and indemnity against various claims asserted by the government of Brazil and its

citizens related to alleged contamination at a Brazil manufacturing plant.  Defendants have asserted numerous defenses, including late notice, known loss, and known claim.

In recognition of the complex nature of this case, the Court implemented a phased approach to case management.  Phase I was targeted to identify the underlying claims and insurance policies, address duty to defend and defense costs related to underlying liabilities, and defenses thereto.  Phase II was geared to duty to indemnify and any other remaining issues.  The Court stayed Phase II until the underlying claims are resolved. [Filing No. 214, at ECF p. 6.]  On June 18, 2018, the Court (in a decision by then presiding Judge Miller) granted summary judgment in favor of Defendants Arch Insurance Company and Arch Specialty Insurance Company (the "Arch Defendants") as to Plaintiffs' reformation claims. [Filing No. 1118.]  The Court's September 30, 2022, summary judgment order (a decision by now presiding Chief Judge Pratt) expressly referenced Judge Miller's prior reformation ruling. [Filing No. 1402, at ECF p. 9.]

Having set forth this brief factual background, the Court now turns to the dispute at hand.  Plaintiffs want to continue using a phased approach, with the next step being extensive discovery and resolution of a number of discovery disputes, followed by a three-week trial in late 2023 or early 2024 solely on the issue of contract reformation. [Filing No. 1411.]  In contrast, Defendants want to maintain the status quo, which is to effectively keep this case on hold until the Brazil litigation concludes.  While neither approach is ideal, the Court's considerable discretion is best exercised in favor of maintaining the status quo.  This conclusion is appropriate for several reasons.

First, the Court agrees with the Arch Defendants that "…until the underlying actions in Brazil conclude, plaintiffs cannot quantify their damages and it remains unknown whether there is even anything to indemnify." [Filing No. 1412, at ECF p. 5.]  Second, although Plaintiffs are

2

pushing for a trial on reformation, Judge Miller already granted summary judgment to the Arch Defendants as to Plaintiffs' reformation claims (Counts IV and V). [Filing No. 1118.] As a result, any reformation trial would only be directed at the parties (referred to as the "Upper Excess Carriers") who potentially owe insurance coverage only after exhaustion of any primary coverage. Third, it is not apparent that resolution of the reformation claims against the Upper Excess Carriers would materially advance resolution of the coverage issues in this case. This is because, regardless of which side prevails on the reformation claims, further litigation will be required to determine whether the Upper Excess Carriers, or any Defendant, has any coverage obligations. Fourth, Plaintiffs' proposed Phase I trial would be daunting. Plaintiffs are requesting three weeks for the Phase I trial. [Filing No. 1411-1, at ECF p. 8.] In addition to this enormous outlay of time, the parties reported at the November 18 status conference that pushing this litigation forward will bring multiple motions to compel and require extensive expert discovery, in addition to numerous other depositions. Finally, proceeding with such a lengthy Phase I trial would be highly inefficient given that potentially duplicative discovery would be needed for Phase II, in addition to overlapping witnesses and factual determinations at trial. Indeed, Plaintiffs' proposed course of action would require piecemeal resolution of Plaintiffs' claims, involve significant time and expense, and would do nothing to expedite final resolution of this litigation.

    As the Court observed in its September 30 summary judgment ruling, "…it would be fundamentally unfair and unfairly prejudicial to determine Arch's coverage obligations to the Plaintiffs without allowing Arch to fully present its coverage defenses." [Filing No. 1402, at ECF p. 22.] And while Plaintiffs understandably object to the inherent prejudice associated with further delaying this litigation, such prejudice seemingly impacts both sides relatively equally. Accordingly, Plaintiffs' proposed amended Case Management Plan [Filing No. 1411-1]

3

is denied for the reasons set forth in this order and for the reasons more fully set forth in Defendants' statements objecting to Plaintiffs' proposal.[1]  [Filing Nos. 1412, 1413, and 1415.]

Date:  11/22/2022

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

---

[1] Defendant Lamorak Insurance Company opposes Plaintiffs' approach on slightly different grounds, noting that the Court dismissed Lamorak on summary judgment, though the Court declined to issue a final judgment.  [Filing Nos. 1118, 1186.]