UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY,<br>ELI LILLY DO BRASIL LTDA,<br><br>               Plaintiffs,<br><br>               v.<br><br>ARCH INSURANCE COMPANY,<br>ARCH SPECIALTY INSURANCE COMPANY,<br>COMMERCIAL UNION INSURANCE<br>COMPANY N/K/A ONEBEACON AMERICA<br>INSURANCE COMPANY,<br>ENDURANCE AMERICAN SPECIALTY<br>INSURANCE COMPANY,<br>LIBERTY INSURANCE UNDERWRITERS<br>INC.,<br>RSUI INDEMNITY COMPANY,<br>WESTCHESTER SURPLUS LINES<br>INSURANCE CO. Added on 1/27/2015 per<br>Amended Complaint,<br>XL INSURANCE AMERICA, INC.,<br><br>               Defendants.<br><br>COMMERCIAL UNION INSURANCE<br>COMPANY N/K/A ONEBEACON AMERICA<br>INSURANCE COMPANY,<br><br>               Counter Claimant,<br><br>               v.<br><br>ELI LILLY AND COMPANY,<br>ELI LILLY DO BRASIL LTDA,<br><br>               Counter Defendants. | No. 1:13-cv-01770-TWP-TAB |

**<u>ORDER DENYING PLAINTIFFS' MOTION TO REVISE</u>**

      This matter is before the Court on a Motion to Revise Interlocutory 2018 Order Granting Summary Judgment for Arch on Reformation Claims, to Conform with 2022 Order Denying

1

Summary Judgment for Upper Excess Carriers on Same Issue (the "Motion to Revise") filed by Plaintiffs Eli Lilly & Company and Eli Lilly do Brasil, Ltda. ("Lilly Brasil") (together, "Lilly") (Filing No. 1425). Lilly requests that the Court vacate and revise the Court's prior ruling granting summary judgment in favor of Defendants Arch Insurance Company and Arch Specialty Insurance Company (together, "Arch") on Lilly's reformation claims as being barred by the laches doctrine. For the reasons stated below, the Court **denies** the Motion to Revise.

## I.     BACKGROUND

On October 7, 2013, Eli Lilly & Company and its wholly owned subsidiary, Lilly Brasil, initiated this insurance coverage action in state court, seeking declaratory relief and damages (Filing No. 16-1). The lawsuit seeks a determination of rights arising from the insurance policies sold to Eli Lilly & Company by the defendant insurance companies. Lilly requests insurance coverage for certain underlying actions involving liability for environmental and other matters brought against Lilly Brasil by the government and citizens of Brazil. *Id.* at 9.

First level excess insurance policies were issued by Arch (the "Arch Policies"), and upper excess policies (the "Upper Excess Policies") were issued by various upper excess carriers, including Defendants Endurance American Specialty Insurance Company, Liberty Insurance Underwriters, Inc., RSUI Indemnity Company, Westchester Surplus Lines Insurance Company, and XL Insurance America, Inc. (collectively, the "Upper Excess Carriers"). The Upper Excess Policies sit above and "follow form" to the Arch Policies, meaning that the Upper Excess Policies incorporate the same terms that appear in the Arch Policies unless expressly stated otherwise (Filing No. 1425 at 2).

Following numerous motions to dismiss and for judgment on the pleadings, as well as Lilly's voluntary notices of dismissal, some of the original insurance company defendants were dismissed from the case, Lilly filed its Second Amended Complaint (Filing No. 289). Soon

2

thereafter, on November 20, 2015, Arch moved for judgment on the pleadings ("MJOP") (Filing No. 302). Arch argued, in part, that Lilly's reformation claims were barred by the doctrine of laches and that, absent reformation, Lilly Brasil was not a named insured on the Arch Policies and lacked standing. Following several deadline extensions, on July 15, 2016, Lilly filed its response to Arch's MJOP and cross-moved for partial summary judgment (Filing No. 457). Lilly responded to Arch's laches argument but did not cross-move for summary judgment on that issue. On July 20, 2016, the Court converted Arch's MJOP to a motion for summary judgment (Filing No. 465).[1] Following several more deadline extensions, on January 12, 2018, Arch filed its combined reply in support of its MJOP and response to Lilly's cross-motion for summary judgment (Filing No. 905), and on February 23, 2018, Lilly filed its reply in support of its cross-motion (Filing No. 982).

On June 18, 2018, Judge Robert L. Miller ruled on Lilly's and Arch's cross-motions (the "2018 Order") (Filing No. 1118). The 2018 Order, in part, granted Arch's motion for summary judgment as to Lilly's reformation claims "because they are barred by the laches doctrine." *Id.* at 26–27. The 2018 Order also granted Arch's motion as to Lilly Brasil's claims, finding that without reformation and because Lilly Brasil was not a named insured on the insurance policies, Lilly Brasil lacked standing to bring claims against Arch. *Id.* at 12–15.

On February 20, 2019, the case was reassigned to the undersigned Judge (Filing No. 1204). On June 13, 2019, the Upper Excess Carriers filed a motion for summary judgment arguing, in part, that Lilly's reformation claims against them were barred by laches (Filing No. 1229). In response to the Upper Excess Carriers' laches argument, Lilly designated "extensive additional evidence" that was not put before Judge Miller in 2018, including deposition testimony from eight

---

[1] Despite having been converted to a motion for summary judgment, the Court will refer to Arch's motion as the "MJOP" in this Order.

3

witnesses and additional underwriting documents (Filing No. 1426 at 9–10). On September 30, 2022, the Court ruled on the Upper Excess Carriers' motion (the "2022 Order") (Filing No. 1410). The 2022 Order denied the Upper Excess Carriers' motion for summary judgment as to laches. The Court specifically stated that Lilly had designated "a raft of evidence . . . including evidence from the insurance brokers, insurance underwriters, and insurance vice presidents" that "tends to negate the [laches] elements of inexcusable delay and knowing acquiescence." *Id.* at 27–29. The 2022 Order further stated, "[b]ased on the record before the Court and viewing it in the light favorable to the non-movant, the Court cannot conclude that the June 2018 Order and its ruling on laches applies to bar the Plaintiffs' reformation claims against the Upper Excess Carriers." *Id.* at 29. Over seven months later, on May 9, 2023, Lilly filed the instant Motion to Revise (Filing No. 1425).

## II. LEGAL STANDARD

Lilly's Motion to Revise is properly classified as a motion to reconsider under Federal Rule of Civil Procedure 54(b) because no final judgment has been entered in this case.[2] *See* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").

In ruling on Rule 54(b) motion to reconsider, the Court applies a similar standard as applied to motions to alter or amend a judgment under Rule 59(e). Motions to reconsider filed pursuant to Rule 54(b) or Rule 59(e) are for the purpose of correcting manifest errors of law or fact or to

---

[2] Lilly asserts that its Motion to Revise is brought pursuant to both Rule 54(b) and the Court's inherent authority to revise prior orders. This is a distinction without a difference, since courts apply the same limitations to both sources of authority. *See Boston v. U.S. Steel*, No. 13-cv-00532, 2015 WL 4481990, at *1 (S.D. Ill. July 22, 2015) ("It is well established that district courts have the authority to review interlocutory orders. Rule 54(b), inherent authority, and common law inform the Court's ability to review non-final orders.").

4

present newly discovered evidence not available at the time of briefing, and a motion to reconsider an order under Rule 54(b) is judged by largely the same standard as a motion to alter or amend a judgment under Rule 59(e). *Katz-Crank v. Haskett*, No. 13-cv-00159, 2014 WL 3507298, at *1–2 (S.D. Ind. July 14, 2014); *Woods v. Resnick*, 725 F. Supp. 2d 809, 827–28 (W.D. Wis. 2010).

Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009). The motion is to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). A motion to reconsider under Rule 54(b) also may be appropriate where there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* (citation omitted).

The purpose of a motion for reconsideration is to ask the Court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). The motion "will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted).

Furthermore,

> Motion practice is not an exercise in trial and error or maybe-maybe not where a party can reserve arguments to present later if earlier ones fail. The Court is entitled

to assume that, if [a party] had viable arguments to support its claim, it would have presented them. The Court will not conduct [a party's] research and build [the party's] analysis in order to find facts and law to support [the party's] own claims.

*Brownstone Publ'g, LLC v. AT&T, Inc.*, No. 07-cv-1630, 2009 WL 799546, at *2 (S.D. Ind. Mar. 24, 2009). A motion to reconsider "is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Id.*

### III.  DISCUSSION

Lilly asserts that the 2018 Order must be vacated and revise to resolve an inconsistency between the 2018 and 2022 Orders and to correct manifest errors of fact or law in the 2018 Order.[3] Lilly argues that because the Upper Excess Policies "follow form" to the Arch Policies, any evidence of Lilly's attempts to reform the Upper Excess Policies is also evidence of attempts to reform the Arch Policies, and it would be illogical for the Court to apply the laches doctrine to Lilly's reformation claims against Arch but not the Upper Excess Carriers. Lilly asserts that this inconsistency must be resolved by applying the analysis in the Court's 2022 Order to the 2018 Order. Lilly contends that the more "developed" evidentiary record before the Court in 2022 shows that Judge Miller's 2018 Order contains manifest errors of fact or law that warrant reconsideration and revision (Filing No. 1434 at 3–4).

In response, Arch contends that Lilly failed to meet its burden as the non-movant in response to Arch's MJOP, and the mere fact that Lilly met its burden in response to the Upper Excess Carriers' motion does not mean that this Court can or should reconsider the 2018 Order. Arch also argues that the 2018 and 2022 Orders are not inconsistent, that the "law of the case"

---

[3] In its reply brief, Lilly makes clear that it is not moving to revise the 2018 Order on the basis of a change in law or fact or newly discovered evidence (Filing No. 1434 at 5 ("Lilly is not seeking reconsideration based on new law or facts that were unavailable when the 2018 Order was issued.")). Instead, Lilly plainly states that it only seeks to correct "a misapprehension that has produced a manifest error or law or fact." *Id.* at 3–4).

doctrine precludes reconsideration, and that the evidence cited by Lilly in 2022 does not preclude dismissal of the reformation claims against Arch under the laches doctrine. On reply, Lilly contends that Arch "ignores that the *identical issue* was presented in both the 2018 and 2022 Orders—whether Lilly's efforts to correct the named insured problem *in the Arch policies* create a fact issue on laches," and that the inconsistency in the Court's treatment of this "identical issue" requires reconsideration of the 2018 Order (Filing No. 1434 at 2 (emphasis in original)).

The central premise of Lilly's Motion to Revise—that the 2018 and 2022 Orders are inconsistent because they decided an "identical issue" differently—is flawed because it mischaracterizes the pertinent issue. The precise issue decided in the 2018 and 2022 Orders was whether summary judgment on laches was appropriate based on the evidentiary record before the Court. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) ("The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires trial."). In the 2018 Order, based on one evidentiary record, the Court found that summary judgment was appropriate. In the 2022 Order, based on a different and more developed evidentiary record, the Court found that it was not. The 2018 Order is not inconsistent with the 2022 Order because the 2018 Order might have been decided differently if it were based on the 2022 evidentiary record.

In addition to arguing that the 2018 and 2022 Orders are inherently inconsistent, which they are not, Lilly argues that Judge Miller's 2018 Order should be reconsidered because it contains a misapprehension resulting in manifest errors of fact or law. Specifically, Lilly asserts that Judge Miller conducted a "less searching analysis" of the Second Amended Complaint and made only a "passing reference to the much less comprehensive record" relating to Lilly's reformation efforts. However, Lilly cites no basis for concluding that Judge Miller entirely disregarded, misapplied, or

7

failed to recognize any specific facts, evidence, or controlling precedent. The mere absence of an explicit reference to certain evidence is not proof that Judge Miller entirely failed to consider that evidence. More importantly, Lilly fails to point to any evidence that, if considered, would have changed the outcome of the 2018 Order. *See Taylor v. Prince*, No. 19-cv-01201, 2021 WL 11605603, at *1 (S.D. Ill. May 7, 2021). Lilly noticeably does not argue that, based solely on the evidentiary record before Judge Miller in 2018, Arch was not entitled to summary judgment.

Instead, Lilly argues that based on the substantially more developed evidentiary record before this Court in 2022, summary judgment should have been denied. However, regardless of the sufficiency of the evidence Lilly designated in 2022, the fact remains that Lilly did not designate that same evidence in 2018. Lilly readily acknowledges that in 2018, Judge Miller only had a portion of the evidence that the Court considered in 2022. And despite Lilly's attempt to downplay the distinction between those evidentiary records, Lilly itself describes the additional evidence presented in 2022 as "extensive" and describes the 2018 evidentiary record as "much less comprehensive" (Filing No. 1426 at 9–10). To be sure, this additional evidence was not irrelevant to the Court's 2022 decision. In the 2022 Order, the Court explicitly noted that the "raft of evidence" that kept Lilly's reformation claims afloat included deposition testimony that was not before Judge Miller (Filing No. 1410 at 27). The Court also made abundantly clear in the 2022 Order that its laches decision was based on the then-current record before the Court. *Id.* at 27–29. Lilly may not use its Motion to Revise as a vehicle to supplement the 2018 summary judgment record with evidence it offered in 2022.

Arch also contends that reconsideration is inappropriate under the law of the case doctrine, and the Court agrees (Filing No. 1431 at 8–9). As this Court explained in *Rihm v. Ethicon, Inc.*:

> [t]he law of the case doctrine provides that "a ruling made in an earlier phase of a litigation controls the later phases unless a ***good reason*** is shown to depart from it."

8

> *Tice v. Am. Airlines, Inc.*, 373 F.3d 851, 853 (7th Cir. 2004); *see also HK Sys., Inc. v. Eaton Corp.*, 553 F.3d 1086, 1089 (7th Cir. 2009) ("The doctrine of law of the case counsels against a judge's changing an earlier ruling that he made in the same case . . . or that his predecessor as presiding judge had made.") (citations omitted). "Generally speaking, a successor judge should not reconsider the decision of a transferor judge at the same hierarchical level of the judiciary when a case is transferred." *Brengettcy v. Horton*, 423 F.3d 674, 680 (7th Cir. 2005). The law of the case doctrine "authorizes such reconsideration if there is a ***compelling reason***, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 572 (7th Cir. 2006).

No. 19-cv-04545, 2020 WL 5248604, at *1 (S.D. Ind. Sept. 3, 2020) (emphasis added)). Lilly argues that this doctrine does not bar this Court from reconsidering Judge Miller's order, and that the doctrine is inapplicable because the 2018 Order contains a manifest error of fact or law (Filing No. 1434 at 10). Lilly is correct that the law of the case doctrine does not strictly preclude reconsideration of another judge's order, but the Court finds that the doctrine is nevertheless applicable here. Lilly has presented no good or compelling reason to reconsider Judge Miller's 2018 Order. For the reasons explained above, the 2018 and 2022 Orders are not inconsistent, and the 2018 Order contains no manifest error of fact or law. The law of the case doctrine confirms that this Court should not reconsider Judge Miller's 2018 Order.

Lilly asserts that other practical inconsistencies and "paradoxes" may arise if the 2018 Order is not revised. Lilly argues that a reformation trial against only the Upper Excess Carriers would be complicated by the necessary admission of evidence regarding the Arch Policies, since the Upper Excess Policies "follow form" to the Arch Policies (Filing No. 1426 at 11). However, Lilly does not explain how the admission of evidence regarding Arch would complicate a reformation trial against only the Upper Excess Carriers. To the contrary, Lilly appears to confirm that the evidence presented at trial will be the same regardless of whether the reformation claims against Arch are dismissed or not. Lilly also argues in its reply that if it prevails at trial against the Upper Excess Carriers and "the 2018 Order is only then reversed on appeal, Lilly would then have

9

to conduct a second full, largely duplicative, reformation trial against Arch" (Filing No. 1434 at 3 n.2). Therefore, "it makes more sense, and conserves judicial resources, to try the reformation claims as to all parties only once." *Id.* The Court is not persuaded that the specter of an appellate reversal and hypothetical second trial warrants reconsideration of Judge Miller's 2018 Order.

Lastly, Lilly argues that absent reconsideration of the 2018 Order, a reformation trial may "lead to the paradoxical result that Arch's lead excess policies would be reformed for purposes of Lilly's pursuit of coverage under the Upper Excess Carriers' follow form policies, but the same Arch policies would *not* be reformed for purposes of Lilly's pursuit of coverage under the reformed Arch policies themselves" (Filing No. 1426 at 11 (emphasis in original)). The Court does not see how this situation is paradoxical, or how a jury would be unable to apply reformed terms as to only the Upper Excess Policies. As Arch notes, this "circumstance is no different from one in which a plaintiff sues multiple defendants, but the claims against one of those defendants is barred by the statute of limitations" (Filing No. 1431 at 14). Even though the dismissal of Lilly's reformation claims against Arch but not the Upper Excess Carriers might seem unfair to Lilly, that sense of unfairness is not an adequate ground for reconsideration of the 2018 Order.

Lilly has not identified a manifest error of fact or law in the 2018 Order or shown any other good and compelling reason to reconsider the 2018 Order under either Federal Rule of Civil Procedure 54(b) or the Court's inherent authority to reconsider priori orders. Lilly's Motion to Revise is therefore **denied**.

Because the Court is not reconsidering the 2018 Order, the Court declines to address the parties' additional arguments as to whether the 2022 evidentiary record precludes summary judgment on Lilly's reformation claims against Arch under the laches doctrine (Filing No. 1431 at 16–21; Filing No. 1434 at 11–18).

## IV. CONCLUSION

For the foregoing reasons, Lilly's Motion to Revise (Filing No. 1425) is **DENIED**.

**SO ORDERED**.

Date: 3/25/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Thomas B. Bays
NORRIS CHOPLIN & SCHROEDER LLP
tbays@ncs-law.com

Eileen K. Bower
CLYDE & CO US LLP
Eileen.Bower@clydeco.us

Thomas A. Brusstar
HINKHOUSE WILLIAMS WALSH LLP
tbrusstar@hww-law.com

Dennis F. Cantrell
Stoll Keenon Ogden PLLC
dennis.cantrell@skofirm.com

Jeffrey D. Claflin
PLEWS SHADLEY RACHER & BRAUN LLP
cstrayer@psrb.com

Colin Edington Connor
PLEWS SHADLEY RACHER & BRAUN
cconnor@psrb.com

Meghan C. Dalton
Clyde & Co US LLP
meghan.dalton@clydeco.us

Andrew J. Detherage
BARNES & THORNBURG LLP (Indianapolis)
andy.detherage@btlaw.com

Wendy N. Enerson
COZEN O'CONNOR (Chicago)
wenerson@cozen.com

Jeffrey B. Fecht
RILEY BENNETT EGLOFF LLP
jfecht@rbelaw.com

John Paul Fischer, Jr.
BARNES & THORNBURG LLP (Indianapolis)
john.fischer@btlaw.com

Ana M. Francisco
FOLEY & LARDNER LLP
afrancisco@foley.com

Michael Robert Giordano
LEWIS WAGNER, LLP
mgiordano@lewiswagner.com

Gregory M. Gotwald
PLEWS SHADLEY RACHER & BRAUN
ggotwald@psrb.com

Megan B. Gramke
UB Greensfelder LLP
mgramke@ubglaw.com

Scott A. Harkness
NORRIS CHOPLIN & SCHROEDER LLP
sharkness@ncs-law.com

Georgia Hatzis
ULMER & BERNE LLP
ghatzis@ulmer.com

Jennifer Snyder Heis
UB Greensfelder LLP
jheis@ubglaw.com

Katelyn H. Juerling
NORRIS CHOPLIN SCHROEDER
kjuerling@ncs-law.com

Joshua A. Klarfeld
ULMER & BERNE LLP
jklarfeld@ulmer.com

Michael S. Knippen
TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP
mknippen@traublieberman.com

Kyle Andrew Lansberry
LEWIS WAGNER, LLP
klansberry@lewiswagner.com

Ryan Taylor Leagre
PLEWS SHADLEY RACHER & BRAUN
rleagre@psrb.com

Michael P. McNamee
Meagher & Geer, P.L.L.P.
mmcnamee@meagher.com

Meaghan Minalt
NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP
mminalt@nicolaidesllp.com

Erik S. Mroz
DREWRY SIMMONS VORNEHM, LLP
emroz@dsvlaw.com

Katherine C. O'Malley
Cozen O'Connor
komalley@cozen.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com

Peter J. Preston
HINKHOUSE WILLIAMS WALSH LLP
ppreston@hww-law.com

Meghan Eileen Ruesch
LEWIS WAGNER, LLP
mruesch@lewiswagner.com

Gina M. Saelinger
ULMER & BERNE LLP
gsaelinger@ulmer.com

Frederic Xavier Shadley
ULMER & BERNE LLP
fshadley@ulmer.com

Charles E. Spevacek
Meagher & Geer, P.L.L.P.
cspevacek@meagher.com

Samuel R. Stalker
COZEN O'CONNOR (Chicago)
sstalker@cozen.com

Monica T. Sullivan
NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP
msullivan@nicolaidesllp.com

Jason M. Taylor
Traub Lieberman Straus & Shrewsberry LLP
jtaylor@traublieberman.com

David A. Temple
DREWRY SIMMONS VORNEHM, LLP (Carmel)
dtemple@DSVlaw.com

Joseph P. Thomas
ULMER & BERNE LLP
jthomas@ulmer.com

John Carl Trimble
LEWIS WAGNER LLP
jtrimble@lewiswagner.com

Bryan Vezey
COZEN O'CONNOR-Houston
bvezey@cozen.com

Mark F. Wolfe
TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP
mwolfe@traublieberman.com

Joseph Ziemianski
COZEN O'CONNOR (Houston)
jziemianski@cozen.com