UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ELI LILLY AND COMPANY,<br>ELI LILLY DO BRASIL LTDA, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | No. 1:13-cv-01770-TWP-TAB |
| ARCH INSURANCE COMPANY,<br>ARCH SPECIALTY INSURANCE COMPANY,<br>COMMERCIAL UNION INSURANCE<br>COMPANY N/K/A ONEBEACON AMERICA<br>INSURANCE COMPANY,<br>ENDURANCE AMERICAN SPECIALTY<br>INSURANCE COMPANY,<br>LIBERTY INSURANCE UNDERWRITERS<br>INC.,<br>RSUI INDEMNITY COMPANY,<br>WESTCHESTER SURPLUS LINES<br>INSURANCE CO. Added on 1/27/2015 per<br>Amended Complaint,<br>XL INSURANCE AMERICA, INC., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | )<br>) | |
| COMMERCIAL UNION INSURANCE<br>COMPANY N/K/A ONEBEACON AMERICA<br>INSURANCE COMPANY, | )<br>)<br>)<br>) | |
| Counter Claimant, | )<br>) | |
| v. | )<br>)<br>) | |
| ELI LILLY AND COMPANY,<br>ELI LILLY DO BRASIL LTDA, | )<br>)<br>) | |
| Counter Defendants. | ) | |

**ORDER ON PLAINTIFFS' RULE 72 OBJECTION**

This matter is before the Court on Plaintiffs Eli Lilly & Company and Eli Lilly do Brasil, Ltda.'s ("Lilly Brasil") (together, "Lilly") Rule 72 Objections to the Magistrate Judge's Order

Denying their Motion for Partial Relief from Stay to Conduct Pending Discovery Related to Reformation Claims (the "Objections") (Filing No. 1435). For the reasons stated below, the Court **overrules** Lilly's Objections.

## I. PROCEDURAL BACKGROUND

On October 7, 2013, Lilly initiated this action seeking a determination of rights arising from the insurance policies issued by the defendant insurance companies (Filing No. 16; Filing No. 16-1). Lilly requests insurance coverage for certain underlying actions involving liability for environmental and other matters brought against Lilly Brasil by the government and citizens of Brazil. *Id.* at 9. First level excess insurance policies (the "Arch Policies") were issued by Defendants Arch Insurance Company and Arch Specialty Insurance Company (together, "Arch"). Upper excess policies (the "Upper Excess Policies") were issued by Defendants Endurance American Specialty Insurance Company, Liberty Insurance Underwriters, Inc., RSUI Indemnity Company, Westchester Surplus Lines Insurance Company, and XL Insurance America, Inc. (collectively, the "Upper Excess Carriers").[1] Defendants have asserted numerous defenses, including late notice, known loss, and known claim. On February 21, 2014, the Court adopted the parties' proposed Case Management Plan establishing a phased approach for this case. Phase I involves the duty to defend, defense costs, and defenses, and Phase II involves the duty to indemnify and other remaining issues (Filing No. 214). The Court stayed Phase II pending resolution of the underlying actions in Brazil. *Id.* at 6.

On June 18, 2018, the Court ruled on cross-motions for summary judgment filed by Lilly and Arch and dismissed Lilly's reformation claims against Arch (Filing No. 1118). The only

---

[1] Another defendant insurer, Commercial Union Insurance Company (referred to as "Lamorak Insurance Company"), also sold policies to Lilly. Lilly's claims against Lamorak were dismissed in 2018 (Filing No. 1118), so the Court will not recite the history of Lamorak's involvement in this action.

remaining reformation claims are asserted against the Upper Excess Carriers, who do not have a duty to defend. Two days later, at the parties' request, the Court entered a stay of discovery (the "2018 discovery stay") partly because the parties anticipated the filing of more dispositive motions that might render all or some discovery unnecessary (Filing No. 1157). The 2018 discovery stay was lifted once to permit the deposition of an elderly witness but has otherwise remained in place.

In 2019 and 2020, Arch, the Upper Excess Carriers, and Lilly filed additional cross-motions for summary judgment (Filing No. 1228; Filing No. 1229; Filing No. 1331). On September 30, 2022, the Court denied the cross-motions (Filing No. 1410). A few days later, the Court directed the parties to confer and schedule a status conference with the Magistrate Judge "to discuss the appropriate next steps to move this litigation closer to resolution, to revise case management deadlines if appropriate, and to determine whether the Court should schedule a trial date for Phase I matters" (Filing No. 1405). The Magistrate Judge set a telephonic status conference for November 18, 2022 (Filing No. 1408).

Shortly before the status conference, Lilly filed a Tender of Proposed Amended Case Management Plan and a proposed Amended Case Management Plan ("proposed CMP") (Filing No. 1411; Filing No. 1411-1). Arch and the Upper Excess Carriers also filed statements describing how they believed the case should proceed (Filing No. 1412; Filing No. 1413). As the Magistrate Judge summarized, Lilly "want[ed] to continue using a phased approach, with the next step being extensive discovery and resolution of a number of discovery disputes, followed by a three-week trial in late 2023 or early 2024 solely on the issue of contract reformation" (Filing No. 1416 at 2), and Defendants "want[ed] to maintain the status, quo, which is to effectively keep this case on hold until the Brazil litigation concludes." *Id.*

In his Order dated November 22, 2022 (the "CMP Order"), the Magistrate Judge denied Lilly's proposed CMP (Filing No. 1416). The Magistrate Judge explained that although none of the parties' approaches was "ideal," a stay was the more appropriate approach for five reasons:

> First, the Court agrees with the Arch Defendants that '. . . until the underlying actions in Brazil conclude, plaintiffs cannot quantify their damages and it remains unknown whether there is even anything to indemnify.'
>
> Second, although Plaintiffs are pushing for a trial on reformation, Judge Miller already granted summary judgment as to the Arch Defendants as to Plaintiffs' reformation claims (Counts IV and V). As a result, any reformation trial would only be directed at the [Upper Excess Carriers] who potentially owe insurance coverage only after exhaustion of any primary coverage.
>
> Third, it is not apparent that resolution of the reformation claims against the Upper Excess Carriers would materially advance resolution of the coverage issues in this case. This is because, regardless of which side prevails on the reformation claims, further litigation will be required to determine whether the Upper Excess Carriers, or any Defendant, has any coverage obligations.
>
> Fourth, Plaintiffs' proposed Phase I trial would be daunting. Plaintiffs are requesting three weeks for the Phase I trial. In addition to this enormous outlay of time, the parties reported at the November 18 status conference that pushing this litigation forward will bring multiple motions to compel and require extensive expert discovery, in addition to numerous other depositions.
>
> Finally, proceeding with such a lengthy Phase I trial would be highly inefficient given that potentially duplicative discovery would be needed for Phase II, in addition to overlapping witnesses and factual determinations at trial. Indeed, Plaintiffs' proposed course of action would require piecemeal resolution of Plaintiffs' claims, involve significant time and expense, and would do nothing to expedite final resolution of this litigation.

*Id.* at 3. The Magistrate Judge also explained that "while Plaintiffs understandably object to the inherent prejudice associated with further delaying this action, such prejudice seemingly impacts both sides relatively equally." *Id.* Lilly did not file a Rule 72 objection to the CMP Order.

Over five months later, on May 9, 2023, Lilly filed its Motion for Partial Relief from Stay to Conduct Pending Discovery Related to Reformation Claims ("Motion for Relief") (Filing No. 1423). On May 17, 2023, the parties jointly moved for a briefing schedule on the Motion for Relief,

4

under which Defendants' oppositions would be due June 6, 2023, and Lilly's reply would be due June 27, 2023 (Filing No. 1427). The Court granted the parties' joint motion (Filing No. 1428).

On June 6, 2023 Defendants filed their oppositions (Filing No. 1429; Filing No. 1432). Later that day, the Magistrate Judge denied the Motion for Relief (the "June 2023 Order"), holding: "Motion denied for the reasons set forth in Defendants' objections. [Filing No. 1429, 1432.] The justifications set forth in the discovery stay order [Filing No. 1416] remain unchanged" (Filing No. 1433). On July 6, 2023, Lilly filed its Objections to the June 2023 Order (Filing No. 1435).

## II.     LEGAL STANDARD

A district court may refer for decision a non-dispositive pretrial motion to a magistrate judge under Federal Rule of Civil Procedure 72(a). Rule 72(a) provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

After reviewing objections to a magistrate judge's order, the district court will modify or set aside the order only if it is clearly erroneous or contrary to law. The clear error standard is highly differential, permitting reversal of the magistrate judge's ruling only when "the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). "To be clearly erroneous, a decision must strike [the court] as more than just maybe or probably wrong," and the court will not modify a magistrate judge's non-dispositive, pretrial decision "simply because [it has] doubts about its wisdom or think[s] [it] would have reached a different result." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988). "An order is contrary to law when it fails to apply

or misapplies relevant statutes, case law, or rules of procedure." *Coley v. Landrum*, No. 14-cv-00956, 2016 WL 427518, at *1 (S.D. Ind. Feb. 4, 2016) (citation and quotation marks omitted).

### III.   DISCUSSION

Lilly argues that the Magistrate Judge committed clear error because he denied the Motion for Relief before Lilly filed its reply brief and because he based the denial on several erroneous arguments raised in the Defendants' oppositions to the Motion for Relief (Filing No. 1435 at 3; Filing No. 1441 at 1–2).[2] The Court will first address Lilly's objection as to its reply brief and then address each of the allegedly erroneous arguments raised by Defendants.

#### A.   Denial of Motion for Relief Before Lilly Filed a Reply

Lilly contends that the Magistrate Judge erred by denying the Motion for Relief before Lilly filed its reply (Filing No. 1435 at 1–2; Filing No. 1441 at 1 § (i)). Lilly fails to cite any authority supporting the proposition that an order is clearly erroneous or contrary to law if decided before a reply brief is filed. Lilly likewise fails to identify any argument it could have raised in its reply that would render the June 2023 Order clearly erroneous or contrary to law. This objection is entirely undeveloped and therefore waived. *See M.G. Skinner & Assocs. Ins. Agency, Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority."); *Boomer v. AT&T Corp.*, 309 F.3d 404, 422 n.10 (7th Cir. 2002) (stating that where party fails to support position with any legal analysis or citation, the argument is waived); *United States v. Lanzotti*, 205 F.3d 951, 957 (7th Cir. 2000) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived."). Moreover, even with the benefit of arguments Lilly would

---

[2] Lilly's reply brief reorganizes its objections into five enumerated objections (Filing No. 1441 at 1–2). The Court's analysis follows the structure of Lilly's opening brief but still addresses each of the objections enumerated in the reply. The Court will cite each enumerated objection as it is discussed.

6

have raised on reply, this Court does not find that the June 2023 Order is clearly erroneous or contrary to law (Filing No. 1435 at 3 (identifying arguments Lilly "planned to explain in its reply")). The Magistrate Judge committed no error by ruling on the Motion to Dismiss before Lilly filed its reply.

**B.**     **Reliance on Defendants' Erroneous Arguments**

The first sentence of the June 2023 Order states the Motion for Relief was "denied for the reasons set forth in Defendants' objections," which Lilly takes to mean that the Magistrate Judge adopted each and every argument raised in the Defendants' oppositions to the Motion for Relief. Fortunately, this Court need not discuss whether each and every argument was erroneous, since Lilly's Objections identify only three as erroneous: (1) the Motion for Relief is an untimely Rule 72(a) objection to the CMP Order; (2) evidence of reformation of the Arch Policies is irrelevant; and (3) arguments that "misapprehend" the effect of the relief sought in the Motion for Relief (Filing No. 1435 at 8–13; Filing No. 1441 §§ (ii)–(v)).

**1.**     **Motion for Relief as an Untimely Rule 72 Objection to CMP Order**

Lilly contends the Magistrate Judge erroneously relied on Defendants' argument that the Motion for Relief should be denied as an untimely Rule 72 objection to the CMP Order (Filing No. 1435 at 4; Filing No. 1441 at 1 § (ii)–(iii)). In their oppositions, Defendants argued that the Motion for Relief sought the same relief as Lilly's proposed CMP, so the Motion for Relief was, in substance, a belated Rule 72 objection to the CMP Order (Filing No. 1429 at 2–3; Filing No. 1432 at 8–10). The Magistrate Judge did not err in relying on this argument.

Under Rule 72(a), any objections to a Magistrate Judge's order on a non-dispositive issue must be filed within fourteen days of that order. Fed. R. Civ. P 72(a). "This period cannot be extended by filing a new motion seeking the same relief denied by the magistrate judge in the original order and then objecting to the new order denying the relief." *Bailey v. Worthington*

7

*Cylinders Wis. LLC*, No. 16 C 07548, 2021 WL 3362419, at *6 (N.D. Ill. Aug. 3, 2021) (citing *Granite State Ins. Co. v. Pulliam Enters., Inc.*, No. 11-CV-432, 2015 WL 4946156, at *2 (N.D. Ind. Aug. 18, 2015)); *Summers v. Electro-Motive Deisel, Inc.*, No. 13 C 1312, 2014 WL 5100606, at *2 (N.D. Ill. Oct. 10, 2014) (finding magistrate judge did not commit clear error in denying motion for leave to re-depose witnesses, which the magistrate judge concluded was an untimely objection to an earlier order stating that no further discovery extensions would be granted).

Lilly argues that the proposed CMP and Motion for Relief are distinguishable in two ways: the Motion for Relief sought "different and more limited relief than was denied to Lilly in the CMP Order"; and the CMP Order itself, combined with the "continued passage of time," changed the "procedural posture" of this case and led to the need for a separate Motion for Relief (Filing No. 1435 at 4). For those reasons, Lilly contends, it was clear error to conclude that the Motion for Relief was an untimely objection to the CMP Order. The Court disagrees with Lilly.

The proposed CMP and the Motion for Relief both requested that the 2018 discovery stay be partially lifted as to the *exact* same discovery (Filing No. 1411-1 at 7–8 (proposing that the discovery stay be lifted as to certain pending depositions and discovery disputes); Filing No. 1424 at 4–5 (requesting that the 2018 discovery stay be lifted as to the exact same depositions and disputes)). Lilly's proposed CMP was only "broader" than the Motion for Relief in that the proposed CMP also sought trial dates and pre-trial deadlines. This distinction did not excuse Lilly from complying with Rule 72. Lilly cites no authority supporting the position that a party need not raise a Rule 72 objection to portions of a Magistrate Judge's order if that party does not object to the entire order. *See contra Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no [Rule 72(b)] objection *or only a partial objection* is made, the district court reviews those unobjected *portions* for clear error." (emphasis added)); *Integra Bank Corp. v. Fidelity & Deposit*

8

*Co. of Md.*, No. 11-cv-00019, 2014 WL 109105, at *1 (S.D. Ind. Jan. 10, 2014) (addressing Rule 72(a) partial objection). Interpreting Rule 72 in such a way would allow parties to reraise specific issues in a piecemeal fashion and undermine the "important interests of fairness, efficiency, and finality" served by Rule 72. *Collier v. Caraway*, No. 14-c-00365, 2017 WL 1077650, at *1 (S.D. Ind. Mar. 22, 2017). If Lilly disagreed with the Magistrate Judge's decision to deny the discovery provisions of the proposed CMP, then Lilly should have filed a Rule 72 objection to that decision within fourteen days of the CMP Order.

The Court also disagrees with Lilly that a separate Motion for Relief was appropriate due to changes in the case's "procedural posture" and the "continued passage of time." Lilly argues that the CMP Order's decision not to set a reformation trial "for the foreseeable future was itself a change in circumstances that further necessitated partially lifting the discovery stay" (Filing No. 1435 at 3, 7 (stating "the Court has not specifically considered the merits of lifting the discovery stay in the *current procedural posture* following" the CMP Order (emphasis added))). To the contrary, the explicit purpose and effect of the CMP Order was to "maintain[] the status quo" (Filing No. 1416). Stated differently, the CMP Order expressly *declined* to change the procedural posture of this case, despite Lilly's request to do so. Lilly's argument as to the "continued passage of time" similarly fails to distinguish the relief requested in the proposed CMP and Motion for Relief. The risk of prejudice inherent in the "continued passage of time" has undoubtedly affected the parties since the Court first entered the discovery stay in August 2018, and that risk of prejudice was certainly a valid (though unsuccessful) reason for Lilly to propose lifting the 2018 discovery stay in its proposed CMP. But Lilly fails to explain how the prejudice inherent in the passage of time changed between the November 2022 CMP Order and its May 2023 Motion for Relief.

9

After a careful review of Lilly's proposed CMP, the Defendants' statements regarding Phase I trial, the CMP Order, and the parties' briefing on the Motion for Relief, the Court finds no clear error in the conclusion that the Motion for Relief was an untimely objection to the CMP Order.

Lilly alternatively argues that even if the Motion for Relief was an untimely Rule 72 objection, the Magistrate Judge nevertheless had inherent discretion to consider it (Filing No. 1435 at 5). However, the Magistrate Judge did not commit clear error in denying the Motion for Relief simply because he *could have* considered it despite its untimeliness. "While the fourteen-day deadline to object is not jurisdictional, such that the court may at any time exercise its discretion to review an interlocutory order, 'the parties and the Court are not free to ignore' this deadline." *Collier*, 2017 WL 1077650, at *1 (internal citation omitted) (quoting *Granite State Ins. Co.*, 2015 WL 4946156, at *3). "This is because '[t]o hold otherwise . . . would allow [p]laintiffs to circumvent the time limitation included in Rule 72(a)' and undermine important interests of fairness, efficiency, and finality." *Id.* (alterations and omission in original) (quoting *Bro-Tech Corp. v. Thermax, Inc.*, No. 05-CV-2230, 2007 WL 2234521, at *3 (E.D. Pa. Aug. 2, 2007)). "Only where a party demonstrates *exceptionally good cause* should a court exercise its discretion to permit a belated challenge to a magistrate judge's rulings beyond the fourteen-day window provided in Rule 72(a)." *Id.* (emphasis added). Lilly does not contend that the Magistrate Judge committed clear error in exercising his discretion not to consider the Motion for Relief, and the Court concludes that such an exercise of discretion is not clearly erroneous or contrary to law.

### 2. Relevance of Evidence Regarding Reformation of Arch Policies

Lilly next argues that the June 2023 Order is clearly erroneous because it relied on "Arch's flawed argument that Judge Miller's 2018 summary judgment order somehow prevented further discovery on Arch's policies" (Filing No. 1435 at 8–9; Filing No. 1441 at 2 § (v)). The Court finds no clear error in the Magistrate Judge's reliance on Arch's argument. Because the 2018 summary

10

judgment order dismissed Lilly's reformation claims against Arch, reformation evidence is irrelevant to Lilly's remaining claims against Arch. Such evidence is potentially relevant to only Lilly's reformation claims against the Upper Excess Carriers, and neither Arch nor the Upper Excess Carriers ignored this potential relevance in their oppositions. Arch's opposition explained that even if a reformation trial were to proceed against the Upper Excess Carriers, the specific discovery sought by Lilly would be duplicative and unnecessary, and discovery should be stayed for that reason (Filing No. 1438 at 4). The Upper Excess Carriers' opposition argued that discovery relevant to the reformation claims against them, which may include evidence regarding the Arch Policies, should be stayed for the reasons explained in the CMP Order (Filing No. 1432 at 7 (citing Filing No. 1416 at 2–3)). Thus, neither the Defendants nor the Magistrate Judge erroneously failed to consider how evidence of reformation of the Arch Policies might be relevant to Lilly's reformation claims against the Upper Excess Carriers. The June 2023 Order appropriately relied on Defendants' persuasive arguments that discovery on reformation of the Arch Policies should be stayed not only because it is irrelevant to Lilly's remaining claims against Arch, but also for the reasons stated in the CMP Order.

**3. Effect of Relief Sought in Motion for Relief**

Lastly, Lilly argues that the June 2023 Order relied on certain erroneous arguments regarding the "effect of the relief sought" by the Motion for Relief (Filing No. 1435 at 9). Lilly identifies four purported misapprehensions.

First, Lilly argues that the Upper Excess Carriers "incorrectly argued that the Motion [for Relief] should be denied because the Motion 'does not point to any change in the status of the underlying claims' or 'cit[e] any specifics' to show Lilly will 'suffer prejudice' by maintaining the status quo" (Filing No. 1435 at 9 (quoting Filing No. 1432 at 10, 14)). Lilly contends that this argument is erroneous because "[a] party need not make, and the Court need not find, a specific

11

showing of prejudice to lift a stay," and courts have inherent authority to resolve discovery issues. *Id.* A contextualized discussion of the Upper Excess Carriers' arguments shows why the Magistrate Judge did not clearly err in relying on those arguments. In their opposition, the Upper Excess Carriers argued that the Motion for Relief should be denied for the reasons given in the CMP Order. The CMP Order explained, in part, that the claims against the Upper Excess Carriers might be mooted by the outcome of the underlying actions in Brazil, rendering discovery unnecessary (Filing No. 1432 at 10). The Upper Excess Carriers argued that Lilly did not "point to any change in the status of the underlying claims," so the CMP Order's mootness concerns continued to favor a stay. *Id.* The Upper Excess Carriers also argued that Lilly's Motion for Relief asserted conclusory prejudice arguments, which were already considered and rejected by the Court in the CMP Order. *Id.* at 14 ("Without citing any specifics, Plaintiffs argue that they will suffer prejudice . . . ."). In light of this additional context, it is clear that the Upper Excess Carriers did not argue that the Magistrate Judge lacked discretion to lift the 2018 discovery stay absent a specific showing of prejudice. Instead, the Upper Excess Carriers argued that discovery should remain stayed for the reasons stated in the CMP Order, and those reasons remain applicable despite Lilly's conclusory prejudice arguments. The June 2023 Order was not clearly erroneous or contrary to law in its reliance on these arguments.

Second, Lilly contends that Defendants erroneously argued that partially lifting the 2018 discovery stay "would result in 'lopsided' discovery privileges" (Filing No. 1435 at 9; Filing No. 1441 at 1 § (iv)). Lilly contends that this argument ignores the distinction between the scopes of Phase I and Phase II discovery, and the distinction between the reasons the Court originally stayed Phase I and Phase II (Filing No. 1435 at 10). In their oppositions to the Motion for Relief, the Defendants argued that a partial lift of the discovery stay would be fundamentally unfair because:

it would burden Defendants with discovery relevant to reformation claims against the Upper Excess Carriers, which might be mooted by the underlying actions in Brazil (Filing No. 1429 at 4–6; Filing No. 1432 at 12–13); and it would allow Lilly to avoid prejudice as to issues on which it bears the burden of proof (*i.e.*, reformation) but subject Defendants to that prejudice as to issues on which they bear the burden of proof (*i.e.*, coverage defenses) (Filing No. 1429 at 5–6; Filing No. 1432 at 3). These arguments are well-reasoned and not erroneous. The Court agrees with Defendants and the Magistrate Judge that based on the remaining claims against Defendants and the status of the underlying actions in Brazil, it is apparent that a partial lifting of the 2018 discovery stay would disproportionately prejudice Defendants, regardless of the original reasons for the Phase I and Phase II discovery stays. It was not clear error for the Magistrate Judge to rely on Defendants' arguments regarding "lopsided" burdens and prejudice.

  Third, Lilly contends that the Upper Excess Carriers erred in arguing that "Lilly is not entitled to the discovery requested because the reformation claims are not ripe" (Filing No. 1435 at 11). However, the Upper Excess Carriers' ripeness argument focused on coverage disputes, not reformation disputes. As explained in their opposition to the Motion for Relief, the Upper Excess Policies "require exhaustion of tens of millions of dollars of underlying insurance limits before they may ever even be triggered," and depending on the outcome of the underlying actions in Brazil, that insurance limit may never be reached (Filing No. 1432 at 2). So even if Lilly's reformation claims are ripe, its coverage claims may never ripen, meaning that its reformation claims would be moot. *Id.*; (Filing No. 1323 at 7 ("Plaintiffs' proposal would require . . . a three-week single-issue trial on claims that may very well be moot when the underlying actions against Lilly Brasil are resolved."); *id.* at 13 ("Resolution of the underlying actions therefore has the potential to moot all of the Plaintiffs' claims against the Upper Excess Carriers even if Lilly Brasil

13

is ultimately found liable."); *id.* at 16 ("[P]roceeding with discovery on Plaintiffs' reformation claims now would require the parties and the Court to expend significant resources on claims that may be moot when the underlying actions against Lilly Brasil are ultimately resolved.")). The Magistrate Judge's reliance on arguments as to ripeness of the coverage disputes and mootness of the reformation disputes was not clearly erroneous or contrary to law.

Fourth, Lilly contends that the Defendants' oppositions erroneously relied on the CMP Order because "the CMP Order declined to enter Lilly's proposed CMP largely for reasons related to the proposed reformation trial itself, not the pending discovery Lilly sought to complete" (Filing No. 1435 at 11). The CMP Order itself refutes this argument. The Magistrate Judge's decision was plainly based at least as much on discovery considerations as it was on trial considerations (Filing No. 1416 at 2 (noting the "extensive discovery and resolution of a number of discovery disputes" that would precede a Phase I trial); *id.* at 3 ("In addition to this enormous outlay of time [for trial], the parties reported at the November 18 status conference that pushing this litigation forward will bring multiple motions to compel and require extensive expert discovery, in addition to numerous other depositions."); *id.* (noting that a Phase I trial would be "highly inefficient" because of the amount of "duplicative discovery that would be needed for Phase II, in addition to overlapping witnesses and factual determinations at trial."). The CMP Order thoroughly discussed the extreme burden that discovery would place on Defendants and correctly noted that the discovery may be rendered unnecessary by the underlying actions in Brazil. The Court concludes that there was no error in the CMP Order's proportionality analysis, and it was not clearly erroneous for the Magistrate Judge to rely on that analysis.

After carefully reviewing the parties' arguments raised in the briefing on the Motion for Relief and the briefing on the Rule 72 Objections, as well as the Magistrate Judge's CMP Order

14

and June 2023 Order, the Court concludes that the June 2023 Order is correct and is not clearly erroneous or contrary to law. The Magistrate Judge appropriately relied on several logical and convincing arguments raised in Defendants' oppositions to the Motion for Relief, and he justifiably denied the Motion for Relief with brevity. The Court finds no basis to modify or set aside the Magistrate Judge's June 2023 Order.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs Eli Lilly & Company and Eli Lilly do Brasil, Ltda.'s Objections to the Magistrate Judge's Order Denying their Motion for Partial Relief from Stay to Conduct Pending Discovery Related to Reformation Claims ([Filing No. 1435](#)) is **OVERRULED**.

**SO ORDERED.**

Date: 3/25/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Thomas B. Bays
NORRIS CHOPLIN & SCHROEDER LLP
tbays@ncs-law.com

Eileen K. Bower
CLYDE & CO US LLP
Eileen.Bower@clydeco.us

Thomas A. Brusstar
HINKHOUSE WILLIAMS WALSH LLP
tbrusstar@hww-law.com

Dennis F. Cantrell
Stoll Keenon Ogden PLLC
dennis.cantrell@skofirm.com

Jeffrey D. Claflin
PLEWS SHADLEY RACHER & BRAUN LLP
cstrayer@psrb.com

Colin Edington Connor
PLEWS SHADLEY RACHER & BRAUN
cconnor@psrb.com

Meghan C. Dalton
Clyde & Co US LLP
meghan.dalton@clydeco.us

Andrew J. Detherage
BARNES & THORNBURG LLP (Indianapolis)
andy.detherage@btlaw.com

Wendy N. Enerson
COZEN O'CONNOR (Chicago)
wenerson@cozen.com

Jeffrey B. Fecht
RILEY BENNETT EGLOFF LLP
jfecht@rbelaw.com

John Paul Fischer, Jr.
BARNES & THORNBURG LLP (Indianapolis)
john.fischer@btlaw.com

Ana M. Francisco
FOLEY & LARDNER LLP
afrancisco@foley.com

Michael Robert Giordano
LEWIS WAGNER, LLP
mgiordano@lewiswagner.com

Gregory M. Gotwald
PLEWS SHADLEY RACHER & BRAUN
ggotwald@psrb.com

Megan B. Gramke
UB Greensfelder LLP
mgramke@ubglaw.com

Scott A. Harkness
NORRIS CHOPLIN & SCHROEDER LLP

Georgia Hatzis
ULMER & BERNE LLP
ghatzis@ulmer.com

Jennifer Snyder Heis
UB Greensfelder LLP
jheis@ubglaw.com

16

Katelyn H. Juerling
NORRIS CHOPLIN SCHROEDER
kjuerling@ncs-law.com

Joshua A. Klarfeld
ULMER & BERNE LLP
jklarfeld@ulmer.com

Michael S. Knippen
TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP
mknippen@traublieberman.com

Kyle Andrew Lansberry
LEWIS WAGNER, LLP
klansberry@lewiswagner.com

Ryan Taylor Leagre
PLEWS SHADLEY RACHER & BRAUN
rleagre@psrb.com

Michael P. McNamee
Meagher & Geer, P.L.L.P.
mmcnamee@meagher.com

Meaghan Minalt
NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP
mminalt@nicolaidesllp.com

Erik S. Mroz
DREWRY SIMMONS VORNEHM, LLP
emroz@dsvlaw.com

Katherine C. O'Malley
Cozen O'Connor

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com

Peter J. Preston
HINKHOUSE WILLIAMS WALSH LLP
ppreston@hww-law.com

Meghan Eileen Ruesch
LEWIS WAGNER, LLP
mruesch@lewiswagner.com

Gina M. Saelinger
ULMER & BERNE LLP
gsaelinger@ulmer.com

Frederic Xavier Shadley
ULMER & BERNE LLP
fshadley@ulmer.com

Charles E. Spevacek
Meagher & Geer, P.L.L.P.
cspevacek@meagher.com

Samuel R. Stalker
COZEN O'CONNOR (Chicago)
sstalker@cozen.com

Monica T. Sullivan
NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP
msullivan@nicolaidesllp.com

Jason M. Taylor
Traub Lieberman Straus & Shrewsberry LLP
jtaylor@traublieberman.com

David A. Temple
DREWRY SIMMONS VORNEHM, LLP (Carmel)
dtemple@DSVlaw.com

Joseph P. Thomas
ULMER & BERNE LLP
jthomas@ulmer.com

John Carl Trimble
LEWIS WAGNER LLP
jtrimble@lewiswagner.com

Bryan Vezey
COZEN O'CONNOR-Houston
bvezey@cozen.com

Mark F. Wolfe
TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP
mwolfe@traublieberman.com

Joseph Ziemianski
COZEN O'CONNOR (Houston)
jziemianski@cozen.com